Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com



FILED

SEP 28 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

## U.S. DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GARRISON JONES**<br><br>　　　　**Plaintiff,**<br><br>**V.**<br><br>**VELOCITY TECHNOLOGY SOLUTIONS /Navisite LLC et al**<br><br>　　　　**Defendants.** | **Case No** _<br>E 21 CV 1772 JAM JDP PS<br><br>**JURY TRIAL DEMANDED**<br><br>Action filed:<br><br>Date set for trial: NONE |

## Introduction

### I.   NATURE OF THE ACTION

This complaint is for the theft of personal identifying information of the plaintiff Garrison Jones that was used with the intent to impersonate the plaintiff Garrison Jones in contacting local, state and Federal agencies with the specific intent to make false statements , complaints as well as falsification of official records in these agencies on behalf of Velocity Technology Solutions that resulted in the falsification of official records and complaints with state and federal agencies , specifically the federal agency the USDOL to implicate the plaintiff Garrison Jones in addition to submitting known forged documents to also make them appear to be

- 1 -

authentic and that they were actually being made by the plaintiff Garrison Jones. All of the actions in direct violation of, local, local, state and federal criminal laws.

They are using federal government agencies as a depository of fraud even after these **agencies have made official declarations** that none of these complaints exist in these complaints exist in their records and files.

There exist multiple false fabricated manufactured official complaints that have been filed under his name have all been uncovered specifically by the plaintiff Garrison Jones that have been determined that he did not file these complaint with these agencies, yet the defendants and their attorneys continue to create more and at the same time present and file them with in proceedings knowing they are false and fabricated. The latest with the US District Court of Eastern California in case number 2:19-cv-02374.

Just like all the others it has been fraudulently created for the benefit of Velocity in an every growing conspiracy to escape financial damages of acts committed by Velocity yet it is now being committed upon a federal proceeding and fraud upon a federal court.

This false complaint is a complete forgery and has already been determined as a forgery by the USDOL.

Their trail of fraud and perjury has forever injured and damaged the plaintiff as he continues to prove them wrong and the evidence they are submitting also to be wrong, false and forgeries.

Despite the fact that all of the false complaints, allegations, claims made by the defendants that have been overturned, reversed, denied by appeal, dismissed by the courts it has not served as a deterrent for the defendants. As on September 9, 2021 they once again came forward with yet another forgery they claim is an official complaint made by the plaintiff against Velocity, claiming he sent this to the USDOL on May 22, 2018 in a desperate motivation to once again put multiple obstacles in front of the plaintiff once again.

This despite the fact that the USDOL has already made an official determination that their records do not contain a single complaint made by the plaintiff against Velocity Technology Solutions.

This is the third such false complaint they have presented in a federal proceeding that is completely false and a visible forgery.

All of these actions, every false complaint, false statement, false claim, allegations were part of an conspiracy to prevent, block, and prevent Velocity  a Velocity from suffering any or all of the financial monetary damages under normal circumstances they would be  legally would liable for sever damages .alleviate what they think will turn the corner of dismissal.

All the acts they committed were directed at the plaintiff and were willful, intentional, wanton, unlawful and illegal and directed specifically at the plaintiff for retaliation against him for his refusal to participate in their illegal criminal activates when he was employed at their organization.

They at all times were setting him up for failure and using him as the main scapegoat for their unethical business practices and illegal criminal violations of local state and federal law.
It was their intention if they were ever caught they would use him as the person who committed these acts and when he fused to participate, they have waged a vicious continuous vindictive campaign to hurt and injure him in any way they can and use anything they have available to them to ruin him and his family personally as well by in their minds protect themselves from civil financial monetary damages against the most sever acts they have committed.

However, in the process, they have committed multiple documented serious felony criminal violations of local, state and federal criminal offenses.
acts they had committed against the plaintiff.

- 3 -

In addition, the conspiracy was a scheme that in the event of any future litigation, they would have built a wall of events, false complaints and forged documents with both state and federal agencies that they would also use as part of their defense as they would have the personal identifying information of the plaintiff attached to them to again make them appear he in fact made the contact with these state and federal agencies.

Velocity has been **financing,** providing their attorneys with specific information of their violations that have been used and contained in the false documents and complaints that have been fabricated.
In addition, they have used this information in every criminal violation that has been committed.

AS well they have been participating in this vast conspiracy to use the USDOL and their resources as a conduit of fraud and by using the personal identifying information of the plaintiff Garrison Jones by framing him as the person contacting these **agencies, making these false statements and filing these false fabricated complaints, letters, that as a byproduct created official records in the files of these agencies.**

Many of the claims in this complaint are under the Title 18 of the United States Code is the main criminal code of the federal government of the United States as they were committed by Velocity and their counsel from Ogltree Deakins where the plaintiff was the intended victim of the conspiracy by Velocity who violated all of the criminal violations claimed in this complaint and many of which were federal criminal violations of federal law.

There is no question or doubt that Velocity is the perpetrator of all these claims, they have financed all of them in a complicity conspiracy with their attorneys from Ogltree Deakins. Their guilt is without question.
The civil justice system does not attempt to determine the innocence or guilt of an offender. Rather, it attempts to determine whether an offender or a third party is liable for the injuries sustain and Velocity / Navisite is liable for all of the injuries sustained to the plaintiff Garrison Jones and his family.

They to this day have acted with reckless abandonment and at no time did the care of any of the ramifications or consequences of their acts.  They simple wanted to injure the plaintiff any way they could and using anything that was available to them including the services of attorneys and the resources of any state or federal government agency.

The civil justice system can provide victims with the monetary resources necessary to rebuild their lives, and can hold defendants who are found liable directly accountable to the victim.

The plaintiff Garrison Jones is a crime victims and as such he has the right to file a civil lawsuit seeking financial compensation from the perpetrator (Velocity) or from others whose illegal, criminal conduct gave rise to conditions that allowed the crime to occur.


Velocity /Navisite has over the years have not been fully held accountable for their acts and as such they continue to commit them because no court has taken or punished them with the severity, extent or the maximum penalties under the law they should be punished either in a civil or criminal jurisdiction.

They have the impression/delusion that they are untouchable and they are not.

They have never made any statement on record in any proceeding to deny they are the ones who committed these criminal offenses because they cannot.
It is not coincidences that false complaints, statements, forged documents appear at federal government agencies/jurisdictions on the same subject matter that they have willfully violated against the plaintiff and it is no coincidence that his name somehow has appeared in official records attached to them.

At no time in any of the false complaints they initiated and filed with these agencies were any of these false complaints made by the plaintiff Garrison Jones.
He has not filed a single complaint with any local, state or federal agency except the current litigation in the US District Court of Eastern California case number 2:19-cv-02374 filed on November 25, 2019.

He filed this complaint after he had been repeatedly harassed by Velocity over a ten (10) month period and after he uncovered more than 5 false claims, allegations, complaints Velocity had filed behind his back from May 2018 until September 2018.

Upon learning of these false claims, allegations and complaints he immediately filed appeals for all of them.
All of them were false and intended to injure the plaintiff.

Subsequently all of them were overturned, reversed, changed, denied and dismissed.
They put forth a monumental effort to put as many false claims, allegations and complaints in his path as obstacles but failed.

Beginning in the parallel litigation, he also began to uncover multiple complaints filed against him on the federal level, beginning with the most alarming false fabricated complaints uncovered under his name with the USDOL, with the first uncovered on September 30, 2020 in Complaint number

The **PURPOSE** is to hold the defendant accountable to the state. Goal is to hold the defendant accountable to the victim.
State prosecutes and controls the case. Victim initiates and controls the case.
Victim is a witness and does not have the right to direct the prosecution of the case or to veto the prosecutor's decisions.  Victim is a party and is entitled to all important information relating to the case, and can make decisions about the direction of the case such as settlement of the claim.
 State must prove that the perpetrator is guilty "beyond a reasonable doubt." Victim must prove that it is more likely than not that the perpetrator is liable.
Perpetrator is presumed innocent until proven guilty. Victim and perpetrator appear as equals.
If perpetrator is found guilty he/she is subject to punishment such as probation or jail, and is held accountable to the state. The victim will not obtain money unless the court orders the defendant to pay restitution for the victim's out-of-pocket expenses.
The court cannot order restitution for non-economic damages. If the perpetrator is found liable he/she owes an obligation to the victim, such as money to compensate for medical and therapy expenses, psychological damage, damage to family

relationships, and lost wages. The court can order the perpetrator to pay for non-economic damages, such as pain and suffering and punitive damages.

If the perpetrator is found not guilty, the state cannot initiate a second prosecution. The victim can sue the perpetrator in civil court regardless of whether the perpetrator has been found guilty in a criminal prosecution.

## II.   THE PARTIES

1.   Plaintiff **Garrison Jones is a black American citizen**.

2.

3.   At all times relevant herein, Defendant  Velocity Technology Solutions/Navisite (Velocity) is a criminal organization disguised as a technology

## III.   JURISDICTION AND VENUE

4.   This Court has jurisdiction of Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law and the violation of state and federal law.

5.   This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the Plaintiffs' state law claims share all common operative facts with their federal law claims, and the parties are identical.

6.    Resolving Plaintiffs' federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

7.    Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District.

- 7 -

## IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

**V.**   There are no Administrative Remedies for any of the claims in the complaint as many of them are local, state and or federal are criminal violations of the law.

Title 18 of the United States Code is the main criminal code of the federal government of the United States.

However, the plaintiff filed appeals to the false fabricated complaints filed with the USDOL after he received an FOIA response on September 30, 2020 when he uncovered a false fabricated complaint with their federal agency under his name that he did not make n July 19, 2018.

He reviewed the found that on that date July 19, 2018 he did not make such a complaint and that this has been a documented pattern of Velocity where they have used personal identifying information from his employee files at Velocity in making false claims, allegations and complaints in his name with local, state and federal agencies before in the past.

He contacted his old cell phone carrier and former bank to obtain statements and bill from this time period to illustrate that at the time this false complaint was made none of the information contained in it was correct.

He then forwarded them with several emails to appeal this false complaint under his name.

XXXXXXXXXX

and the response from the USDOL was an FOIA response.

**VI.**   The plaintiff forwarded to them an official appeal and supporting documentation that illustrated that at the time of the false complaint made on July 19, 2018 that he uncovered on September 30, 2020 where he submitted his cell phone bill from July – August 2018 illustrating that the cell number on the false complaint was disconnected in June 2018 and the number was deactivated and changed.

- 8 -

**VII.**   In addition, he submitted a statement from his former back from the same period of July – August 2018 illustrating that the address in the false complaint was not his address on July 19, 2018.

**VIII.**   To supplement this he also illustrated to the USDOL that the false complaint **was made by a female**.  There is a total of **17 references to the phrase "her" and "she" in the complaint** made by the intake person taking the complaint proving they were talking to a female.

**IX.**   **Copy of this false complaint number 3850645** dated July 19, 2018 is included with this complaint as Exhibit XXXXX

8.     In In addition in later FOIA request and responses he also learned that the defendants and their attorneys received copies of this false fabricated complaint before August 2018.

9.     Plaintiffs have timely filed this action and have complied with all administrative prerequisites to bring this lawsuit.

## X.   FACTUAL ALLEGATIONS

10.     At all times material to this action,  The plaintiff Garrison Jones has been the direct intended victim of an illegal complicit schemer/conspiracy by Velocity and their attorneys from the law firm of Ogltree Deakins  where they stole his personal identifying information for the purpose from his Velocity employee file and combine it from the files in a prior federal litigation and began using it with the intent to impersonate him to make contact with multiple local, state and federal agencies of the US Federal government , then making known false statements with the intent to generate entry of the  falsification of official records to make it appear they are authentic complaints and was the person that  filing these false complaints against Velocity Technology Solutions.

11.     It has been proven at no time until November 25, 2019 has the plaintiff filed any complaints with any local, state and or federal agency against Velocity

technology Solutions.

12. Any of the complaints other than the current one in the US District court of Eastern California were all false fabricated complaints filed by the defendants Velocity and not the plaintiff.

13. However, they have continued to make false claims and allegations that he has done so by presenting and producing more documents they claim he made and sent to local, state and federal agencies that are all false, fabricated forgeries.

14. The latest appearing on September 9, 2021 in Document 94 filed by Ogltree Deakin attorney decristoforo.

15. Somehow they have obtained his signature from either the employee file from Velocity  or from documents  in the files of prior litigation and used /merged it into a document they are now presenting claiming and making it appear authentic.

16.

# XI.   CLAIMS FOR RELIEF

**XII.   Violation of California Penal Code 368 Identity theft of disabled person**

**XIII.   Violation of California Penal Code 368 section 530**

**XIV.   Making a False Statement to a Federal Agency Violation of USC 18 U.S.C 1001**

**XV.   Making a False Statement to a Federal Agent Violation of USC 18 USC**

# FIRST CLAIM FOR RELIEF

## Conspiracy to Defraud the Unites States USC 18 Section 371

Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein

The general conspiracy statute, 18 U.S.C. § 371, creates an offense "[i]**f two or more persons conspire either to commit any offense against the United States,** or to defraud the United States, or any agency thereof in any manner or for any purpose

17.    As a direct, legal and proximate result of the conspiracy by the defendants the Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial from this conspiracy. His name is forever linked and associated with false fabricated complaints/records in US federal government agencies, including law enforcement by the defendants' acts of fraud.

18.    Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on national origin.

19.    Plaintiffs are entitled to their reasonable attorneys' fees and costs of suit.

## SECOND CLAIM FOR RELIEF

**Aggravated Identity Theft with the Intent to impersonate**
Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein
Aggravated identity theft per the statue involves **stealing another person's identity and then committing a crime**. ... That statute prohibits the use of another person's identifying information in connection with any federal crime, or any state or local felony.
The theft of the identity as described in this complaint was used as the main component and was in connection to multiple federal criminal acts by both Velocity and Ogltree Deakins attorneys.  This however, may not all the acts of this the first such act of Aggravated Identity theft by Velocity and Ogltree Deakins.

 The plaintiff has only uncovered these events in the complaint as of the date of this complaint.

It is their documented pattern to commit multiple and it is suspected that more may exist.

 Violation of USC 18 1028A - Aggravated identity theft with the intent to impersonate the plaintiff Garrison Jones in making false statement to AZDES on May 7, 2018 and also in Making false statements and the filing of false complaints on July 19, 2018 with the federal government agency the USDOL are both documented events.

20.    Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 104, above.

21.    As a direct result of this illegal criminal act result of these documented events of impersonation of the plaintiff the Plaintiff Garrison Jones has been forced to defend these events to prove he did not contact these agencies not did he make any statements to the agencies nor did he file any complaints or reports on the dates in question. H has and will continue to sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

22.    Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' rights of the plaintiff and did so with reckless disregard of the ramifications and consequences of their acts.

23.    Plaintiffs are entitled to damages for these acts to be determined at trial.

# THIRD CLAIM FOR RELIEF

### Violation of Identity Theft and Assumption Deterrence Act of 1998

Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein

**(7)** Anyone who knowingly uses, without lawful authority, a means of identification of another person as done by the defendants as part of their conspiracy the intent to commit, or to aid or abet, any unlawful activity that constitutes a violation of Federal law or that constitutes a felony under any applicable State or local law.

This violation of the Identity Theft and Assumption Deterrence Act occur on occasions from May 2018 until the current date and were all done intentionally to frame the plaintiff for contacts with multiple state and federal agencies.

The plaintiff has already established that he is the intended person whose identity was stolen and is the true victim and target of this criminal act.

# FOURTH CLAIM FOR RELIEF

### Violation of California Penal Code 368 Identity theft of disabled person

Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein

24.     California has some of the toughest laws in the country when it comes to financial abuse against the elderly. Under California Penal Code Section 368(d) and (e), <u>elder abuse</u> includes theft, embezzlement, or other financial fraud or identity theft committed against any person age 65 or older (or anyone aged 18 to 64 who is defined as a **disabled**).

25.     The plaintiff Garrison Jones suffered a near death medical event (Stroke)

in November 2017 and was declared permanently disable on November 18, 2017.

26.   All of the violations in regards to the theft and use of his stolen personal identification occurred and were committed by the defendants after November 17, 2017 and thus they have violated California penal code multiple times as part of their conspiracy and did so knowing the plaintiff was permanently disabled, in violation of California penal code 368.  Again he began to uncover these violations in July 2019 more than a year after many were already committed.

27.   The defendants have a documented pattern of committing criminal acts behind the plaintiffs back and preferring that law enforcement or other agencies make negative determinations, adjudications and complaints against him without his knowledge.

28.   This includes making false complaints against them to induce these agencies to contact and weaponize law enforcement to falsely accuse, charge and prosecute him for crimes/felony crimes he did not commit based solely on the false statements of the defendants.

29.   The defendants knew that he was disabled however, that did not prevent or deter them from commuting these felony violations of the law against him.

30.   Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs above.

31.   Plaintiffs are entitled to their reasonable legal fees and costs of suit.

## FIFTH CLAIM FOR RELIEF

**Making a False Statement to a Federal Agency Violation of USC 18 U.S.C 1001**
Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein

32.   Plaintiffs incorporate by reference as if fully set forth herein the

- 14 -

allegation

33.   Federal law makes it unlawful to make any statement that is the subject of an 18 U.S.C. § 1001 violation usually concerns past or present facts, it need not do so. A present statement as to future intent, e.g., to do that which is not actually intended may be a false statement of an existing fact and or complaint.
Under Section 1001 "a promise may amount to a false, fictitious or fraudulent statement if it is made without any present intention of performance and under circumstances such that it plainly, albeit implicitly, represents the present existence of an intent to perform.  The defendants made false statements to the USDOL even before any litigation was filed as they knew Velocity had committed actions that they were liable for and that federal litigation was imminent in the event the plaintiff or anyone else found out their acts.  So they false statements were made as a pre emtive act to plant these statements in the files/records of the USDOL in violation of USC 18 1001.

34.

35.   California Penal Code Section 530 occurs when a person unlawfully and intentionally acquires and retains possession of personal identifying information of another person. In other words, identity theft occurs when a person uses your personal identifying information without permission to commit fraud or other theft related crimes. Identity theft crimes can include obtaining a consumers:

.

36.   The Defendants simultaneously committed the violation of California Penal Code 530 where they acquired the plaintiff's personal identifying information without his permission or knowledge and used it to commit fraud and other related crimes in direct violation of this criminal statue.

37.   As a direct, legal and proximate result of the discrimination, Plaintiffs

have sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiffs have suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for equal pay violations at trial, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §216(b).

## SIXTH CLAIM FOR RELIEF

### Making a False Statement to a Federal Agent in Violation of USC 18 U.S.C 1001

Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein

USC 18 1001 prohibits knowingly and willfully any false statement, concealment or cover up be **"knowingly and willfully" done**, which means that "The statement must have been made with an intent to deceive as intended by the defendant Velocity/Navisite, and design to induce belief in the falsity or to mislead, with the specific intent to defraud -- that is, the intent to deprive someone of something by means of deceit.

The evidence submitted by the plaintiff proves they did this knowing that a false statement was made **"knowingly and willfully"** by offering statement that defendants acted deliberately and with knowledge that the representation was false. It was always in their  plan of elaborate lies and half-truths that defendants deliberately conveyed information they knew to be false to the government agent and agency on July 19, 2018 with the intended goal that the agent would create an official record in the files of the USDOL that was accomplished and executed as part

- 16 -

of the conspiracy to defraud the government with the use of personal identifying information of the plaintiff as the person submitting this false statement and information that he did not perform or commit. They wanted to implicate him directly.

As used in the statute, the term "knowingly" requires only that the defendant acted with knowledge of the falsity. *See United States v. Lange*, 528 F.2d 1280, 1287-89 (5th Cir. 1976). As in other situations, to commit an act "knowingly" is to do so with knowledge or awareness of the facts or situation, and not because of mistake, accident or some other innocent reason. *See Fifth Circuit Pattern Jury Instructions*, § 1.35 (1990). Knowledge of the criminal statute governing the conduct is not required however the defendants knew their acts were all felony criminal violations of federal law at the time they executed all of these acts and they knew they were being committed against a federal agency of the United States and still they went forward.

38.     As a direct, legal and proximate result of the discrimination, Plaintiffs have sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions.

39.     The plaintiff has as a result of their actions has his name permanently and forever associated with records in the federal government records of complaints he never made for anyone to see and make negative determinations and it was all fraudulently made and concealed from him intentionally by Velocity/Navisite and their attorneys from Ogltree Deakins.

40.     Had he not discovered this in September of 2020 he would have been completely unaware why individuals would make negative determinations against him as they would have obtained this negative information prior to any determinations.

41.     Plaintiffs have suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive

damages and all other injunctive, declaratory, and monetary relief available for these acts at trial.

42.     Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from false allegations, claims and complaints filed in the files of the federal government.

43.     Plaintiffs are entitled to reasonable legal fees and costs of suit.

# **SEVENTH CLAIM FOR RELIEF**

## I.   **Violation of USC 18 Section 371 Fraud and Impairment of Legitimate Government Activity**

**II.** Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein

44.     The conduct was so severe person in Plaintiffs' positions and law enforcement would find as they should these acts by the defendants as criminal and abusive to the function and operations of the United States government.

45.     The general purpose of this part of the statute is to protect governmental functions from frustration and distortion through deceptive practices. Section 371 reaches "any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of Government." *Tanner v. United States*, 483 U.S. 107, 128 (1987); *see Dennis v. United States*, 384 U.S. 855 (1966). The "defraud part of section 371 criminalizes any willful impairment of a legitimate function of government, whether or not the improper acts or objective are criminal

under another statute.

46.    As a direct, legal and proximate result of the intentional violation of Federal law, the Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff have suffered emotional distress upon its discovery resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for these actions at trial.

47.    Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' rights to be free of tis malicious type of conduct designed only to free Velocity from intentional acts they committed against the plaintiff and avoid the severe penalties and financial ramifications and consequences of their actions, in addition not to accept the responsibility of their actions by covering them up and implicating the plaintiff falsely in making all of these claims.

## EIGHTH CLAIM FOR RELIEF

### Violation of USC 18 Section 371 Impairment of the function of a federal government agency

Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein

48.    Federal law makes it unlawful for anyone to impair, obstruct any functions of any department of the United States Federal government by conspiracy or scheme.

49.    Defendants did so unlawfully by fabricating evidence and planting false

complaints and records in the files of the USDOL.

50.   As a direct, legal and proximate result of their illegal, unlawful criminal acts and the conspiracy to frame and implicate the plaintiff in the conspiracy without his knowledge was the main determining factor and/or a motivating factor in Defendants' actions.  He had no knowledge that any or all of this had transpired until over a year later when he began to uncover and discover the many unlawful, illegal and criminal acts of impersonation the defendants had committed to implicate him as the person doing all of these illegal actions.  Beginning with the discovery of the false complaint filed in the records of the USDOL on July 19, 2019 he uncovered via a FOIA request and response received on September 30, 2020.

51.   The plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiffs have suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

52.   Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from all of these criminal acts committed against him.

53.   Plaintiffs are entitled to reasonable legal fees and costs of suit.

# NINTH CLAIM FOR RELIEF

## Violation of USC 18 Section 371 Entry and Falsification of official government records

Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein

As a direct, legal and proximate result of the discrimination, Plaintiffs have sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks punitive damages and all other injunctive, declaratory, and monetary relief available for these   violations at trial, including liquidated damages, prejudgment interest, legal' fees and costs, and other compensation.

Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein

54.    On July 19, 2018 the defendants via false statements made to a federal employee of the USDOL caused and created a known official false record to be created under the Name of Garrison Jones in a complaint they claimed he made against Velocity /Navisite that was completely false and fabricated.

55.    On the date this false complaint was made the cell phone number they used had been disconnected, the number had been changed in June 2018 a month before this false complaint was made.  They were unaware of this changed and used

what they thought was his cell number of 17 years contained in his employee file at Velocity.

56.    This is in direct Violation of USC18 section 371 and USC 18 1001 a federal criminal statue and was willfully committed.  **EXHIBT A**

57.    The plaintiff respectfully submits all the appeal documents used and sent to the USDOL after he uncovered this false complaint on September 30, 2020.

58.

## TENTH CLAIM FOR RELIEF

### Fraudulent Concealment

Although 18 U.S.C. § 1001 is often referred to as a false statement statute, its scope extends beyond statements. The statute proscribes the acts of making false statements, falsifying, concealing or covering up. The statute also covers half-truths if there is a duty to speak the truth at a time when it is an obligation to do so.
The defendants and their attorneys from Ogltree Deakins both knew of the multiple false claims, allegations and complaints they had made against the plaintiff behind his back and failed to disclose them to the plaintiff.

Their preference has always been "**let the nigger find out on his own**".
This includes false claims and complaints mad by the defendants that were felony charges if their intended plan had been weaponized by the agency they made the false allegation to the AZDES.

Even though the plaintiff uncovered these false complaints before they escalated it was the intent of the defendants to induce these agencies to contact law enforcement with the false allegations they made against the plaintiff to get him arrested on false charges knowing that once he entered the criminal court system that it would cut him off from all evidence that would vindicate him of these false charges.

This and a total of 6 other fraudulent allegations, claims and complaints were filed by the defendants against the plaintiff where after they were uncovered, the plaintiff followed all the right protocols and procedure to get all of them overturned, dismissed, reversed and dismissed against him in his favor.

The defendants and their attorneys knew of each of the appeals, the date/time of each appeal hearing and intentionally failed to appear at any of the hearings.

Concealment and cover-up are essentially identical concepts and often result from falsification. These acts need not have any relation to a statement or representation. A concealment may involve a failure to disclose or partial disclosures of information required on an application form; however, when using such a theory, the government must prove that the defendant had a duty to disclose the facts in question at the time of the alleged concealment of them. United States v. Irwin, 654 F.2d 671, 678-79 (10th Cir. 1981), cert. denied, 455 U.S. 1016 (1982). Concealment may also involve a merely physical act of concealment such as transferring inspection stamps, changing numbers on bottles to conceal rejection, conceal use of certain drugs, or using false stamps to conceal ownership of tobacco. Some courts have required that the government be prepared to prove that the "**concealment by trick**" consisted of affirmative acts. That were committed by the defendants.

They had no intention whatsoever of alerting or disclosing to the plaintiff all the criminal acts they had committed at any time.

Under contract law, a plaintiff can recover from a defendant on the grounds of fraudulent concealment where the defendant (1) concealed or suppressed a material fact; (2) had knowledge of this material fact; (3) that this material fact was not within reasonably diligent attention, observation.

## **DECLARATORY RELIEF ALLEGATIONS**

59.    A present and actual controversy exists between the Plaintiff and

Defendants concerning violation not only of his rights as a citizen of the United States and have committed several severe federal criminal violations of the law as part of their conspiracy an used the personal identifying information of the plaintiff as the catapult to each and every false statement, allegation, claim and false report and claim falsely naming him as the person committing these illegal criminal acts.

60.  It still continues to grow.

61.  This is the seventh litigation between the parties and there are still many claims, allegations and complaints that have not been uncovered or discovered that were committed by the defendants.

62.  The most recent occurred on September 9, 2021.

63.  After 4 years of failing to attend any of the previous hearing, appeal hearings or any other judicial hearing nor at any time have never presented a single piece of evidence, he has somehow on two occasions come up with more false fabricated evidence/exhibits and forged documents that he has formally presented to the court.

64.  It is the same anticipation that they will submit the same to this court as a means of dismissal claiming both Velocity / Navisite are immune and not liable for any of these criminal acts.

65.  They are completely wrong.

66.  No document can release federal criminal violations of the law against the US Federal Government.

67.  These are criminal offences that were committed by the defendants.  They have not made any statement of denial as they are not able to and this court should put all their pleadings that includes this document on deaf ears as it should be.

68.  They committed these criminal acts and Velocity financed them.

69.  Ogltree Deakins attorneys have lost every single engagement they have represented Velocity / Navisite in, yet they still are committing criminal violations

- 24 -

that could only have been committed by Velocity /Navsite and Ogltree Deakins who is getting paid to participate in their illegal criminal conspiracy to commit criminal fraud against the US federal government on behalf of Velocity /Navisite in violation of multiple federal criminal laws of this county.

## **INJUNCTIVE RELIEF ALLEGATIONS**

70.    There is no plain. Equate, or complete remedy at law is available to Plaintiff to **redress or reverse** the multiple /many wrongs of all the criminal violations committed by the defendants.  The name of the plaintiff Garrison Jones has been forever planted in the files of local, state and federal agencies, files and databases for all the world to see. They all are negative false, fabricated claims, allegations and complaints filed by Velocity in their quest and conspiracy to cover their tracks of unethical, illegal, unlawful criminal crimes they have committed. There is no way in those files that it will contain any and all the effort the plaintiff has went thru to clear his name where he has painstakingly contacted each of the agencies, filed the appropriate appeal or denial with the end result that all of their false claims, allegations, complaints were all revered, overturned, denied, dismissed and or changed in his favor.

71.    The plaintiff has methodically uncovered and reversed, denied, appealed obtain dismissals of all of these acts and again they continue to make and create more.

72.    None of them.  They will only see the name of the plaintiff Garrison Jones as the person submitting the false claim with all the personal identifying information intentional left there by Velocity to frame him as the person who made these false statements, claims and complaints against Velocity.

73.    None of this can be changed and he is forever going to suffer

ramifications and consequences and it will make it appear he did something wrong against and employer who had the only intention to continue their unethical criminal business model and thought that all black people were stupid enough to participate and not ask any questions and do as they were told until the plaintiff refused to do so.

74.    herein.

75.    If this Court does not grant the injunctive relief sought herein, Plaintiffs will be irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

Plaintiff is therefore entitled to all legal and equitable remedies, including aggravate doubled compensatory awards for all willful violations

1.    For a declaration that Defendants' cease all efforts in locating the physical residence of the Plaintiff Garrison Jones and his family.

2.    Cease all efforts in contacting his emergency contacts from his former employee file at Velocity as they are using this information to locate him by making false emergency calls to individuals in an effort to deceive them into providing his location and or contact numbers.

3.    Asking this court for an **immediate order of protection for the plaintiff and his family under federal jurisdiction.**

4.    The court to issue an order for the defendants to cease any use of cyber stalking the plaintiff with the use of the internet, social media, web job sites or any other means of media or the internet to locate the plaintiff and or his family.

5.    **The defendants have used both LinkedIn and Indeed.com** to locate if, who and where he may be working to locate him.

6.    **There is a known fact that LinkedIn and Indeed.com have serious staking issues with their platforms.**

7.    There have been several documented murders where the person used these platforms to locate the work locating and city the victim lived or worked at and went to these location and murdered the victim, using the information on their resume and finding the new work location or city they were living.  They then followed the victim to their home and committed the murder.

8.    I did this over 3 years ago because I knew they were stalking me and I was right.  I even spelled my name wrong and they still were the only firm in over 5 years whoever look at the profile on LinkedIn.  After I documented it with LinkedIn security, I deleted the profile.

9.

10.    There is documented evidence that they have used these sites and contacted the fictitious organization he pick out of thin are to throw them off his trail.  They have been stalking him for the purpose to murder him and his family.  They even had an attorney contact him to take an expense paid trip to Seattle to testify against Velocity but there was never a real litigation or case and he refused to provide one.  It was a complete setup to find out where he was at assuming he was so stupid and eager to testify against Velocity that he would jump on a plane and be murdered.

11.    An order of protection is appropriate. Where any document acts by the defendants violates this order.


12.    For  all lost  other compensation denied or lost to Plaintiffs by reason of Defendants' unlawful actions, in an amount to be proven at trial;

13.    For compensatory damages for Plaintiffs' emotional pain and suffering, in an amount to be proven at trial;

14.    For  Aggravated punitive damages in an amount to be determined at trial;

15.    For liquidated damages;

- 27 -

16.    For extensive damages, including pre- and post-judgment interest and an upward adjustment for inflation.

17.    For an order sealing all of the false fabricated records under the name of Garrison Jones planted in the files of all files of all government agencies related to Velocity and Ogltree Deakins as well as Navisite.

18.    For an order enjoining Defendants from engaging in the unlawful acts complained of herein;

19.    For reasonable legal  fees and costs of suit pursuant to applicable laws;

20.    For such other and further relief as this Court deems just and proper.

As a result of their unlawful, unfair, and/or fraudulent acts the plaintiff has been permanently damaged by the heinous acts of the defendants.

Award and hold the defendants liable and accountable for not only violation of multiple federal criminal laws of this United States but also refer their criminal actions to local, state and federal law enforcement for prosecution for all the willful criminal acts they have committed against the plaintiff and the involvement of the federal government in their conspiracy and illegal scheme.

In addition award the plaintiff all damages by law he is entitled to in an amount less than $100,000,000.

H. Award nominal, liquidated, and compensatory damages to the Plaintiff in an amount not less than $100,000,000.

I    Award punitive damages to Plaintiff, in an amount not less than $100,000,000.

J. Award all penalties available under local, state and federal law as the plaintiff is categorized as a crime victim under local, state and federal  applicable laws and as such he is entitled to seek civil damages against all who have committed criminal offense against him by law.

- 28 -

Dated:  September 27, 2021

**Plaintiff Garrison Jones** (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

# EXHIBITS CONTENT

1. **USDOL – 1 Letter from USDOL dated October 30, 2020**
   After plaintiff disputed and appealed all complaints he uncovered
   filed on July 19, 2018 and May 22, 2018, USDOL investigation
   confirmed that their records/files did not contain a single complaint
   filed by the plaintiff against Velocity Technology Solutions. All
   the complaints in their files were made as a part of the conspiracy
   to commit fraud against the US government and specifically the
   USDOL.

2. **USDOL – 2 False fabricated complaint July 19, 2018**. filed
   under my name as the person submitting false complaint on July
   19, 2018 by Velocity and Ogltree Deakins.

3. **Page 3 notates a withdrawal letter from an attorney**.  I did not
   have an attorney.  The attorney was Jennifer Colvin Ogltree
   Deakins attorney.

4. 

5. **A-1** – Illegal contract with manufactured complaints by defendants
   – USDOL

6. **A** – Fabricated Withdrawal Letter created by Velocity General
   Counsel Chris Heller sent to USDOL on August 24, 2018 by
   Ogltree Deakins attorney Jennifer Colvin

7. **T-1 TMOBILE BILL July – August 2018**
   T-Mobile cell phone bill showing that the number in the false
   complaint filed on July 19, 2018 had my old cell number contained
   in my employee file at Velocity.  It was changed in June 2018
   because Velocity was harassing me at all times of the day with
   blocked numbers, restricted calls at night.  The last straw was they
   entered my cell number into a fax machine that called my number
   every 15 min for over 5 hours.  The next day I had the number

disconnected and was assigned a new number.  They were unaware of the change but knew I had that number for over 17 years and thought I would never change it.

8. **B- 1 Bank statement  July – August 2018**
   Bank statement sent to USDOL showing at the time false complaint filed I lived in a different state

9. **94-**1 Document 94-1 filed by Ogltree Deakins attorney Anthony DeCristoforo  with a **forgery of another Complaint Exhibit A** he claims    I sent to USDOL on May 22, 2018 but it was actually sent to USDOL on August 24, 2018 by  Jennifer Colvin.

10.     **There is no such complaint in the files of the USDOL that includes a complaint I filed on May 22, 2018.  It is being manufactured by the attorneys.**

11.     **The document he has presented to the court is a forgery** It is forgery however, I am unable to provide this court with the forgery because of a pending hearing.  It is criminal forgery to a federal jurisdiction.  It is a forgery created by Ogltree Deakins on behalf of Velocity.

12.

**13.      STATE FRAUD FEDERAL PROGRAM**

**14.      AZ 1 thru AZ 5**

**15.**      These are all fraudulent complaints made by Velocity/Navisite decisions made against a joint state /federal program under the USDOL where they committed fraud on five separate occasions where all the fraudulent criminal complaints were, reversed, overturned, denied, and dismissed upon appeal.

**16.**      After they failed at the state level is when they began to do the same on a federal level beginning on May 22, 2018 and July 19, 2018 with the USDOL.



FILE   MESSAGE

Wed 9/30/2020 9:16 AM
Garrison Jones <garrison.jones@outlook.com>
896928

To   foiarequests@dol.gov

There is a big problem.  I did not make the complaint under your customer
I'd 3850645

The phone number listed with this complaint I got rid of because of harassing phone calls from
my former employer Velocity Technology Solutions.

In September 2019 I began to learn of multiple illegal criminal activity committed by Velocity.
One of them was they impersonated me and made a false allegation to the Arizona Department
of Economic Security claiming I was unable to work where they used that to deny me
unemployment benefits.  I informed them as well I never made that call because my physician
had approved me to return to work on 3/23/2018.  In their reason for the adverse negative
decision, they claimed I said I was under the care of my doctor until 5/15/2018.  This date is the
same date matched on the certification from velocity that they sent to AZDES to claim I was on
fmla and unable to work.  There is no way I would yell AZDES that I was under his care when I
was approved to return a month before this date.
They impersonated me.  I appealed and won the appeal because I submitted the doctor statement
showing the date of 3/22/2018.

They had this document in their possession and sent the documents when AZDES or the AZ
court of Appeals did not ask for them.

It was all false and fraud. I did however, contact DOL in July 2019 I found out they had filed 4
false claims against me and somehow I knew there was more than what they were telling me.
Thank you

**U.S. Department of Labor**     Wage and Hour Division
Washington, DC  20210





October 30, 2020

Garrison Jones                    Sent via email to *garrison.jones@outlook.com*
P.O. Box 188911
Sacramento, CA  95818

RE:    Freedom of Information Act Response
       Tracking Number 2021-F-00657

Dear Mr. Jones:

The Wage and Hour Division of the U.S. Department of Labor is responding to your request
made under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, dated October 16, 2020.
Specifically, you asked for any record of a compliant made by you regarding Velocity
Technology Solutions in 2018.

In accordance with 29 CFR § 70.20(a), we can only include responsive documents in our
possession as of the date our search began.  The search began on October 28, 2020.  After
performing an electronic search of the Wage and Hour Investigative Support and Reporting
Database, we did not locate any documents responsive to your request.  Consequently, we are
providing a "no records" response.  You have not been assessed related fees as the processing
costs incurred did not exceed the chargeable minimum.

If you need further assistance, please contact LaRhonda Pannell by email at
*pannell.larhonda@dol.gov* or call 770-736-5465.  You may also call this office at 202-693-1004.
If we cannot assist you in your concerns, you may contact the Departmental FOIA Public
Liaison, Thomas Hicks, at 202-693-5427 or email at *hicks.thomas@dol.gov*.  Alternatively, you
may contact the National Archives and Records Administration's Office of Government
Information Services regarding available mediation services at Office of Government
Information Services, National Archives and Records Administration, 8601 Adelphi Road,
College Park, MD 20740-6001.  You can also reach that office by email at *ogis@nara.gov*, by
phone at 202-741-5770, by fax at 202-741-5769, or by calling toll-free at 877-684-6448.

Finally, if you are not satisfied with the response to this request, you may administratively appeal
by writing to the Solicitor of Labor within 90 days from the date of this letter.  The appeal must
state in writing the grounds for the appeal, and it may include any supporting statements or
arguments, but such statements are not required.  In order to facilitate processing of the appeal,
please include your mailing address and daytime telephone number, as well as a copy of the
initial request and copy of this letter.  The envelope and letter of the appeal should be clearly
marked "Freedom of Information Act Appeal."  Any amendment to the appeal must be made in
writing and received prior to a decision. The appeal should be addressed to the Solicitor of
Labor, Division of Management and Administrative Legal Services, U.S. Department of Labor,
200 Constitution Avenue, NW, Room N2420, Washington, DC  20210.  Appeals may also be



submitted by email to *foiaappeal@dol.gov*.  Appeals submitted to any other email address will not be accepted.

Sincerely,

# Forrest T. Horak Digitally signed by Forrest T. Horak
Date: 2020.10.30 11:09:29 -04'00'

Forrest T. Horak
Disclosure Officer



# WHISARD Complaint Information Form

## U.S. Department of Labor
Wage And Hour Division

| | | | |
|---|---|---|---|
| Complaint ID: | *3850645* | Receiving *Chicago IL District Office* | Last updated by <span>NC - Personal privacy</span> |
| Date of Contact: | *07/19/2018* | Contact Priority: | Last updated |
| Complaint Status: | *FILED-NO ACTION* | Contact Type: | See customer history log for Contact type(s) |

### Establishment Information

| | | |
|---|---|---|
| Name: | *Velocity Technology* | Primary Phone: *704-357-7705*   ext. |
| Address: | *1901 Roxborough RD.* | Other Phone:   ext. |
| | *Charlotte, NC 28211* | Fax:   ext. |
| | | Email: |

| | | | |
|---|---|---|---|
| County: | *Mecklenburg* | NAIC | |
| Contact Name: | | Gov. Contract, Furnishes | *N* |
| Contact Title: | | Gov. Contract, Furnishes services: | *N* |
| Estimated # of locations: | | Gov. Contract, Performs construction: | *N* |
| Headquarters location: | | Gov. Contract, Other contract type: | *N* |
| Branch Name/Location 1: | | Gov. Contract, Unknown contract | *N* |
| Branch Name/location 2: | | Est. expiration date of gov. | |
| ER business status: | | Estimated EEs affected: | |
| Estimated $ADV: | | Special Coverage: | |
| Nature of Business: | | Franchise: | *N* |
| Interstate Commerce: | | Union Shop: | *N* |
| Number Of Employees: | | ER Exempt? | *N* |

### Person Submitting Information

| | | |
|---|---|---|
| Name: | *Jones, Garrison* | Primary Phone: *916-870-4060*   ext. |
| Address: | *705 West Liberty Drive* | Other Phone:   ext. |
| | *Wheaton, IL, 60187* | Fax:   ext. |
| | | Email: |
| | | If not complainant, EE Name: |

| | | | |
|---|---|---|---|
| Is Customer complainant? | *Y* | | |
| Verbal permission to use name | *N* | Verbal notification of Private Right | |
| Written permission to use name | *N* | Action | *N* |
| Written permission to use name | *N* | Relationship: | |

| Alleged Act | Alleged Violation | From | To | Notes |
|---|---|---|---|---|
| *FMLA* | *Discrimination (e.g. disciplinary action)* | | | |

| | | |
|---|---|---|
| Date: 09/29/2020 3:47:49 PM | Customer ID: 3850645 | Page 1 |



## WHISARD Complaint Information Form

Most critical act:  *FMLA*

### Employment Information

Job title:
Description of duties:

Employed From:                    To:
Employee status:

Date of Birth:
Employee age at time of complaint:

Employee age at time of violation:

### Payroll Information

Pay rate:
<u>Hours Worked:</u>

Sun  Mon  Tue  Wed Thu  Fri   Sat

Avg. hrs per day:
Days worked per week:

Total hrs per week:
Pay period:

Time records kept:      *N*

### Complaint Notes

*CP Jones wishes to file complaint againt Velocity Technology.CP feels that the Company was busy against her for filing discrimination complaint regarding FMLA..*

*CP alleges that she did not received the notification in the required five business days*
*CP alleges no  conversation was ever held with any Rep from Velocity.*

*No other documents(e-mail) were received to support provision that is offgered on FMLA.*

*CP Jones alleges that Human Resource Director Shauna Coleman never mailed anything to her home.*

*CP alleges never receiving any FMLA information in the required timeframe  that she did not receive any FmLA information in the required time frame.*

*CP feels that company is retaliating against her due to her filing a discriminaiton complaint against Velocity.*

*CP alleges that company is trying to cover there tracks concerning the documents that were lleges that based on the communicaitons withj Velocity Technology are covring tyheree tracks that they prov idced CP with the documents in regards to taking FMLA.*

*CP alleges that Human Resource Shauna Coleman alleges sent e-mail concerning issues of the injury date and year she was hire.*

*CP alleges that dates that VTS claims were in correct and are trying to cover themselm.*

*CP states in the letter that she never made any such statement.*

*CP wishes to file complaint against VTS alleging that company made false claims of her requesting FML.*

*CP wants it on recordsthat company might try to terminate her for false claim of non compliance with FMLA*

*CP stated that she attachment of email to support her complainbt. No attachement was included with this compla9int.*

*CP feels that VTS is retaliating against her for filing discriminaiton compklaint and feel they dropped the ball on providing the documents on FMLA.*

*Its CP words against VTS that they*

## WHISARD Complaint Information Form

*CP alleges that the requested time she put in with VTS is incorrect to the time she was off on FML.*
*CP alleges tht she did not ask for certain off and know HR is trying to covers it tytrack.*

*Chicago DO received a withdrawal letter from attorney citing a settlement between CP and her ER.* 

Contact Log:

*08/24/2018 1:43:46 PM*          *FILED-NO ACTION*

*07/19/2018 5:14:44 PM*          *INTAKE ONLY*

USDOI-7



FILE    MESSAGE

Wed 9/30/2020 9:16 AM

Garrison Jones <garrisonjones@outlook.com>
896928

To    foiarequests@dol.gov

There is a big problem.  I did not make the complaint under your customer
I'd 3850645

The phone number listed with this complaint I got rid of because of harassing phone calls from
my former employer Velocity Technology Solutions.

In September 2019 I began to learn of multiple illegal criminal activity committed by Velocity.
One of them was they impersonated me and made a false allegation to the Arizona Department
of Economic Security claiming I was unable to work where they used that to deny me
unemployment benefits.  I informed them as well I never made that call because my physician
had approved me to return to work on 3/23/2018.  In their reason for the adverse negative
decision, they claimed I said I was under the care of my doctor until 5/15/2018.  This date is the
same date matched on the certification from velocity that they sent to AZDES to claim I was on
fmla and unable to work.  There is no way I would yell AZDES that I was under his care when I
was approved to return a month before this date.
They impersonated me.  I appealed and won the appeal because I submitted the doctor statement
showing the date of 3/22/2018.

They had this document in their possession and sent the documents when AZDES or the AZ
court of Appeals did not ask for them.

It was all false and fraud. I did however, contact DOL in July 2019 I found out they had filed 4
false claims against me and somehow I knew there was more than what they were telling me.
Thank you

T— 1

## TOTAL DUE

# $202.15

Your bill is due by Sep 09, 2018.

Never worry about forgetting to pay, and save money too. With the AutoPay Discount, you save $5/line (up to $40) every month. Sign up for AutoPay at t-mo.co/autopay.

Thanks for paying your last bill of $328.72.

# Hi Jones,

### Here is your statement for August.

Enjoying your new Galaxy Note8 - Midnight Black - 64GB? Thanks for adding an Equipment Installment Plan with your NM32 2018 Q3 Samsung Galaxy with Add a Line. Details below.

---

## BALANCE FORWARD
# -$106.64

**This is what happened since your last bill:**
- Your last bill was $222.08
- You made payments totaling $328.72

---

## PLANS
# $226.23



3 VOICE LINES = $226.23

**This month's charges are $156.23 more**
- You have deactivated T-Mobile ONE Unlimited 55
- You have added T-Mobile ONE
- (916) 270-7650 has added a Voice line to their plan
- Enjoy your T-Mobile ONE Plan

**Your plan includes:**
- Unlimited entertainment streaming at DVD-quality, 480p.
- Mobile hotspot data to keep you connected at up to 3G speeds.

**Details @ t-mo.co/Plans**

---

## EQUIPMENT
# $8.62

1 HANDSET = $8.62

**This month's charges are $8.62 more**
- (916) 270-7650 added a Galaxy Note8 - Midnight Black - 64GB that will be fully paid off after 24 monthly payments
- (916) 270-7650 received NM32 2018 Q3 Samsung Galaxy with Add a Line of $13.38

**The T-Mobile® app lets you easily:**
- Pay your bill anytime/anywhere
- Upgrade your phone
- Get 24/7 support

**Download the app @ t-mo.co/App**

---

## SERVICES
# $24.33



1 T-MOBILE ONE PLUS = $14.33  |  1 T-MOBILE SERVICE = $0.00  |  1 OTHER SERVICE = $10.00

**This month's charges are $14.33 more**
- You had multiple feature changes. See details on page 3

**Simple Global update:**
- We've added additional countries and destinations!
- Notice: We're updating our Simple Global international calling rate to $0.25/min.

**Details/eligibility @ t-mo.co/SGCall**

---

## ONE-TIME CHARGES
# $49.61

4 OTHER ONE-TIME CHARGES = $49.61

- 2 lines had Restore From Suspend of $44.56. See below for details.

B-1



GARRISON JONES
4011 S MONROE MEDICAL PARK BLVD
BLOOMINGTON IN 47403-8000

**Why stay inside when you can go on an adventure this summer?** With competitive rates on financing for motorcycles, boats and RVs; we are dedicated to helping you find the vehicle that meets your recreational travel needs. Apply online or visit your local banking center today! All loans and collateral subject to approval.

## ACCOUNT SUMMARY          Balance as of 08/11/18

| Account | Account Number | Balance |
|---------|---------------|---------|
| THE POWER ACCOUNT | | |

## STATEMENT SUMMARY

| | | |
|---|---|---|
| Beginning Balance | 07/19/18 | .00 |
| Deposits/Misc Credits | 2 | |
| Withdrawals/Misc Debits | 47 | |
| Ending Balance | 08/11/18 | |
| Service Charge | | |



SMART CASH LOANS
AVAILABLE FROM $250-$1,000

Apply today at

78749





| 7/20 | ATM WITHDRAWAL |  | 302.50 |
| | *****9247 07/20 09:40 | | |
| 7/20 | ATM WITHDRAWAL | | |
| 7/20 | POS PURCHASE | | |
| | WAL-MART #1991 BLOOMINGTON IN 241991 | | |
| | *****9247 07/20 16:06 | | |
| 7/20 | Foreign ATM Fee 716120 | | |
| | FARMERS AND M 3535 WEST 3RD BLOOMINGTON | | |
| 7/20 | Foreign ATM Fee 001067 | | |
| | Woodforest Na 3585 W State Bloomington | | |
| 7/21 | POS PURCHASE | | |
| | NNT T-MOBILE #5552 5720 BLOOMINGTON IN | | |
| | 092453 *****9247 07/21 07:22 | | |
| 7/21 | POS PURCHASE | | |
| | Village Pantry 5 BLOOMINGTON IN | | |
| | 00016T *****9247 07/21 09:51 | | |
| 7/21 | POS PURCHASE | | |
| | CNS K & G INDY #0400606 INDIANAPOLIS IN | | |
| | 024008 *****9247 07/21 12:49 | | |
| 7/22 | POS PURCHASE | | |
| | WAL-MART #1459 INDIANAPOLIS IN | | |
| | 241459 *****9247 07/22 08:27 | | |
| 7/24 | POS PURCHASE | | |
| | NST BEST BUY #105  6605 RNCH CUCAMONG C | | |
| | 065766 *****9247 07/24 13:54 | | |
| 7/24 | DMC EXPEDITE FEE | | |
| 7/29 | ATM WITHDRAWAL | | |
| | *****9247 07/28 19:01 | | |
| 7/29 | POS PURCHASE | | |
| | WAL-MART #1991 BLOOMINGTON IN 241991 | | |
| | *****9247 07/29 10:04 | | |
| 7/29 | Foreign ATM Fee IN0112 | | |
| | 7800 COL H WE 7800 COL H WE INDIANAPOLI | | |
| 7/31 | POS PURCHASE | | |
| | KROGER #091 BLOOMINGTON IN 700091 | | |
| | *****7587 07/30 20:17 | | |
| 8/01 | POS PURCHASE | | |
| | WM SUPERCENTER # BLOOMINGTON IN | | |

*A-1*

## CONFIDENTIAL NEGOTIATED SETTLEMENT AGREEMENT AND FULL RELEASE

This Negotiated Settlement Agreement and Full Release ("Agreement") is made between Garrison Jones on behalf of himself, his agents, assigns, heirs, estates, executors, administrators, beneficiaries, and representatives ("Jones") and Velocity Technology Solutions, Inc. (the "Company"). Jones and the Company are sometimes collectively referred to as the "Parties."

WHEREAS, a dispute exists regarding Jones' employment with the Company and the ending thereof effective August 16, 2018, including the allegations and claims that were made or that could have been made in Equal Employment Opportunity Commission Charge Nos. 440-2018-05157, 35A-2018-00231, and 540-2018-001834, Arizona Civil Rights Division Charge No. P18-0058, Illinois Department of Labor Charge No. 18P-095, and the FMLA charge filed with the United States Department of Labor, (collectively, the "Charges"), and the lawsuit filed in United States District Court Northern District of Illinois titled *Jones v. Velocity Technology Solutions, Inc., et al.*, No. 1:18-cv-03288 (the "Lawsuit").

NOW THEREFORE, the Parties knowingly and voluntarily agree to the following terms, promises, and conditions.

      1. **Settlement Consideration and Payment**. As valid and sufficient consideration to which Jones agrees he was not previously entitled for this Agreement and the promises, obligations, and undertakings described herein, and in full settlement for any and all damages or relief to which Jones could possibly be entitled from Released Parties, the Company agrees to pay Jones the gross amount of One Hundred Seven Thousand Five Hundred Dollars ($107,500) (the "Settlement Payment"). The Settlement Payment shall be allocated and paid as follows:

      **(a)**    **Wage Income.** $26,875 for lost wages by check or wire transfer made payable to Jones, with applicable taxes and other withholdings withheld. The Company will furnish a W-2 to Jones, which includes this payment at the appropriate time.

      **(b)**    **Non-Wage Income.**  $80,625 for compensatory non-wage damages by check or wire made payable to Jones. The Company will issue an IRS Form 1099 to Jones for this payment.

The Settlement Payment shall be inclusive of all claims for attorneys' fees (except for the Attorney Fee Reimbursement expressly provided at the end of this paragraph, as applicable), expenses, or other costs. Jones acknowledges that the Settlement Amount shall not be paid until Jones provides an executed 2017 version W-9 to the Company. The Settlement Payment shall be made promptly after all of the following have occurred: (a) the Company's receipt of an executed and effective Agreement; (b) the Company's receipt of executed and effective documents that provide for full and final withdrawal of the Charges and dismissal of the Lawsuit with prejudice; and (c) the receipt of any other

1





August 16, 2018

U.S. Department of Labor
Wage and Hour Division
219 S Dearborn
Wheaton, Illinois 60187

      Re:   DOL Complaint

To Whom It May Concern:

Please accept this letter as my request to withdraw my DOL Complaint, dated May 22, 2018, which I have attached to this letter. The Parties have entered into a settlement agreement that fully resolves the concerns and allegations raised in my Complaint. Your prompt and responsible attention to processing this permanent withdrawal is greatly appreciated.

               Sincerely,

               Garrison Jones

34314971.1

 

*94-1*

1  ANTHONY J. DECRISTOFORO, SBN 166171
anthony.decristoforo@ogletree.com
2  PAUL M. SMITH, SBN 306644
paul.smith@ogletree.com
3  OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4  500 Capitol Mall, Suite 2500
Sacramento, CA  95814
5  Telephone:      916-840-3150
Facsimile:       916-840-3159
6
Attorneys for Defendant
7  VELOCITY TECHNOLOGY
SOLUTIONS, INC.
8
9                        **UNITED STATES DISTRICT COURT**
                        **EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  GARRISON JONES, | Case No. 2:19-cv-02374-KJM-JDP |
| 12                   Plaintiff, | **DECLARATION OF ANTHONY J.** |
| | **DECRISTOFORO IN SUPPORT OF REPLY** |
| 13            v. | **TO PLAINTIFF'S OPPOSITION TO** |
| | **DEFENDANT'S MOTION FOR SUMMARY** |
| 14  VELOCITY TECHNOLOGY SOLUTIONS, | **JUDGMENT** |
| INC.; SHAUNA COLEMAN, individually | |
| 15  and as H.R. Director of Velocity Technology | **DATE:          September 16, 2021[1]** |
| Solutions; CHRIS HELLER, individually and | **TIME:          10:00 AM** |
| 16  as General Counsel of Velocity Technology | **LOCATION:   Courtroom 9, 13th Floor** |
| Solutions; STEVEN KLOEBLEN, | **                      501 I Street** |
| 17  individually and as CEO of Velocity | **                      Sacramento, CA 95814** |
| Technology Solutions; MICHAEL | |
| 18  BALDWIN, individually and as an employee | Complaint Filed:  November 25, 2019 |
| of Velocity Technology Solutions. | Trial Date:        None Set |
| 19 | Magistrate Judge: Hon. Jeremy D. Peterson |
| 20                   Defendants. | District Judge:    Hon. Kimberly J. Mueller |

21        I, Anthony J. DeCristoforo, declare:

22        1.        I am an attorney duly licensed to practice law before all courts of the State of

23  California. I am a Shareholder at the law firm of Ogletree, Deakins, Nash, Smoak & Stewart P.C.,

24  counsel of record for Defendant Velocity Technology Solutions, Inc. ("Defendant") in the above-

25  entitled action. Other than as described on information and belief, the following facts are within my

26  personal knowledge and, if called as a witness herein, I can completely testify thereto. As to facts

27  described on information and belief, I am informed and believe them to be true.

28
---
[1] The Court has vacated the hearing on this Motion. [DKT 90].

2.       Attached as Exhibit A is a true and correct copy of a letter dated May 22, 2018, that, on information and belief, was sent by the Plaintiff to the United States Department of Labor and which Plaintiff refers to in his Opposition as a thank you letter.  Oppo. [DKT 88] at 10.  This letter bears the subject line "Formal FMLA Complaint against Velocity Technology solutions (sic)."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was signed on September 9, 2021, in Sacramento, California.


/s/ Anthony J. DeCristoforo
ANTHONY J. DECRISTOFORO

48478040.1

DECLARATION OF ANTHONY J. DECRISTOFORO IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

# EXHIBIT

# A

May 22, 2018

Mr. Garrison Jones
705 West Liberty Drive
Wheaton, Illinois 60187

U.S. Department of Labor
Wage and Hour Division
219 S Dearborn
Wheaton, Illinois 60187

Re: Formal FMLA Complaint against Velocity Technology solutions

Dear Sir

Thank you for your direction in handling this complaint. I understand that I do not need to file a formal
compliant and can proceed directly to addressing this issue in federal court, however I want to have this on record
with your agency as my initial starting point

Separately will be bullet points of my complaint against Velocity. My biggest concern is I sense they are going to
try to use FMLA to terminate me for the second time with false claims of non-compliance with FMLA.

I have included as attachments with this letter several emails to support my complaint. One email in particular
shows the two dates we discussed related to acknowledgement of the medical condition and my email to Velocity
in Jan 2018 showing that they were too busy retaliating against me for filing the discrimination complaint that
they dropped the ball on FMLA . Again, I never had a conversation with anyone from Velocity Technology
Solutions or an email that remotely explained the provisions of FMLA.  In addition despite what she claims in the
email, Shauna Coleman, Human Resource Director, never mailed anything to my home regarding FMLA.

As the same in my email, this letter and my upcoming lawsuit against Velocity, from the time of my illness to the
time they provided me with any FMLA Information (Incorrect on all counts) 66 (sixty – Six) days had elapsed.
Per the notifications and requirements, this was supposed to occur in five business days and it did not.

There were no extenuating circumstances on why they did not do it except as I stated in my email they were busy
fiercely retaliating against me.

In addition to the emails is the actual Notice of eligibility form filled out by Shauna Coleman, Human Resource
director that clearly shows 2 dates

1. February 20, 2018 ( my one year anniversary of my hire)
2. The original date of my injury November 18, 2017) please note the actual date was Nov. 17, 2017 I was
   admitted to hospital on Nov. 18, 2018.

In this document, she again states that I "requested FMLA" and per the 3rd email sent to you "I clearly say, "I did
not "

In other emails sent, I am demonstrating the web of lies being told in regards to the reference to May 20, 2018 and alleged dr. appoint that Velocity Technology Solutions claim that I had and the reason why they extended the date from May 15, 2018 to May 20, 2018.

I want to state again,

1. I never made such a statement or request for any extension Velocity Technology Solutions mentioned this in a previous email

2. message (also included) back in February 2018; I was still in Outpatient rehab at the time.

3. Message was sent proactively by Velocity Technology Solutions without my knowledge.

4. Email to Velocity Technology Solutions dated May 17, 2018 in response to Shauna Coleman's' email where I told them that this was a weak attempt at trying to manufacture a reason to use FMLA as a disciplinary tool and create an audit trail, as May 20, 2018 was a Sunday and that I would have never made such an appointment nor would any dr scheduled me for an appointment on a Sunday 5 months ago.

5. Also included is an email to Shauna Coleman, Human Resource director, that I informed her that both me and the EEOC investigator were awaiting on proof of my request, i.e. email or phone records to support her message in regards to the May 20, 2018 date as of today, May 23, 2018 no response has been received and none will be as there is no such proof that they can submit. It never happened, as I never did what they are claiming.

   Please be so kind and send any further communication to the mail address on file along with report/case number assigned to this complaint

   Thanking you in advance for your attention to this matter

Rating

Sincerely

Garrison Jones

**Company address**

1901 Roxborough Rd
Floor 4
Charlotte, North Carolina 28211

- CEO Keith Angell   Coleman   keith.angell@velocitycloud.com

- Director of HR, Shauna Coleman   shauna.coleman@velocitycloud.com
o 704.357.7721 | m 845.282.6955 | f 703.935.1269



6/22/18   AZ-1

**Arizona Department of
Economic Security**

**Office Of Appeals**

1951 W. Camelback Road, Suite 400, Phoenix, AZ 85015, (602) 771-9019
Toll-Free 1-877-528-3330   FAX (602) 257-7056

GARRISON JONES
705 W LIBERTY DR
WHEATON, IL  60187-4842

VELOCITY TECHNOLOGY
ENTERPRISES INC DBA
DBA VELOCITY TECHNOLOGY
SOLUTIONS
1901 ROXBOROUGH RD FL 4
CHARLOTTE, NC  28211

Arizona Appeal No. U-1595392-001

Date of Mailing:                6/22/2018

Social Security No.

Employer Acct. No.            7428011000

---

### DECISION OF APPEAL TRIBUNAL

## IN FAVOR OF CLAIMANT
## EMPLOYER'S ACCOUNT IS CHARGED

---

**The last day to file an appeal is   July 23, 2018  . Instructions for filing an appeal
are at the end of this decision.**

IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM  FOR
UNEMPLOYMENT BENEFITS
The Department  of Economic Security provides language assistance  free of charge.
For assistance in your preferred language, please call our Office of Appeals (602) 771-
9019 or Toll-Free at 1-877-528-3330.

IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE
SEGURO DE DESEMPLEO
The Department  of Economic Security suministra ayuda  de los idiomas gratis.  Para
recibir ayuda en su idioma preferido, por favor comunicarse con  la oficina de
apelaciones (602) 771-9019 o al número gratuito 1-877-528-3330.

### ISSUE:

Should the claimant  be disqualified from receiving unemployment benefits because  of
the reasons for separating from employment?



7/23/18

AZ-2

# Arizona Department of Economic Security



# Office Of Appeals

**1951 W. Camelback Road, Ste 400, Phoenix, AZ, 85015 (602)771-9019**
**Toll Free 1(877)528-3330 FAX (602)257-7056**

## DISMISSAL OF APPEAL

GARRISON JONES
705 W LIBERTY DR
WHEATON, IL 60187-4842

VELOCITY TECHNOLOGY SOLUTIONS
Appeal Staff
OGLETREE DEAKINS NASH SMOAK &
STEWART
ESPLADE CENTER III
2415 E CAMELBACK RD STE #800
PHOENIX, AZ 85016

Arizona Appeal No. U-1600605-001

Date of Mailing:  8/20/2018

Social Security No.▓▓▓▓▓▓▓▓

Employer Acct. No. 7428011-000

**IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM FOR
UNEMPLOYMENT BENEFITS**

The Department of Economic Security provides language assistance free of charge.  For
assistance in your preferred language, please call our Office of Appeals (602)771-9019.

**IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE SEGURO
DE DESEMPLEO**

The Department of Economic Security suministra ayuda de los idiomas gratis.  Para recibir ayuda
en su idioma preferido, por favor comunicarse con la oficina de apelaciones (602)771-9019.

## NOTICE TO CLAIMANT

\*\*\*
**YOUR APPEAL  HAS BEEN  DISMISSED BECAUSE  THE EMPLOYER  DID  NOT ESTABLISH  GOOD
CAUSE FOR FAILING TO APPEAR AT THE PREVIOUS HEARING.**
\*\*\*

\*\*\*
Today, I made a separate decision that found the employer did not have good cause for failing to appear at the hearing
scheduled  for 6/22/2018  and that the hearing  would not  be reopened.  I am dismissing  your appeal  because the
Tribunal decision issued 6/22/2018 remains in full force and effect.

You have no right to appeal this dismissal.  However, you may request further review of my other decision that you did
not have good cause for failing to appear at the scheduled hearing.
\*\*\*

**Richard Ebert**
Administrative Law Judge



8/20/18

AZ-3

**Arizona Department of
Economic Security**

**Office Of Appeals**

1951 W. Camelback Road, Suite 400, Phoenix, AZ 85015, (602) 771-9019
Toll-Free 1-877-528-3330   FAX (602) 257-7056

GARRISON JONES
705 W LIBERTY DR
WHEATON, IL  60187-4842

DBA VELOCITY TECHNOLOGY
SOLUTIONS
c/o Appeal Staff
OGLETREE DEAKINS NASH SMOAK &
STEWART
ESPLADE CENTER III
2415 E CAMELBACK RD STE #800
PHOENIX, AZ  85016



Arizona Appeal No. U-1600600-001

Date of Mailing:

8/20/2018

Social Security No. ▮▮▮▮▮▮▮▮

Employer Acct. No.

7428011000

## DECISION OF APPEAL TRIBUNAL

# HEARING IS NOT REOPENED

**The last day to file an appeal is   September 19, 2018  . Instructions for filing an
appeal are at the end of this decision.**

IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM FOR
UNEMPLOYMENT BENEFITS
The Department of Economic Security provides language assistance free of charge.
For assistance in your preferred language, please call our Office of Appeals (602) 771-
9019 or Toll-Free at 1-877-528-3330.

IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE
SEGURO DE DESEMPLEO
The Department of Economic Security suministra ayuda de los idiomas gratis.  Para
recibir ayuda en su idioma preferido, por favor comunicarse con la oficina de
apelaciones (602) 771-9019 o al número gratuito 1-877-528-3330.

## ISSUE:

Should the non-appearing party's request to re-open the hearing of June 22, 2018, be
granted?

*10/23/19*                                                          *AZ-4*

**Arizona Department of
Economic Security**



**Office Of Appeals**

**1990 W. Camelback Road, Suite 200, Phoenix, AZ 85015, (602) 771-9019
Toll-Free 1-877-528-3330   FAX (602) 257-7056**

GARRISON JONES

▬▬▬▬▬▬
▬▬▬▬

SACRAMENTO, CA ▬▬▬▬▬▬

Arizona Appeal No. U-1639659-001          Date of Mailing:          10/23/2019

Social Security No.▬▬▬▬▬▬

---

### DECISION OF APPEAL TRIBUNAL

# IN FAVOR OF CLAIMANT

---

**The last day to file an appeal is   November 22, 2019   . Instructions for filing an
appeal are at the end of this decision.**

IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM FOR
UNEMPLOYMENT BENEFITS
The Department of Economic Security provides language assistance free of charge.
For assistance in your preferred language, please call our Office of Appeals (602) 771-
9019 or Toll-Free at 1-877-528-3330.

IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE
SEGURO DE DESEMPLEO
The Department of Economic Security suministra ayuda de los idiomas gratis. Para
recibir ayuda en su idioma preferido, por favor comunicarse con la oficina de
apelaciones (602) 771-9019 o al número gratuito 1-877-528-3330.

## ISSUE:

Was the claimant able to work beginning 4/8/2018?

## DECISION:

I reverse the deputy's ruling. The claimant was able to work from 4/8/2018 through
5/19/2018.

10/29/2019

AZ-5

**Arizona Department of
Economic Security**



**Office Of Appeals**

1990 W. Camelback Road, Suite 200, Phoenix, AZ 85015, (602) 771-9019
Toll-Free 1-877-528-3330   FAX (602) 257-7056

GARRISON JONES

SACRAMENTO, CA ▮▮▮▮▮

Arizona Appeal No. U-1642697-001          Date of Mailing:          10/29/2019

Social Security No▮▮▮▮

---

### DECISION OF APPEAL TRIBUNAL

# CLAIMANT WAS OVERPAID BENEFITS
# HOWEVER, CLASSIFICATION OF OVERPAYMENT IS
# CHANGED

---

**The last day to file an appeal is   November 29, 2019   . Instructions for filing an
appeal are at the end of this decision.**

IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM  FOR
UNEMPLOYMENT BENEFITS
The Department  of Economic Security provides language assistance  free of charge.
For assistance in your preferred language, please call our Office of Appeals (602) 771-
9019 or Toll-Free at 1-877-528-3330.

IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE
SEGURO DE DESEMPLEO
The Department  of Economic Security suministra ayuda  de los idiomas gratis.  Para
recibir ayuda en su idioma preferido, por favor comunicarse con la oficina de
apelaciones (602) 771-9019 o al número gratuito 1-877-528-3330.

## ISSUE:

Was the Claimant overpaid benefits?  If yes, what is the amount and classification of the
overpayment?