Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

**FILED**

OCT 0 4 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## U.S. DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GARRISON JONES**<br>**Plaintiff,**<br>v.<br>**VELOCITY TECHNOLOGY SOLUTIONS LLC et al**<br>**Defendants.** | **Case No 2:21-CV-01772 JAM-JDP**<br><br>**JURY TRIAL DEMANDED**<br><br>Action filed:  Nov 25, 2019<br>Date set for trial: NONE |

## PLAINTIFF EXHBITS OF FRAUD AND FORGERY

### Introduction

There is no way that two different attorneys at the same firm have different versions of a forged document if that document was not created and originated at Velocity and Ogltree Deakins.

Nor can the USDOL not have the forgery submitted to this court by Ogltree Deakins attorney decristoforo as he did on September 9, 2021.  He has been caught red handed committing fraud and forgery upon this court.

In support of the plaintiffs complaint of fraud and forgery as well as fraud upon this court the plaintiff submits the following exhibits.

- 1 -

1. **Exhibit 1 – False fabricated FMLA complaint filed by the defendants** where they impersonated the plaintiff and provided his personal identifying information as the person submitting this false complaint on **July 19, 2018**. Complaint 3850645. The plaintiff never filed this complaint and it was uncovered on September 30, 2020 via FOIA request made in September 2020 and was responded by the USDOL on September 30, 2018.
2. The plaintiff fully expected a return of a false complaint of May 22, 2018 but **instead received a different false FMLA complaint made on July 19, 2018**.

3. There is no record of an FMLA complaint filed by the plaintiff Garrison Jones in the records/files of the USDOL.

4. **Exhibit 2 – Fabricate with drawl letter** dated August 16, 2018 created by Velocity General Counsel Chris Heller and delivered by messenger by Ogltree Deakins attorney Jennifer Colvin on August 24, 2018. As it would never be delivered to the USDOL as it is addressed to a **Wheaton, Illinois address**. The USDOL is in downtown Chicago but this fabricated letter still made it to the USDOL.

5. This document was created by Velocity General Counsel Chris Heller

   (*note: bottom right hand corner is a lawyer's document tracking number) the plaintiff is not a lawyer and does not use numerical tracking numbers*)


6.

7. **Exhibit 3a Fabricated FMLA complaint letter dated May 22, 2018**

   It is a forgery, where they traced the signature from another document.
   (Note the signature on this document page 2)
   It is also a forgery.
   (*Note the address for USDOL is Chicago, Illinois  60607*)

**8.** In the withdrawal letter they claim made it was sent by the plaintiff on May 22, 2018 but it is attached to the false fabricated FMLA complaint of July 19, 2018.  **(note they traced the  signature it was from another document**

**9. Exhibit 4 is Document 3 from case number 2:18-02388 Appearance form for Pro Se Litigants**.  This is where they traced the signature on **Exhibit 3a** the numbers if you hold it up to the light are in in line and that is impossible, they traced the numbers and signature.

**10.     Exhibit 94 Document 94-1  filed by Ogltree Deakins attorney Anthony decristoforo on September 9, 2021**

   **a. Page 2 –** He makes this declaration on the penalty of perjury however this is bona fide intentional fraud and a forgery.

   **b. Page 4 It** has the address of the USDOL is Wheaton, Illinois but in Exhibit 2 the address is Chicago, Illinois.  **Exhibit 3a** was sent to USDOL by Ogltree Deakins attorney Jennifer Colvin

   **c. Page 5 –** On page 5 there is no signature but **Exhibit 3a -2** there is a signature.

   The conclusion is both documents are forgeries but Document 94 submitted by **Ogltree Deakins attorney Anthony decristoforo is the original, forgery he modified it to make it look more authentic by adding things not in the copy by Jennifer Colvin showing he had a word document.**

   The copy sent to USDOL by **Ogltree Deakins attorney Jennifer Colvin** was created from this document **is also a forgery**.
   I never wrote this false complaint letter and USDOL does not have a copy of the letter from decristoforo, it came off their network at Ogltree Deakins.

**Exhibit – Recap 1**

**Exhibit Recap 1** is a copy from the option of RECAP/Court Listener a site that was given to plaintiff by one of the legal clinic attorneys to cut down on the expense of using Pacer.

As explained to the plaintiff the cost is free.
CourtListner uses a different version of Adobe and as such it shows the file in PDF format but it also shows the Name of the Software it was created and uploaded from and in this case it shows the Ogltree Deakins file name and the PDF they uploaded from was created in Microsoft Word and the file name.

This is displayed in the upper left hand corner of each file in CourtListner.

So in the case of Document 94-1 the Ogltree file name is **48478040_1.**

This was verified by looking at other documents uploaded by Ogltree Deakins as the numbering scheme is the same   sequential.



**11.**     All Recap 1 documents are all documents uploaded by Ogltree Deakins in this case before he court and has the file name they uploaded even though they uploaded APDF file.

**12.**     Recap 2 – Recap 2 is a verification from a completely different case just to verify that it is actually pulling the document name from the application it was created from

**Exhibit 94-8**

Defense counsel in Document 94 at 15 states the plaintiff does not provide the court with a copy of this letter.

This is Ludacris as in his own document he had a copy of this letter all the time but makes it appear plaintiff is hiding something. **Exhibit 94-4 proves this he had a copy however, the copy is a forgery and he only submitted it because he thought the plaintiff did not have a copy.**

**If he knew plaintiff had a copy he would have never submitted this forgery to the court, he was checking and thought he had the green light.**

The issue is where did he get his copies from?  Off the network and filing system of Ogltree Deakins.

He sure did not get it from the USDOL.

**It shows that he uploaded the document from a Microsoft Word Document.**

The truth of the matter is, if he got it from the USDOL, then there is the problem and the fraud and forgery.

The USDOL only sends files to any party in a PDF format.  They never send anyone a Microsoft word version or a Microsoft word file.

This proves the files were originated at Ogltree Deakins and not the USDOL.

13        Moreover, the evidence confirms that Plaintiff, not Velocity, submitted a "Formal FMLA

14   Complaint" to the DOL.  In his Opposition, Plaintiff refers to a letter he sent the DOL on May 22,

15   2018.  Plaintiff represents that this was nothing more than a thank you letter [DKT 88] at 10.  But

16   Plaintiff does not provide the Court with a copy of the letter because his description of it is, at best,

17   misleading.  The subject line of the letter reads, in Plaintiff's own words, "Formal FMLA Complaint

18   against Velocity Technology solutions (sic)."  DeCristoforo Decl. at Exh. A.  In the letter, Plaintiff

19   describes the ways in which he believed Velocity had violated the FMLA, including that "[m]y

20   biggest concern is I sense they are going to try to use FMLA to terminate me for the second time

21   with false claims of non-compliance with FMLA."  Id.  Plaintiff asked the DOL to send him the

22   "report/case number assigned to this complaint[.]"  It is clear that Plaintiff made a "Formal FMLA

## Exhibit FOIA 6/8/21

## US DOL FOIA REQUEST FOIA 2021-F-09036 Response June 8, 2021

## The enclosed CD is the actual file sent by the USDOL on June 8, 2021

Counsel is correct that the plaintiff did not send a copy of this FOIA response or the letter he already had but was a fraud, because he knew at some point in this case Ogltree Deakins attorneys would go back to their core value of committing fraud and submitting a forgery of a false fabricated document they created just for the purpose of deception, fraud and committing another criminal act on behalf of their client that they will be compensated for handsomely and where they Velocity has been financing this fraud and criminal acts for 4 years.

Velocity is just as guilty as all the Ogltree Deakins attorneys and all should suffer the maximum penalty including the dismissal of this case with prejudice with no right to appeal, in addition to forwarding this case to federal law enforcement for prosecution.

All the previous times, they did this behind the plaintiffs back and after months it was uncovered but by then it was too late.

This is and has been the core acts they have done in all litigation. **This time they have been caught red handed and in the act**.

The plaintiff waited from June 8, 2021 for this to occur and thus proved in the entire case they have been not guilty of this fraud upon this court. But has been doing it for now over 4 years and have been caught.

The court cannot allow them to talk their way out of this when the evidence is clear of their intentions.

The have been waiting for the court to render a decision in their favor but had to commit more criminal fraud to push this court over the edge.

Liars and criminals, paid criminals.  No one pushed them to commit this fraud.

All the misdirection away from them while at the same time they were deep into the conspiracy waiting for the right time to add more.

At the same time accusing and **falsely blaming the plaintiff for these acts, discrediting his evidence now illustrates who the real criminals are. Velocity and Ogltree Deakins**.

Respectfully submitted,

Dated: September 30, 2021

**Garrison Jones Plaintiff** (Pro Se
    P.O. Box 188911
    Sacramento, California 95818
    garrison.jones@outlook.com

- 8 -

*Exhibit 1*

## WHISARD Complaint Information Form

### U.S. Department of Labor
Wage And Hour Division

| | | | |
|---|---|---|---|
| Complaint ID: | *3850645* | Receiving *Chicago IL District Office* | Last updated by *Diane Wright* |
| Date of Contact: | *7/19/2018* | Contact Priority: | Last updated *8/24/2018* |
| Complaint Status: | *FILED-NO ACTION* | Contact Type: | See customer history log for Contact type(s) |

### Establishment Information

| | | | | |
|---|---|---|---|---|
| Name: | *Velocity Technology* | Primary Phone: | *704-357-7705* | ext. |
| Address: | *1901 Roxborough RD.* | Other Phone: | | ext. |
| | *Charlotte, NC 28211* | Fax: | | ext. |
| | | Email: | | |

County: *Mecklenburg*

| | | |
|---|---|---|
| | NAIC | |
| Contact Name: | Gov. Contract, Furnishes | *N* |
| Contact Title: | Gov. Contract, Furnishes services: | *N* |
| Estimated # of locations: | Gov. Contract, Performs construction: | *N* |
| Headquarters location: | Gov. Contract, Other contract type: | *N* |
| Branch Name/Location 1: | Gov. Contract, Unknown contract | *N* |
| Branch Name/location 2: | Est. expiration date of gov. | |
| ER business status: | Estimated EEs affected: | |
| Estimated $ADV: | Special Coverage: | |
| Nature of Business: | Franchise: | *N* |
| Interstate Commerce: | Union Shop: | *N* |
| Number Of Employees: | ER Exempt? | *N* |

### Person Submitting Information

| | | | |
|---|---|---|---|
| Name: | *Jones, Garrison* | Primary Phone: *916-870-4060* | ext. |
| Address: | *705 West Liberty Drive* | Other Phone: | ext. |
| | *Wheaton, IL, 60187* | Fax: | ext. |
| | | Email: | |
| | | If not complainant, EE Name: | |

| | | |
|---|---|---|
| Is Customer complainant? | *Y* | |
| Verbal permission to use name | *N* | Verbal notification of Private Right |
| Written permission to use name | *N* | Action *N* |
| Written permission to use name | *N* | Relationship: |

| Alleged Act | Alleged Violation | From | To | Notes |
|---|---|---|---|---|
| *FMLA* | *Discrimination (e.g. disciplinary action)* | | | |

## WHISARD Complaint Information Form

Most critical act:  *FMLA*

### Employment Information

Job title:
Description of duties:

Employed From:                          To:
Employee status:

Date of Birth:
Employee age at time of complaint:

Employee age at time of violation:

### Payroll Information

Pay rate:
Hours Worked:

Sun  Mon  Tue  Wed Thu  Fri   Sat

Avg. hrs per day:
Days worked per week:

Total hrs per week:
Pay period:

Time records kept:     *N*

### Complaint Notes

*CP Jones wishes to file complaint againt Velocity Technology.CP feels that the Company was busy against her for filing discrimination complaint regarding FMLA..*

*CP alleges that she did not received the notification in the required five business days*
*CP alleges no  conversation was ever held with any Rep from Velocity.*

*No other documents(e-mail) were received to support provision that is offgered on FMLA.*

*CP Jones alleges that Human Resource Director Shauna Coleman never mailed anything to her home.*

*CP alleges never receiving any FMLA information in the required timeframe  that she did not receive any FmLA information in the required time frame.*

*CP feels that company is retaliating against her due to her filing a discriminaiton complaint against Velocity.*

*CP alleges that company is trying to cover there tracks concerning the documents that were lleges that based on the communicaitons withj Velocity Technology are covring tyheree tracks that they prov idced CP with the documents in regards to taking FMLA.*

*CP alleges that Human Resource Shauna Coleman alleges sent e-mail concerning issues of the injury date and year she was hire.*

*CP alleges that dates that VTS claims were in correct and are trying to cover themselm.*

*CP states in the letter that she never made any such statement.*

*CP wishes to file complaint against VTS alleging that company made false claims of her requesting FML.*

*CP wants it on recordsthat company might try to terminate her for false claim of non compliance with FMLA*

*CP stated that she attachment of email to support her complainbt. No attachement was included with this compla9int.*

*CP feels that VTS is retaliating against her for filing discriminaiton compklaint and feel they dropped the ball on providing the documents on FMLA.*

*Its CP words against VTS that they*

Date: 6/1/2021 2:08:38 PM                          Customer ID: 3850645                          Page 2

*Exhibit 2*

August 16, 2018

U.S. Department of Labor
Wage and Hour Division
219 S Dearborn
Wheaton, Illinois 60187

       Re:   DOL Complaint

To Whom It May Concern:

      Please accept this letter as my request to withdraw my DOL Complaint, dated May 22, 2018, which I have attached to this letter. The Parties have entered into a settlement agreement that fully resolves the concerns and allegations raised in my Complaint. Your prompt and responsible attention to processing this permanent withdrawal is greatly appreciated.

                       Sincerely,

                       Garrison Jones



34314971.1

Document Properties                                                                          X

Description  Security  Fonts   Custom  Advanced

Description

File:  Garrison Jones Charge Withdrawal Letter (DOL) (003).pdf

Title: |

Author: | Christopher Heller

Subject: |

Keywords: |

Created:  8/15/2018 5:36:03 AM

Modified:  8/15/2018 5:36:03 AM

Application:  Microsoft® Word 2016

Advanced

PDF Producer:  Microsoft® Word 2016

PDF Version:  1.7 (Acrobat 8.x)

Location:  C:\SETTLEMENT RELEASE DOCUMENTS\

File Size:  9.26 KB (9,482 Bytes)

Page Size:  8.50 x 11.00 in                    Number of Pages:  1

Tagged PDF:  Yes                               Fast Web View:  No

3 A2

In other emails sent, I am demonstrating the web of lies being told in regards to the reference to May 20, 2018 and alleged dr. appoint that VTS claim that I had and the reason why they extended the date from May 15, 2018 to May 20, 2018.

I want to state again,

1.   I never made such a statement or request for any extension VTS mentioned this in a previous email

2.   message (also included) back in February 2018; I was still in Outpatient rehab at the time.

3.   Message was sent proactively by VTS without my knowledge.

4.   Email to VTS dated May 17, 2018 in response to Shauna Coleman's' email where I told them that this was a weak attempt at trying to manufacture a reason to use FMLA as a disciplinary tool and create an audit trail, as May 20, 2018 was a Sunday and that I would have never made such an appointment nor would any dr scheduled me for an appointment on a Sunday 5 months ago.

5.   Also included is an email to Shauna Coleman, Human Resource director, that I informed her that both me and the EEOC investigator were awaiting on proof of my request, i.e. email or phone records to support her message in regards to the May 20, 2018 date as of today, May 23, 2018 no response has been received and none will be as there is no such proof that they can submit. It never happened, as I never did what they are claiming.

Please be so kind and send any further communication to the mail address on file along with report/case number assigned to this complaint

Thanking you in advance for your attention to this matter

Rating

Sincerely

*Garrison Jones*

Garrison Jones

Enclosures

Nine email messages

Contact Phone 916-820-4960

Email-garrison.jones@outlook.com

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# U.S. District Court for the Northern District Of Illinois
## Appearance Form for Pro Se Litigants

Information entered on this form is required for a
party (that is, without an attorney). **Please PRIN**

*Exhibit 4*

**1:18-cv-03288**
**Judge Ruben Castillo**
**Magistrate Judge Young B. Kim**

Case Title:

An appearance is hereby filed by the undersigned as a pro se litigant:

Name: GARRISON JONES

Street Address: 705 W. Liberty

City/State/Zip: Wheaton, Ill 60187

Phone Number: 916-870-4960

Signature

Executed on (date): 5/8/2018

---

## REQUEST TO RECEIVE NOTICE THROUGH E-MAIL

If you check the box below and provide an e-mail address in the space provided, you will receive notice
via e-mail. By checking the box and providing an e-mail address, under Federal Rule of Civil Procedure
5(b)2(E) you are waiving your right to receive a paper copy of documents filed electronically in this case.
You should not provide an e-mail address if you do not check it frequently.

☑    I request to be sent notices from the court via e-mail. I understand that by making this request, I
am waiving the right to receive a paper copy of any electronically filed document in this case. I
understand that if my e-mail address changes I must promptly notify the Court in writing.

GARRISON.JONES@OUTLOOK.COM
E-Mail Address (Please PRINT legibly.)

**FILED**

MAY 08 2018

Rev. 06/23/2016

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

*Exhibit 94*

1  ANTHONY J. DECRISTOFORO, SBN 166171
   anthony.decristoforo@ogletree.com
2  PAUL M. SMITH, SBN 306644
   paul.smith@ogletree.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  500 Capitol Mall, Suite 2500
   Sacramento, CA  95814
5  Telephone:    916-840-3150
   Facsimile:    916-840-3159
6
   Attorneys for Defendant
7  VELOCITY TECHNOLOGY
   SOLUTIONS, INC.
8
                    UNITED STATES DISTRICT COURT
9                   EASTERN DISTRICT OF CALIFORNIA
10

11  GARRISON JONES,                          Case No. 2:19-cv-02374-KJM-JDP

12          Plaintiff,                       **DECLARATION OF ANTHONY J.
                                             DECRISTOFORO IN SUPPORT OF REPLY**
13      v.                                   **TO PLAINTIFF'S OPPOSITION TO
                                             DEFENDANT'S MOTION FOR SUMMARY**
14  VELOCITY TECHNOLOGY SOLUTIONS,           **JUDGMENT**
    INC.; SHAUNA COLEMAN, individually
15  and as H.R. Director of Velocity Technology   **DATE:**      September 16, 2021[1]
    Solutions; CHRIS HELLER, individually and     **TIME:**      10:00 AM
16  as General Counsel of Velocity Technology      **LOCATION:**  Courtroom 9, 13th Floor
    Solutions; STEVEN KLOEBLEN,                                  501 I Street
17  individually and as CEO of Velocity                          Sacramento, CA 95814
    Technology Solutions; MICHAEL
18  BALDWIN, individually and as an employee   Complaint Filed: November 25, 2019
    of Velocity Technology Solutions.          Trial Date:      None Set
19                                             Magistrate Judge: Hon. Jeremy D. Peterson
            Defendants.                        District Judge:   Hon. Kimberly J. Mueller
20

21      I, Anthony J. DeCristoforo, declare:

22      1.      I am an attorney duly licensed to practice law before all courts of the State of

23  California.  I am a Shareholder at the law firm of Ogletree, Deakins, Nash, Smoak & Stewart P.C.,

24  counsel of record for Defendant Velocity Technology Solutions, Inc. ("Defendant") in the above-

25  entitled action. Other than as described on information and belief, the following facts are within my

26  personal knowledge and, if called as a witness herein, I can completely testify thereto.  As to facts

27  described on information and belief, I am informed and believe them to be true.

28
    ----
    [1] The Court has vacated the hearing on this Motion.  [DKT 90].

1    2.    Attached as Exhibit A is a true and correct copy of a letter dated May 22, 2018, that,

2  on information and belief, was sent by the Plaintiff to the United States Department of Labor and

3  which Plaintiff refers to in his Opposition as a thank you letter. Oppo. [DKT 88] at 10. This letter

4  bears the subject line "Formal FMLA Complaint against Velocity Technology solutions (sic)."

5         I declare under penalty of perjury under the laws of the State of California that the foregoing

6  is true and correct and that this declaration was signed on September 9, 2021, in Sacramento,

7  California.

8

9

10                                      /s/ Anthony J. DeCristoforo
                                        ANTHONY J. DECRISTOFORO

11                                                                              48478040.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                             2           Case No. 2:19-cv-02374-KJM-JDP
        DECLARATION OF ANTHONY J. DECRISTOFORO IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR
                                        SUMMARY JUDGMENT

# EXHIBIT

# A

94 -4

May 22, 2018

Mr. Garrison Jones
705 West Liberty Drive
Wheaton, Illinois 60187

U.S. Department of Labor
Wage and Hour Division
219 S Dearborn
Wheaton, Illinois 60187

Re: Formal FMLA Complaint against Velocity Technology solutions

Dear Sir

Thank you for your direction in handling this complaint. I understand that I do not need to file a formal
compliant and can proceed directly to addressing this issue in federal court, however I want to have this on record
with your agency as my initial starting point

Separately will be bullet points of my complaint against Velocity. My biggest concern is I sense they are going to
try to use FMLA to terminate me for the second time with false claims of non-compliance with FMLA.

I have included as attachments with this letter several emails to support my complaint. One email in particular
shows the two dates we discussed related to acknowledgement of the medical condition and my email to Velocity
in Jan 2018 showing that they were too busy retaliating against me for filing the discrimination complaint that
they dropped the ball on FMLA . Again, I never had a conversation with anyone from Velocity Technology
Solutions or an email that remotely explained the provisions of FMLA. In addition despite what she claims in the
email, Shauna Coleman, Human Resource Director, never mailed anything to my home regarding FMLA.

As the same in my email, this letter and my upcoming lawsuit against Velocity, from the time of my illness to the
time they provided me with any FMLA Information (Incorrect on all counts) 66 (sixty – Six) days had elapsed.
Per the notifications and requirements, this was supposed to occur in five business days and it did not.

There were no extenuating circumstances on why they did not do it except as I stated in my email they were busy
fiercely retaliating against me .

In addition to the emails is the actual Notice of eligibility form filled out by Shauna Coleman, Human Resource
director that clearly shows 2 dates

1. February 20, 2018 ( my one year anniversary of my hire)
2. The original date of my injury November 18, 2017) please note the actual date was Nov. 17, 2017 I was
   admitted to hospital on Nov. 18, 2018.

In this document, she again states that I "requested FMLA" and per the 3rd email sent to you "I clearly say, "I did
not "

94-5

Case 2:21-cv-01772-JAM-JDP   Document 4   Filed 10/04/21   Page 19 of 21
Case 2:19-cv-02374-KJM-JDP   Document 94-1   Filed 09/09/21   Page 5 of 5

In other emails sent, I am demonstrating the web of lies being told in regards to the reference to May 20, 2018 and alleged dr. appoint that Velocity Technology Solutions claim that I had and the reason why they extended the date from May 15, 2018 to May 20, 2018.

I want to state again,

1.    I never made such a statement or request for any extension Velocity Technology Solutions mentioned this in a previous email

2.    message (also included) back in February 2018; I was still in Outpatient rehab at the time.

3.    Message was sent proactively by Velocity Technology Solutions without my knowledge.

4.    Email to Velocity Technology Solutions dated May 17, 2018 in response to Shauna Coleman's' email where I told them that this was a weak attempt at trying to manufacture a reason to use FMLA as a disciplinary tool and create an audit trail, as May 20, 2018 was a Sunday and that I would have never made such an appointment nor would any dr scheduled me for an appointment on a Sunday 5 months ago.

5.    Also included is an email to Shauna Coleman, Human Resource director, that I informed her that both me and the EEOC investigator were awaiting on proof of my request, i.e. email or phone records to support her message in regards to the May 20, 2018 date as of today, May 23, 2018 no response has been received and none will be as there is no such proof that they can submit. It never happened, as I never did what they are claiming.

      Please be so kind and send any further communication to the mail address on file along with report/case number assigned to this complaint

      Thanking you in advance for your attention to this matter

Rating

Sincerely

Garrison Jones

**NO SIGNATURE**

**Company address**

1901 Roxborough Rd
Floor 4
Charlotte, North Carolina 28211

- CEO Keith Angell   Coleman   keith.angell@velocitycloud.com

- Director of HR, Shauna Coleman   shauna.coleman@velocitycloud.com
o  704.357.7721 | m  845.282.6955 | f  703.935.1269

**NOT ON OTHER FORGERY**

1    While Plaintiff asserts vague, conclusory, and scattershot allegations in his Opposition that
2  the Settlement Agreement was somehow fraudulently induced because Velocity somehow submitted
3  a "false and fabricated FMLA complaint" on Plaintiff's behalf to the DOL and submitted a "false
4  claim" to the Arizona Department of Economic Security, this is not enough to raise a genuine issue
5  of material fact.  Oppo. [DKT 88] at 4, 10.  "[V]ague and conclusory allegations" are insufficient to
6  raise a genuine issue of material fact.  *Madrid v. Woodford*, 327 F. App'x 684, 685 (9th Cir. 2009) It
7  is not enough for a party opposing summary judgment to "rest on mere allegations or denials of his
8  pleadings."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 259 (1986).  Instead, the nonmoving
9  party must go beyond the pleadings to designate specific facts showing that there is a genuine issue
10  for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Plaintiff has failed to produce any
11  admissible evidence to support any of these vague allegations.  Rather, Plaintiff simply rests on his
12  vague and conclusory allegations asserted in the Opposition.

13    Moreover, the evidence confirms that Plaintiff, not Velocity, submitted a "Formal FMLA
14  Complaint" to the DOL.  In his Opposition, Plaintiff refers to a letter he sent the DOL on May 22,
15  2018.  Plaintiff represents that this was nothing more than a thank you letter [DKT 88] at 10.  But
16  Plaintiff does not provide the Court with a copy of the letter because his description of it is, at best,
17  misleading.  The subject line of the letter reads, in Plaintiff's own words, "Formal FMLA Complaint
18  against Velocity Technology solutions (sic)."  DeCristoforo Decl. at Exh. A.  In the letter, Plaintiff
19  describes the ways in which he believed Velocity had violated the FMLA, including that "[m]ly
20  biggest concern is I sense they are going to try to use FMLA to terminate me for the second time
21  with false claims of non-compliance with FMLA."  *Id*.  Plaintiff asked the DOL to send him the
22  "report/case number assigned to this complaint[.]"  It is clear that Plaintiff made a "Formal FMLA
23  Complaint" to the DOL three months before he signed the Settlement Agreement releasing his FMLA
24  claims.[3]  Plaintiff's letter to the DOL undercuts his bizarre claim (unsupported by any evidence) that
25  Velocity filed a DOL complaint in his name.
26  ////
27

---

28  [3] It stands to reason that in paying over $100,000 to resolve Plaintiff's claims, Velocity would require a release of all
FMLA claims, including those that Plaintiff described to the DOL in his "Formal FMLA Complaint."

*FOIA 6/8/21*

**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | Royster, ReNay - WHD <Royster.ReNay.L@DOL.GOV> |
| **Sent:** | Tuesday, June 8, 2021 10:13 AM |
| **To:** | garrison.jones@outlook.com |
| **Subject:** | FOIA 2021-F-09036 Response |
| **Attachments:** | 2021-F-09036 Request.pdf; 2021-F-09036 Response.pdf; 2021-F-09036 Responsive Documents.pdf |

Good morning.

This is the complaint form.

We have no other documents in our possession.

I hope this is helpful.