ANTHONY J. DECRISTOFORO SBN 166171
anthony.decristoforo@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA  95814
Telephone:    916-840-3150
Facsimile:     916-840-3159

Attorneys for Defendants VELOCITY TECHNOLOGY SOLUTIONS, INC. and NAVASITE LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| GARRISON JONES, | Case No. 2:21-cv-01772-JAM-JDP |
|---|---|
| Plaintiff, | **DEFENDANTS VELOCITY TECHNOLOGY SOLUTIONS, INC. AND NAVASITE LLC'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6) AND 41(B)** |
| v. | |
| VELOCITY TECHNOLOGY SOLUTIONS; NAVASITE LLCE, et al., | Date:             November 22, 2021<br>Time:             10:00 a.m.<br>Place:            Courtroom 9, 13th Floor |
| Defendants. | Complaint Filed: September 28, 2021<br>Trial Date:        None Set<br>Magistrate Judge: Hon. Jeremy D. Peterson<br>District Judge:    Hon. John A. Mendez |

TO PLAINTIFF GARRISON JONES:

NOTICE IS HEREBY GIVEN that on November 22, 2021, at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 9 on the 13th floor of this Court, located at 501 I Street, Sacramento, California, 95814, or as otherwise ordered by this Court, including by remote means if so ordered, Defendants Velocity Technology Solutions, Inc. and Navasite LLC will and hereby do move for an order dismissing Plaintiff Garrison Jones's Complaint for Civil Damages [DKT 1], without leave to amend, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(b).

This Court has grounds to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 41(b).  First, none of Plaintiff's claims provides for a private right of action.  All of the claims are premised on violations of various state and federal laws that are only enforceable by a

prosecutor representing the United States or the citizens of California.  Second, this is now the third lawsuit Plaintiff has filed against Velocity, including a case pending in this Court before Judge Kimberly J. Mueller and Magistrate Judge Jeremy D. Peterson (*Garrison Jones v. Velocity Technology Solutions, et al.,* Case No. 2:19-cv-02374-KJM-JDP, hereinafter "Jones II").[1]  In Jones II, Plaintiff has failed to comply with and has disregarded the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of California, and the Orders issued by the Jones II Court.  Recently, the Jones II Court dismissed Plaintiff's First Amended Complaint in its entirety, with leave to amend, cautioning that any further amendments may subject Plaintiff's claims to dismissal under Rule 41(b), with prejudice.  [Jones II DKT 98.]  If not dismissed, the Complaint in this new case would allow Plaintiff to circumvent the Jones II Court Order.  This Complaint contains bizarre and scattershot allegations that Velocity impersonated him by filing false and fraudulent complaints with the U.S. Department of Labor.  Plaintiff raised identical allegations in his Opposition to Velocity's Motion for Summary Judgment in Jones II [Jones II DKT 88].  Having been limited in his pleading of claims in Jones II, Plaintiff should not be allowed to file a different lawsuit and make an end run around the Court's Order in Jones II.

      Accordingly, Velocity requests that this Court enter an Order dismissing Plaintiff's Complaint [DKT 1] without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or 41(b).  This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, all of the records on file in this case and in Jones II to date, and such other oral argument or evidence that may be allowed by the Court at or before the time for hearing (if any) on this Motion.

DATED:  October 21, 2021           OGLETREE, DEAKINS, NASH,
                                                       SMOAK & STEWART, P.C.

                                        By:  */s/ Anthony J. DeCristoforo*
                                             Anthony J. DeCristoforo

                                           Attorneys for Defendant VELOCITY
                                           TECHNOLOGY SOLUTIONS, INC.

---

[1] Before filing Jones II in this Court, Plaintiff previously filed yet another lawsuit against Velocity in the United States District Court for the Northern District of Illinois.  That case was settled and dismissed.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS COMPLAINT**

I.  **INTRODUCTION**

Defendants Velocity Technology Solutions and Navasite LLC (hereinafter collectively referred to as "Velocity") bring this motion seeking an order dismissing the Complaint without leave to amend, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 41(b).

This is now the third lawsuit that Defendant Garrison Jones has filed against his former employer, Velocity. Plaintiff first filed a lawsuit in the United States District Court, Northern District of Illinois, captioned *Garrison Jones v. Velocity Technology Solutions, et al.,* Case No. 1:18-cv-03288.  That case settled and was dismissed.

On November 25, 2019, Plaintiff filed his second lawsuit against Velocity, this time in the United States District Court, Eastern District of California.  That case is currently pending before Judge Kimberly J. Mueller and Magistrate Judge Jeremy D. Peterson. (*Garrison Jones v. Velocity Technology Solutions, et al.,* Case No. 2:19-cv-02374-KJM-JDP, hereinafter "Jones II.")  In Jones II, Plaintiff's Complaint contained incoherent and scattershot allegations that Velocity violated the Family Medical Leave Act ("FMLA") during his employment.  The Court screened Plaintiff's Complaint in Jones II, and dismissed all of Plaintiff's causes of action, except for his FMLA interference claim.  [Jones II DKT 49.]  The Court gave Plaintiff the option to choose whether to amend his Complaint, or simply proceed with his FMLA interference claim. Plaintiff filed an election to proceed only with the FMLA Interference claim, but in disregard of the Court's Order he later filed a First Amended Complaint purporting to reassert several other claims.  [Jones II DKT 41.]  On September 28, 2021, the Court issued an Order finding that Plaintiff violated the Court's previous Order when he elected to proceed only with the FMLA interference claim but then filed a First Amended Complaint with additional claims.  [Jones II DKT 98.]  The Court also granted Velocity's Motion to Dismiss Plaintiff's First Amended Complaint in its entirety, including the FMLA interference claim, with leave to amend.  [Jones II DKT 98.]  In dismissing the First Amended Complaint, Judge Mueller specifically advised the following in her Order:

////

> The court has considered the prejudice Velocity may suffer if Mr. Jones continues to make vague, disorganized, inflammatory, and confusing allegations. That potential prejudice does not outstrip the liberal policy of amendment embodied in Federal Rule of Civil Procedure 15. The court cautions Mr. Jones, however, that any further amended complaint may be subject to dismissal under Rule 41(b) if it does not contain a "short and plain statement" of his claims, as required by Federal Rule of Civil Procedure 8(a), or if he reasserts claims this court has dismissed with prejudice or without leave to amend. Nor does the court anticipate permitting any further amendments. [Jones II DKT 98]

Plaintiff filed the present lawsuit, making vague, disorganized, inflammatory and confusing allegations that Velocity impersonated him by filing false and fraudulent complaints with the U.S. Department of Labor. None of Plaintiff's claims provides for a private right of action. All of the claims are premised on alleged violations of various state and federal criminal laws. Moreover, Plaintiff has made these allegations of fact before – in his Opposition to Velocity's Motion for Summary Judgment in Jones II [Jones II DKT 88], Plaintiff made these same bizarre allegations. Although he has not previously attempted to state claims based on these alleged facts, this new lawsuit simply recycles old allegations of fact – now just under a different case number.

As explained below, dismissal of this action is appropriate for two reasons. First, Plaintiff fails to state any claims upon which relief may be granted. All of Plaintiff's claims are premised on alleged violations of state and federal criminal laws that do not provide for a private right of action. As such, none of Plaintiff's claims states a claim upon which relief may be granted. Pursuant to FRCP 12(b)6), all of the claims should be dismissed with prejudice.

Second, allowing this lawsuit to proceed would enable Plaintiff to circumvent Judge Mueller's Order issued on September 28, 2021. [Jones II DKT 98.] Federal Rule of Civil Procedure 41(b) provides that this Court may dismiss any action for a party's failure to comply with the Federal Rules of Civil Procedure or local rules of court, or any court order. Judge Mueller's Order would be circumvented if Plaintiff were allowed to file a new lawsuit asserting claims based on recycled allegations from Jones II.[2]

////

---

[2] In Jones II, Plaintiff filed a Motion to Proceed *in Forma Pauperis* [Jones II DKT 2], which subjected his Complaint to a screening that resulted in a number of his claims being dismissed. In this instant lawsuit, Plaintiff did not filed a Motion to Proceed in *Forma Pauperis*, which enabled him to avoid the screening of his new Complaint.

II. **LEGAL ARGUMENT**

    A. **Plaintiff's Complaint Must be Dismissed Because it Fails to State Claims Upon Which Relief can be Granted**

A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims set forth in the complaint. The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A Rule 12(b)(6) dismissal is proper when there is either a "lack of a cognizable legal theory" or "an absence of sufficient facts alleged to support cognizable legal theory." *Id.*

    1. **Plaintiff's First, Seventh, Eighth, Ninth, and Tenth Claims Fail to State a Claim Upon Which Relief can be Granted Because They are Premised on Alleged Violations of a Federal Law That Provide No Private Right of Action.**

Plaintiff's First, Seventh, Eighth, Ninth, and Tenth claims assert violations of 18 U.S.C. § 371. Section 371 is a federal criminal statute, establishing criminal penalties arising from conspiracy to "commit any offense against the United States, or to defraud the United States, or any agency thereof…." Section 371 provides for criminal fines and imprisonment. But it does not provide a private right of action, and is only enforceable by federal prosecutors representing the United States. *Henry v. Universal Tech. Inst.,* 559 F. App'x 648, 650 (9th Cir. 2014) (district court properly dismissed Plaintiff's claims brought under 18 U.S.C. § 371 without leave to amend because Section 371 does not provide for a private right of action.); *Rockefeller v. U.S. Ct. of Appeals Off., for Tenth Cir. Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (district court dismissed plaintiff's claims brought under 18 U.S.C. § 371 without leave to amend because Section 371 does not provide for a private right of action.); *Dugar v. Coughlin*, 613 F. Supp. 849 (S.D.N.Y. 1985) (same). Accordingly, Plaintiff does not and cannot state a claim for which relief can be granted based on violations of 18 U.S.C. § 371, and these claims must be dismissed without leave to amend.

    2. **Plaintiff's Second and Third Claims Fail to State a Claim Upon Which Relief can be Granted Because They are Premised on Alleged Violations of a Federal Law That Provide No Private Right of Action.**

Plaintiff's Second and Third claims allege violation of 18 U.S.C. § 1028. Section 1028 is a federal criminal statute regarding identity theft, which again, is only enforceable by federal

prosecutors representing the United States.  There is no private right of action under this statute. *Van Hope-el v. United States Dep't of State*, No. 1:18-CV-0441 - JLT, 2019 WL 295774, at *4 (E.D. Cal. Jan. 23, 2019), aff'd sub nom. *Hope-El v. U.S. Dep't of State*, No. 19-15311, 2019 WL 3941181 (9th Cir. June 26, 2019) (district court dismissed plaintiff's claims brought under 18 U.S.C. § 1028 without leave to amend because Section 1028 does not provide for a private right of action); *Murphy v. JP Morgan Chase*, No. 2:15-CV-0725 KJM GGH, 2015 WL 2235882, at *4 (E.D. Cal. May 11, 2015) (same).  Accordingly, Plaintiff's claims based on violations of 18 U.S.C. § 1028 do not state a claim upon which relief may be granted and these claims must be dismissed without leave to amend.

        **3.**     **Plaintiff's Fourth, Fifth, and Sixth Claims Fail to State a Claim Upon Which Relief can be Granted Because They are Premised on Alleged Violations of State and Federal Law That Provide No Private Right of Action.**

Plaintiff's Fifth and Sixth claims allege violation of 18 U.S.C. § 1001.  Section 1001 is a federal criminal statute regarding false statements and representations in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States. This statute is only enforceable by federal prosecutors representing the United States, and there is no private right of action for individuals, such as Plaintiff.  *Dowdell v. Sacramento Housing & Redevelopment Agency*, 2011 WL 837046, at *2 (E.D. Cal. Mar. 8, 2011) (finding that 18 U.S.C. § 1001 does not create a private right of action and dismissing plaintiff's claims premised on Section 1001 with prejudice); *Carmichael v. Sacramento Regional Transit* (E.D. Cal., Jan. 8, 2018, No. 2:16 CV 2476 JAM EFB PS) 2018 WL 338977, at *3, report and recommendation adopted (E.D. Cal., Mar. 19, 2018, No. 2:16 CV 2476 JAM EFB PS) 2018 WL 10667266 (same); *Abou–Hussein v. Gates*, 657 F. Supp. 2d 77, 81 (D.D.C. 2009) (same).  Accordingly, Plaintiff's claims based on violations of 18 U.S.C. § 1001 do not state a claim upon which relief may be granted and these claims must be dismissed without leave to amend.

Plaintiff's Fifth claim also alleges violations of California Penal Code § 530.  Section 530 is a criminal statute regarding the impersonation of an individual.  Under California law, a criminal statute authorizes private civil suits only where the legislature intended to create a private right of action or where compelling reasons of public policy justify the recognition of such a right.  *See,*

*Animal Legal Def. Fund v. Mendes*, 160 Cal. App. 4th 136, 142 (2008); *Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 62-63 (1999).  Section 530 does not expressly authorize a private right of action, nor is there any indication that the legislature intended to authorize a private right of action.  Further, there are no compelling reasons of public policy to justify a private right under Section 530.  Indeed, no California or federal court has held that there is a private right of action under section 530.

Plaintiff's Fourth claim alleges violations of California Penal Code § 368.  Section 368 is a criminal statute regarding elder and dependent adult abuse enforceable by prosecutors representing the citizens of California and there is no private right of action for individuals, such as Plaintiff. *Dang v. Oakland Police Dep't*, No. C 13-4155 PJH, 2014 WL 793613, at *1 (N.D. Cal. Feb. 26, 2014) (finding that California Penal Code § 368 does not create a private right of action and dismissing plaintiff's claims premised on Section 368 without leave to amend); *Sutton v. Holz*, No. C06-6417 VRW, 2007 WL 3027345, at *4 (N.D. Cal. Oct. 15, 2007) (same).

Accordingly, Plaintiff's claims based on violations of 18 U.S.C. § 1001 and California Penal Code §§ 530 and 368, do not state a claim upon which relief may be granted.  These claims must be dismissed without leave to amend.

### B. This Action Should be Dismissed Pursuant Federal Rule of Civil Procedure 41(b).

#### 1. Plaintiff has Violated this Court's Orders and Local Rule 110.

Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss any action or claim against it where the plaintiff fails to comply with the federal rules or a court order. FRCP 41(b).  The Jones II Court emphasized Rule 41(b) in its September 28, 2021 Order giving Plaintiff an opportunity to amend his Complaint in that case:  "The court cautions Mr. Jones, however, that any further amended complaint may be subject to dismissal under Rule 41(b) if it does not contain a "short and plain statement" of his claims, as required by Federal Rule of Civil Procedure 8(a), or if he reasserts claims this court has dismissed with prejudice or without leave to amend.  Nor does the court anticipate permitting any further amendments."  [Jones II DKT 98]

////

Local Rule 110 of the Eastern District of California parrots this standard, and the Jones II Court has repeatedly emphasized this message in its orders to Plaintiff. *See,* July 31, 2020 Order in Jones II ("the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See*, E.D. Cal. L.R. 110.") [ Jones II DKT 29 at 10-11]; August 12, 2020 Order in Jones II ("Failing to obey federal or local rules, or any order of this court 'may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court,' including dismissal of this action. L.R. 110. Even though the court will construe pro se pleadings liberally, pro se litigants must comply with all procedural rules.")  [Jones II DKT 32 at 3].

Courts have confirmed that Rule 41(b) provides the discretion to dismiss any action because of a party's failure "to comply with any order of the court…" *Yourish v. California Amplifier,* 191 F.3d 983, 986-987 (9th Cir. 1999) (holding that plaintiff's failure to amend complaint following Rule 12(b) motion to dismiss within time permitted by court order was grounds for dismissal).

As Judge Mueller noted in her September 28, 2021 Order in Jones II [Jones II DKT 98 at 1-2], Plaintiff violated the Jones II Court's July 31, 2020 Order instructing him to elect whether to proceed with his surviving FMLA claim or to file an amended complaint. [Jones II DKT 29.] He first elected to proceed with the FMLA claim and filed his notice of election confirming this decision. [Jones II DKT 30]. The Court accepted this election. [Jones II DKT 31-32.]  Then, in complete disregard of the Jones II Court's Order and his election, Plaintiff filed the First Amended Complaint (more than 30 days after the Court's order) [Jones II DKT 41]. On September 28, 2021, Judge Mueller issued an Order granting Velocity's Motion to Dismiss Plaintiff's First Amended Complaint, with leave to amend, noting that Plaintiff has made "vague, disorganized, inflammatory, and confusing allegations," and that if Plaintiff amends his Complaint in Jones II, the Court may dismiss his Complaint under Rule 41(b) if it does not contain a "short and plain statement" of his claims, or if he reasserts claims the Court in Jones II dismissed with prejudice or without leave to amend. [Jones II DKT 98.]

////

////

Having already been found to have violated an order of this Court, Plaintiff has filed this new lawsuit which, if allowed to proceed, would be an end run around another order -- Judge Mueller's September 28, 2021 Order in Jones II [Jones II DKT 98].  In this lawsuit, Plaintiff makes bizarre and scattershot allegations that somehow Velocity impersonated him by filing a "false FMLA complaint" with the U.S. Department of Labor.  [DKT 1.]  Plaintiff has made this a prominent theme in Jones II, such as in his Opposition to Velocity's Motion for Summary Judgment in Jones II.  [Jones II DKT 88.]  If Plaintiff were to amend his Complaint in Jones II to include these allegations, his claims would likely be subject to dismissal, as Judge Mueller cautioned in her September 28, 2021 Order [Jones II DKT 98].  A different lawsuit recycling these allegations from Jones II would circumvent the Court's Order in that case.

### 2.    Plaintiff Has Violated Federal Rule of Civil Procedure 8.

Plaintiff has also failed to comply with the federal pleading standards set forth in Federal Rule of Civil Procedure 8, both in Jones II and this instant lawsuit.  *Hearns v. San Bernadino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008); *Nasiou v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).  Rule 8(a) provides: "A pleading which sets forth a claim for relief…shall contain… (2) a short and plain statement of the claim showing that the pleader is entitled to relief…"  Rule 8(e) similarly provides: "(1) Each averment of a pleading shall be simple, concise, and direct."

Plaintiff's Complaint and the FAC in Jones II did not comply with Rule 8's requirement to provide a short and plain statement of relief.  The Complaint was approximately 40 pages in length (excluding the first 7 pages of court-issued forms for use in pro se pleadings).  The Jones II Complaint, which this Court described as "poorly organized and difficult to follow" [Jones II DKT 29], included several incomplete sentences and did not connect the factual allegations to the claims alleged.  [Jones II DKT 1.]

The First Amended Complaint in Jones II was no better.  [DKT 42.]  The substance of the FAC was longer (spanning 42 pages) and included numerous documents offered as "evidence" of Plaintiff's allegations.  They were interspersed in the pleading and on at least one occasion, duplicated.  Plaintiff did not explain how the documents supported his alleged claims or why they

were relevant at all.  And the factual allegations were conclusory.  The Jones II Court dismissed Plaintiff's FAC with leave to amend, cautioning Plaintiff that if he chooses to amend his complaint, it may be dismissed without leave to amend if it does not "short and plain statement" of his claims. [Jones II DKT 98.]

In the instant case, similar to Jones II, Plaintiff's pleading fails to comply with Rule 8(a) and 8(e). [DKT 1.]  The Complaint is 55 pages long (including exhibits). [DKT 1.]  The Complaint is poorly organized, difficult to follow and contains many incoherent sentences. [DKT 1.]  The facts asserted are conclusory and inflammatory.  The Complaint is a continuation of Plaintiff's practice from Jones II of filing nonsensical pleadings.  For example, on October 4, 2021, Plaintiff filed a document titled "Plaintiff Exhbits [sic] of Fraud and Forgery" [DKT 4].  Plaintiff cited to no authority for this pleading.  It is 21 pages long and includes numerous documents offered as "evidence" of Plaintiff's allegations.  They are interspersed in the pleading and on at least one occasion, duplicated. Like the pleadings in Jones II, the Complaint in the instant lawsuit does not comply with Rule 8. *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (upholding dismissal with prejudice where complaint was "verbose, confusing, and almost entirely conclusory.")

### 3. The Factors for Dismissing This Case Under Rule 41(b) Weigh in Favor of Dismissal

In deciding whether to dismiss this case under Rule 41(b), the court must weigh the following five factors: "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-1261 (9th Cir. 1992).  All five factors weigh in favor of dismissal.

This instant lawsuit is nothing more than a new chapter in Plaintiff's seemingly endless litigation war against Velocity, but conducted outside the pleading strictures the Court has ordered in Jones II. If Plaintiff is permitted to continue to assert "vague, disorganized, inflammatory, and confusing allegations," without consequence, this instant litigation will slow to a crawl, as it has in Jones II, which was filed in 2019.  The Court's interest in managing its docket also weighs in favor of granting this motion, as allowing this case to proceed would have the effect of circumventing the

Court's September 28, 2021 Order in Jones II, which expressly limited the grounds upon which Plaintiff could proceed with his case against Velocity. The risk of prejudice is high to Defendants if Plaintiff is permitted to continue to assert such allegations. Dismissal is appropriate under the circumstances because the Court in Jones II has already issued less drastic sanctions to Plaintiff, including the dismissal of his first complaint without prejudice, and has provided clear directions to Plaintiff about complying with its orders. [See, Jones II DKT 29, 32, 98.] Finally, the public policy favoring disposition of the case on its merits weighs in favor of dismissal because, as discussed above, the Complaint in this lawsuit does not even state a claim for relief, as none of the alleged claims even provides a private right of action. Accordingly, this action should be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 41(b).

### III.  CONCLUSION

For the reasons asserted above, this Court should dismiss this action in its entirety.

DATED: October 21, 2021

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By:  */s/ Anthony J. DeCristoforo*
Anthony J. DeCristoforo

Attorneys for Defendant VELOCITY TECHNOLOGY SOLUTIONS, INC.