Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com





FILED

OCT 27 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## U.S. DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GARRISON JONES**<br><br>**Plaintiff,**<br><br>v.<br><br>**VELOCITY TECHNOLOGY SOLUTIONS LLC et al**<br>**Defendants.** | **Case No.: 2:21-cv-01772 JAM-JDP**<br><br>**JURY TRIAL DEMANDED**<br><br>Action filed:  Nov 25, 2019<br><br>Date set for trial: NONE |

### Plaintiff Opposition to defendant's motion to dismiss
### Judgment for Fraud upon the Court, Perjury Cheating and Misrepresentation against Velocity Technology Solutions.

This Matter is before the Court on Opposition to defendant's motion to dismiss and Entry of Default Judgment against Velocity Technology Solutions / Navisite

### Introduction

1. First, had the plaintiff submitted his documents to show the forgery of the FMLA complaint letters by Ogltree Deakins, decristoforo would have never filed or attached his forgery FMLA complaint letters on September 9, 2021.

2. **Without complete exhibits complaint is worthless**.

- 1 -

3. He is not correct, it was not Velocity nor the plaintiff who sent these documents to the USDOL, it was Ogltree Deakins attorneys who created them and sent them to the USDOL.

4. The one thing you can be assured of is the agency he claims the plaintiff sent these documents to is also saying that the document he attached to his Document 94 was not sent to Ogltree Deakins by the USDOL.

5. Hence he cannot attack the evidence, he again attacks the plaintiff once again attempting to yell "fire" so he can regroup somehow and think of another petty precedent as his art of misdirection trying to make his forgery appear insignificant.

6. Of course he is going to try and get this case out of his path of federal prison and disbarment.  He implicated himself.

7. He thinks all black people are stupid and are inferior to him.

8. This man has no business in a court room except as a defendant.

9. It is not the first time he has committed fraud and forgery however, it is the first time he has been exposed and caught.

10. He needs to begin practicing his speech for his criminal trial and hiring another lawyer to get him a reduced sentence.

11. If the best he can do is bash penmanship and incomplete sentences as his defense for committing perjury, forgery and fraud then I am sure he can find a law student to practice on him as the first defendant.

12. It's too late.  The court must know he was not forced to commit fraud and forgery, he did it on his own free will and thought he would get away with it.

13. He has lost his main liar in Shauna Coleman and he will quote and lie about "Flipper" if he could to escape the consequences of his actions.

- 2 -

14. Again, he thought there would never be any evidence to stop him. He was wrong.

15. He was federal prison wrong and there is more.

16. Second there are only 29 pages in the complaint. The rest of the pages are exhibits.

17. **Its obvious counsel was not invited to prom** as he has issues with telling the truth and with numbers. **Nobody likes a liar.** You reap what you sow.

18. There are no orders in this case and they Ogltree Deakins and velocity / Navisite were properly served on September 30, 2021.

19. Counsel is completely confused as to what lie to tell and when.

20. A grown man crying like a baby. He is an hourly worker why is he complaining.

21. There is apparently an incentive based retainer in place and he has failed miserably in attempting to collect it.

22. Additionally, the plaintiff is a victim of multiple local, state and federal crimes and as such every crime victim has a right to file a civil lawsuit and not because decristoforo says so.

23. In addition, as from prior pleadings I thought it was clear that I have not been able to find a single case where decristoforo, Anthony j was the deciding judge or factor in the admission of evidence nor have I seen anywhere where he is the individual who screens cases before they are litigated.

24. Every victim of a crime has a right to file litigation against the alleged perpetrator for money damages. *See Goldman vs OJ Simpson*

25. Equally, every crime victim or their family has the right to file a civil lawsuit seeking financial compensation from the perpetrator or from other parties

- 3 -

whose unreasonable conduct gave rise to conditions which allowed the crime to occur.

26.     In addition crime victims also have the right to file litigation against attorneys for Aiding and abetting and conspiracy claims.

27.     As it is clear that for over 5 years Ogltree Deakens have had in their roots in criminal activity in complete complicity with Velocity.

28.     They have advised, counseled and participated in many unethical, illegal and criminal acts on behalf of their client Velocity /Navisite.

29.     In addition **lawyers from Ogltree Deakins helped the client either commit a fraud on the plaintiff.**

30.

31.     The court must completely dismiss defendants counsel and his desperate measure to dismiss this case as it has nothing to do with the parallel case before this court.

32.     There is no way that a FMLA complaint he claims plaintiff sent to the USDOL has two different versions.  Plain and simple he has been caught committing fraud upon the court and knowingly submitting false forged evidence to the court in the form of a manufactured fraudulent FMLA document that has already been confirmed by the agency they claim has **possession of this forgery, where they** clearly state it does not exist.

33.     This document is clearly a creation of fraud by Ogltree Deakins attorneys.

34.     There is clear and convincing evidence this document as well as the document from a different Ogltree Deakins attorney show both documents are forgeries.

35.     Yet counsel in his normal desperate actions file an immediate motion to dismiss to misdirect the courts attention away from his premediated act of

criminal fraud and attempt to induce this court to a ruling so that the court cannot rule on the serious issue of criminal fraud.

36.

**37.**     Now he is desperately attempting to misdirect the courts attention away from his acts of fraud and once again is attempting to induce this court to get rid of this case and ignore his unlawful, deceitful acts of fraud upon the court.

**38.**     In addition, he is quoting the wrong case.

1. As late as October 18, 2021 the USDOL via an FOIA response to the plaintiff Garrison Jones declared that Document 94 sent to the agency with the FOIA request dated September 13, 2018 FOIA REQUEST **Tracking Number 2021-F-12837** returned a **no record response.**

2. Which meant the USDOL did not have a record of this document attached to Document 94 submitted by Ogltree Deakins attorney Anthony decristoforo that the USDOL did not send it to either Velocity and or Ogltree Deakins. **It is a forgery**.

3. Counsel has been caught.

4. The intent of Counsel was to justify and **retrofit his forgery to again deceive the court, commit fraud upon the court in obtaining in his mind a ruling in favor of Velocity and Ogltree Deakins.**

5. Next**,** not only is counsel a liar, he apparently cannot not count as the complaint he is confused about has only 29 pages not 40.  However there are tons of exhibits.

6. It's not the plaintiffs fault criminal not leave fingerprints and evidence behind that implicates them in local, state and federal crimes.

7. Equally, he is correct, there are many local, state and federal crimes and he also can be assured that each of these authorities in multiple states and jurisdictions all have been sent undisputable documents, exhibits and evidence in support of the respective criminal offenses committed by Velocity and Ogltree Deakins.

8. In addition, each have commented on the document Ogltree Deakins calls an agreement.

 With that said,   and I quote Per the FBI "The Federal Bureau of Investigation has been directed to furnish both the Fraud Section of the Criminal Division with copies of all reports in all matters involving fraud against the government.

Other agencies are required to forward similar reports of investigation to the appropriate United States Attorney in their jurisdiction."

There are many accumulated over the years and the list continue to grow.

However, I was wrong to think that the current Ogltree counsels were "accessories after the fact, they are actually active participants in the fraud upon the government based on their actions in this case and the cover-up they and Velocity /Navisite are still engaged in.

Defense counsel decristoforo on his own accord, implicated and moved his position from a "person of interest" to a full blown suspect in the fraud committed upon the federal government and specifically the USDOL.

It's not simply sad, but here he is forging documents claiming they exist in the files of a federal government agency and on 4 separate occasions this agency has not only denied these documents exist but has done so for over 4 years.

Still, Ogltree Deakins continue to make these claims assuming they would be believed by this court.

Per the FBI fraud against the federal government are also analyzed for civil potential.

The appropriate United States Attorney are mandated to ensure the pursuit of both civil and criminal redress.

### Shana Coleman

9.  With that said, defense counsel has known for some time that Shauna Coleman is no longer employed at Navisite/Velocity.
10.     She left because she is a coward.
11.     Here is a white woman who tried to use the fact she is married to a black man as a tool of leverage and empathy to talk the plaintiff out of filing a lawsuit against Velocity.

12.    Here is a woman who illegally released confidential information and medical information from an employees' files illegally giving it to unauthorized people.

13.    **Here is a woman who promoted a white employee** even after there **exist videos of him stealing intellectual property of Infor** (the main/highest revenue source in the organization) where he illegally recorded over 6 consecutive weeks of these classes.

14.    Yet she had no reservations on terminating the plaintiff while on FMLA. employer.

15.    Here is a woman **who even with an attorney** intentionally failed to appear at a single appeal hearing.

16.    This after she was on a conference call with her attorney having ex parte communication with the court on the same day.

| 06/22/2018 11:18:21 AM | T/C FRM THE CLT WANTING TO KNW WHAT WAS GOING ON W/ THE HRG, CHECKED C2T THE HRG WAS IN PROGRESS. | IA |
| 06/22/2018 9:26:07 AM | T/C FRM THE CLT RE; THE REG IN C2T. PROVIDED TO THE CLT THE REG WAS ENTERED CORRECTLY. THE ALJ WILL BE PLACING THE CALL TO HIM. | IA |
| 06/21/2018 1:29:26 PM | 6/21 RECVD CALL FROM ER WHO CHOOSES NOT BE ATTENDING HEARING, SHAWNA COLEMAN 704-357-7721 | JC |
| | U-1595392-001-OA | |

17.

18.

19.    Here is a woman who lied for years about the termination of the plaintiff, lied about a **dr appointment on May 20, 2018  a Sunday**, she claim was told to her by the plaintiff.

20.
21.

From: Shauna Coleman <shauna.coleman@velocitycloud.com>
Date: May 15, 2018 at 6:18 PM
To: Garrison Jones <garrison.jones@outlook.com>
Subject: Re: FMLA - Garrison Jones

Hi Garrison,

I am not able to speak this evening. Please send me your questions via email.

Thank you

On Tue, May 15, 2018 at 7:04 PM Garrison Jones <garrison.jones@outlook.com> wrote:
Again this repeatedly stuff is not working Shauna. I never said I had dr appt on May 20. That again is velocity saying that.

You guys want to have a reason.

22.
23.
24.

25.     Here is a woman who never expected the termination of an employee would turn into a federal criminal matter.

26.     Now, that this is in federal court where all of the lies she told will come to light and Ogltree Deakins expected her to "**testify**" and in a federal **proceeding**.  Of course she quit.  She knows what is at stake.


Sat 10/23/2021 7:13 PM
Garrisonamz Jones <garrison.amz@outlook.com>
**dude forgot to tell you**
To    garrison.jones@outlook.com

Hey I forgot to tell you  Shauna Coleman just quit and they say its directly because of you.

27.

28.

29.     No lie lives forever.

30.

31.     What he may not accept is that she knew the day would come where all of the criminal acts and fraud would someday come back and haunt her and Velocity.  The CEO of Velocity left/resigned weeks ago for the same reason.

32.     What Shauna Coleman did not tell was that law enforcement had reached out to her multiple times investigation her role in multiple criminal acts of fraud against the federal government and specifically her role in the false fabricated FMLA complaint of July 19, 2018.

33.     The plaintiff uncovered this via an FOIA request and response on September 30, 2020 over 2 years after it was filed.

34.     He appealed this false fabricated FMLA complaint and reported it to authorities.

35.     It took some time but in the past 2 weeks, it was determined that it was Shauna Coleman who contacted the USDOL on July 19, 2018 and filed this false FMLA complaint using personal identifying information from the plaintiff employee file, impersonating and implicating him as the person filing this complaint.

36.     This like all the previous false implications has been overturned and reversed.

37.    However, they have concluded that the plaintiff did not and could not have filed this complaint.

38.    Just by sheer coincidence one of the investigators who had most of the evidence, looked at the LinkedIn profile of Shauna Coleman and compared it to the evidence sent by the plaintiff and found the link directly to her as the person who committed this federal crime.

39.    This is why she left, she knew eventually she would be uncovered and just like the other cowards who left Velocity, and she thought leaving and going to another company would disconnect the audit trail back to her.

40.    Shauna Coleman was mistaken.

41.    There in her LinkedIn profile was the connection to multiple fraudulent copies where all of them had been created by Ogltree Deakins and velocity and were connected to Shauna Coleman.

42.    Plaintiff after he uncovered this false fabricated FMLA complaint pointed out to the USDOL that this was a "female" who made this complaint.

43.    This person had intimate knowledge of the issues between plaintiff and Velocity

44.    This person had in their possession Velocity and Plaintiff information

45.    However, the intake person recorded the phase "she" and "her" a total of 17 times total, proving they were talking to a female

46.    Next the intake person also recorded the phrase "VTS" a total of 5 times

47.    In the linked in profile and

**Exhibit S1 - Shauna** Coleman LinkedIn profile also has the phase VTS. Showing she is the only one that used this in the past and did so on multiple fabricated documents in the possession of Ogltree Deakins.

This is not a coincidence at all.  She implicated both herself and Ogltree Deakins because all of these document came from them and their criminal fraudulent activity against and with the USDOL and fraud upon the federal government.

His intent was to use this forgery to in his mind "put the nail in the coffin" however, the only coffin he sealed is his own.

48.     After defense counsel Anthony Decristoforo has not simply misrepresented undisputable facts but he lied   a documented 19 specific times since his appearance in his 9 months absence of not filing a single pleading, he has to audacity to create and **blatantly** file a document that he created and is a complete forgery, under the assumption that no one would challenge him or question its authencity.

49.     He even "baited" the plaintiff stating

> 2.     Attached as Exhibit A is a true and correct copy of a letter dated May 22, 2018, that,
>
> on information and belief, was sent by the Plaintiff to the United States Department of Labor and
>
> which Plaintiff refers to in his Opposition as a thank you letter. Oppo. [DKT 88] at 10.  This letter
>
> "bears the subject line "Formal FMLA Complaint against Velocity Technology solutions (sic)."

50.     The plaintiff, actually received for the first time the fabricated FMLA complaint letter sent to the USDOL by Ogltree Deakins attorney Jennnifer Colvin on August 24, 2018 via an FOIA Request and Response on June 8, 2021.

51.     Plaintiff held onto this document as he knew that counsel would go back to the roots of his organization and eventually commit some form of fraud and forgery in this case.

52.     Plaintiff held onto this document for four (4) months and low and behold after counsel was so sure that he could get away with this forgery, he filed Document 94 on September 9, 2018.

53.     Plaintiff immediately knew it was a forgery however, he needed the USDOL to verify it did not come from them.

54.     That answer came on October 18, 2021 via FOIA response   2021-f-12837 where they confirmed after plaintiff sent them this docuent as well as the one from June 8, 2021 **confirming it was a forgery** and there was no record of this document in their files.

55.     Forged Evidence Calls Out for Entry of Judgment as the appropriate Sanction in this Litigation.

56.     Forged evidence and documents have become more prevalent as parties can use programs such as Adobe Acrobat to alter key documents. Our firm has faced

issues where documents have been forged and sought sanctions to rectify the situation including the sanctions of entry of a judgment in favor of the plaintiff.

57.     Velocity and Ogltree Deakins have been fueled by the lack of retaliation by this court and other jurisdictions in the fraud they have continued and repeatedly committed.

58.     As such, this has given them a false illusion that nothing will ever happen to them so they blatantly commit acts of this nature and it is extremely prejudicial to the plaintiff.

59.     Plaintiff has relentlessly been the subject and victim of this type of criminal fraud committed against him mainly because he is black.

60.     Velocity and Ogltree in the past have done this behind his back and forced him to discover this own his own and take months to appeal to reverse and overturn the false claims, allegations and complaints made against him.

61.     However, on this occasion, he has caught them red-handed and this court must act.  This is the most inexcusable act of a so called "officer of the court" who if he had confidence in his documents or the outcome of this case, he never would have had the need to stoop to the level of creating and submitting a forgery document to the court in an effort to win this case.

62.

To totally transpose onto a totally bogus document…is the most egregious fraud on the court that this Court cannot not tolerate from any party.

63.      Counsel has quoted many cases in his attempt to mis-direct the courts attention away from his lies and deception.  But none of those precedents have a defense counsel who has lied as many times as decristoforo and none of those cases have an event where an attorney forged an FMLA document to gain a verdict in their favor on behalf of their client and none were caught doing it like decristoforo.

- 12 -

64.     " *Flava Works, Inc. v. Momient, 11 C 6306, 2013 WL 1629428 at \*2 (N.D. Ill. Apr. 16, 2013)*

65.     It is the court responsibility to the plaintiff's (the offending party Velocity and their attorneys from Ogltree Deakins) that their case would be <u>immediately</u> be dismissed with prejudice as a sanction for this fraud on the court.. *Id. at \*3 (citing Pope v. Fed. Express Corp., 974 F.2d 982 (8th Cir.1992) and Chambers v. NASCO, Inc., 501 U.S. 32 (1991)).*

66.     Moreover, all courts have the inherent authority to sanction a party who "has acted not only a simplicity of bad faith, but with **premeditated criminal intent** to commit this act with vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, 501 U.S. 32, 33, 45-46 (1991).*

67.     It is well recognized that any sanction short of dismissal with prejudice or entry of judgment against a party fails as sufficient punishment for reliance upon inauthentic, forged evidence. In Quela v. Payco-Gen. Am. Creditas, Inc., finding "that **default judgment for criminal fraud upon the <u>court is the only appropriate remedy under the inherent power of the court.</u>**"

**Fraud upon the court  vitiates the entire proceeding**

68.         It is also clear and well-settled federal law that any attempt to commit "fraud upon the court" **vitiates the entire proceeding**. *The People of the State of Illinois v. Fred E. Sterling, 357 Ill. 354; 192 N.E. 229 (1934)*

69.     ("The maxim that fraud vitiates every transaction into which it enters applies to judgments as well as to contracts and other transactions*."); Allen F. Moore v. Stanley F. Sievers, 336 Ill. 316; 168 N.E. 259 (1929)*

70.     ("The maxim that fraud vitiates every transaction into which it enters ..."); In re Village of Willowbrook, 37 Ill.App.2d 393 (1962) ("It is axiomatic that fraud vitiates everything."); *Dunham v. Dunham, 57 Ill.App. 475 (1894), affirmed*

- 13 -

*162 Ill. 589 (1896); Skelly Oil Co. v. Universal Oil Products Co., 338 Ill.App. 79, 86 N.E.2d 875, 883-4 (1949); Thomas Stasel v. The American Home Security Corporation, 362 Ill. 350; 199 N.E. 798 (1935).*

71.      Under Federal law, when any office of the court has committed fraud upon the court, the order, transactions and judgements are all void and of no legal force or effect.

72.

73.      There are too many glaring issues with both documents that were forged documents by Ogltree Deakins attorneys. A three year old can see them if they can read.

74.      One document has the address in Chicago and the other has the USDOL address in Wheaton, Illinois.

75.      One document has a forged signature, decristoforo copy does not.

76.      Decristoforo copy has different information at the bottom of his forgery and the other is blank.

77.      **He really was under the impression that he could blatantly get away with this**.

78.      Yet in his motion to dismiss he does not mention it at all, instead he lies about page count and misdirects the court away from his criminal intent.

79.

80.      Counsel is very concerned that the window is closing on the fraud he has committed against this court and the fact he has been caught red handed.

81.      He is confused as to what case he is pleading against.

- 14 -

82.     There are no orders on this case that state anything whatsoever he is stating in his motion to dismiss.  This is and cannot be a 2 for 1 special as he intends. All of this is nothing more than "**misdirection**".

83.     **This is what criminals do when they are caught.**

84.     This complaint was filed on the same day as the order in the other case 2:19-cv-02374.  He wants to get a two for one special because the truth has finally surfaced as far as the federal criminal violations of the law committed by both Velocity and Ogltree Deakins attorneys.  They are now coming to light.

85.     On October 18, 2021 the USDOL has just confirmed that the fabricated FMLA letter presented to this court by decristoforo did not come from the records of the USDOL.

86.     In addition, in a parallel investigation it has been uncovered that the false fabricated FMLA complaint filed on July 19, 2018 was filed by Velocity HR Director, Shauna Coleman.

87.     There has been intermittent contact with her by investigators for the past few months.  In a turn of events she resigned from Velocity assuming that she could escape the investigation but one of the investigators looked on her "matched wording in the false fabricated FMLA complaint.  She referred to Velocity as VTS in her profile the same **VTS that is in the false complaint where it was recorded a total of 5 times.**

88.    Shauna Coleman knew her time was up and just like all the other Velocity executives and General Counsel who all knew the day would come where people will begin to go to prison.  That day is upon us.  Beginning with decristoforo.

89.    There are 4 open federal criminal investigations that are in progress and for 4 moths I have supplied them with enough evidence and exhibits for indictment and prosecution.

90.    I will no longer allow these criminals to use me and my personal identifying information as the **"step on nigger".**

91.

92.    This was no coincidence as it was recorded 5 times in the false complaint as well, the intake person **recorded the phrase "her and "she" a total of 17 times** indicating she was speaking with a female who was making the false complaint.

93.    The odds of all this as well as the observation that this person Shauna Coleman had knowledge of specific information in regards to Velocity and the unlawful acts they committed verifies it was her who made this call to the USDOL on July 19, 2018 with the advice of Ogltree Deakins.

94.    This is merely his reaction from being contacted by upper executives from the law firm of Ogltree Deakins who now know the shadow his acts have put upon the law firm.

95.    In addition, the USDOL has already sent a response to plaintiff dated October 18, 2021 that the complaint document attached to document 94 sent to

the court by decristoforo did not come from nor was it sent to anyone at Velocity or Ogltree Deakins from their agency.

96.   **decristoforo manufactured it and then try to retro-fit it back to May 22, 2018 assuming that no one would question or confront him as well no one would fact check this forgery he submitted to the court.  He was wrong.**

97.   The court must put a stop to this because he will not.  He will continue to commit fraud and lie until someone other than the plaintiff steps in an apply the most serious sanction the law allows.

98.   Federal law enforcement will be knocking on his door.

99.   This illustrates that the communication by the plaintiff to Ogltree Deakins executives woke them up, and they contacted decristoforo and he reacted.

100.   However, it will not help.  Even if the court makes the wrong decision against the plaintiff, it does not erase the fraud he has committed nor will it erase the forged documents and evidence against him.

101.   He wants to focus on the enormous amount of undisputed evidence that has been uncovered of fraud upon this court and he court in Northern Illinois and not the facts.

102.   The fact is anyone or organization facing criminal charges and are can be sued in civil court at the same time.

103.   This especially since it was the plaintiff who has uncovered all of the state and federal criminal offenses committed by Ogltree Deakins attorneys and Velocity.

104.   ... It is possible for someone to breaks the law, they face those associated charges, and also receive notice that they are being sued by a victim from that event/crime and that's exactly what both Velocity ad Ogltree Deakins are facing.

105.    They are facing federal prison for the multiple federal criminal offenses they both have committed against the US Federal government and specifically the criminal offenses they both have committed against the plaintiff Garrison Jones.

106.    The best defense they can come up with is sentence structure and penmanship as the means of escape.

107.    Every crime victim has the right to file a civil lawsuit seeking financial compensation from the perpetrator or from other parties whose unreasonable conduct gave rise to conditions which allowed the crime to occur.

108.    Not only were these crimes committed by Velocity but they have been **financed by Navisite**.

109.    There are Federal and state laws also generally sets out the source of funding for the compensation program—often a fine on criminal offenders. Some state compensation programs also administer a separate program to collect offender profits from crime.

110.    It is clear the organization who has profited from these crimes is the law firm of Ogltree Deakins.  They have never acted under the umbrella of simply providing "legal **services**.

111.    They have from the beginning been active participants in the criminal activity, participants and designers in the conspiracy, creator of forged documents and criminal advisors on behalf of Velocity.

112.    They have no indemnification or immunity as a third party.  No one broke their arms to prevent them from creating and submitting the forgery of documents to this court.  However, it is apparent they were paid or have a significant monetary incentive to do so.

- 18 -

113.     The fact is defense counsel has been **caught red handed committing fraud** upon this court and is desperate in attempting to avoid disbarment and the federal criminal violations of the law that are the consequences of his intentional acts.

114.     Furthermore the complaint was filed on the same date of the order **September 28, 2021 before the order document 98 and he has yet to file his amended complaint.**

115.     In addition, the plaintiff has notified the Board of Directors of Ogltree Deakins of the criminal acts and forgery committed by both attorneys in the current case with exhibits and as such, they have reached out to Decristoforo to alert him.

116.     In as much, they have condone his conduct and have allowed him to quickly put forth this motion to dismiss to in his mind counter the uncovering of fraud and forgery.

117.     The court must see thru this tactic.

118.     The **"red herring"** is back to his usual tactics assuming he can plead and talk his way out of the fraud he has been caught committing.

119.     There cannot be a short statement for his acts that will allow this court to make the proper decision in this case.

120.     In addition, federal and state prosecutors have both already been informed and have evidence of both state and federal crimes committed as well as the forged documents Anthony Decristoforo has submitted to this court.

- 19 -

federal criminal violations of the law that are the consequences of his intentional acts.

114.     Furthermore the complaint was filed on the same date of the order **September 28, 2021 before the order document 98 and he has yet to file his amended complaint.**

115.     In addition, the plaintiff has notified the Board of Directors of Ogltree Deakins of the criminal acts and forgery committed by both attorneys in the current case with exhibits and as such, they have reached out to Decristoforo to alert him.

116.     In as much, they have condone his conduct and have allowed him to quickly put forth this motion to dismiss to in his mind counter the uncovering of fraud and forgery.

117.     The court must see thru this tactic.

118.     The **"red herring"** is back to his usual tactics assuming he can plead and talk his way out of the fraud he has been caught committing.

119.     There cannot be a short statement for his acts that will allow this court to make the proper decision in this case.

120.     In addition, federal and state prosecutors have both already been informed and have evidence of both state and federal crimes committed as well as the forged documents Anthony Decristoforo has submitted to this court.

121.    This complaint has nothing to do with the current case as most of the
        evidence has been accumulated since May 2020.

122.

123.    **Here is the fraud**.

124.    On **September 9, 2021 in document 94** submitted by Ogltree Deakins
        attorney Anthony Decristoforo he submitted as Exhibit 1 a document he claims
        was sent by the plaintiff to the USDOL on May 22, 2018.  It is a forgery.


125.    On June 8, 2018 plaintiff received a different version of this same letter
        dated the same date May, 22, 2018.  It is also a forgery.



126.    This document was a forgery too and was sent to the USDOL by Ogltree
        Deakins attorney Jennifer Colvin on August 24, 2018 along with a fabricated
        withdrawal letter.  They arrived at the same time.

127.    It is not for an FMLA complaint in the files of the USDOL on May 22,
        2018.

128.    Ogltree Deakins wanted to "**force feed**" and make the USDOL and this
        court believe there was one.

129.    It is was attached to another False fabricated FMLA complaint filed by
        Velocity and Ogltree Deakins filed on July 18, 2018.

130.    The USDOL has already investigated and determined that the plaintiff did
        not and could not have filed the July 19, 2018.

131.    The USDOL investigated and determined that their records do not contain a
        single FMLA complaint filed by plaintiff Garrison Jones against Velocity
        Technology Solutions.

- 21 -

132.     All of the FMLA complaints, documents and the forged documents sent to the USDOL, the District Court in Northern Illinois and this court were all manufactured by Velocity and Ogltree Deakins for the purpose of preventing and escaping the financial consequences of terminating the plaintiff while on FMLA medical leave.

133.     The forgery of documents were created to make it appear they came from the plaintiff **were to benefit Velocity and was devised by Ogltree** as they knew FMLA was under the jurisdiction of the federal government and specifically the USDOL.

134.     They used personal identifying information from his employee file to make them appear authentic.

135.     It was their intent to use them up until the plaintiff beat them to it and discovered them on his won over 2 years later via a FOIA request to the USDOL.

1.  Velocity agreed to extend the plaintiffs FMLA leave on May 9, 2018 but still continued to commit multiple interferences against the plaintiff.

## CONCLUSION

Plaintiff moves this court for a default judgment against the defendants and their counsel from Ogltree Deakins in additions to the most severe sanction the court can be levied against Ogltree Deakens and Velocity.

**Plaintiff was not even in the state of Illinois on May 22, 2018**   He was in California courtesy of his new Employer Prime Healthcare on an extended interview with the CIO and CEO of the organization.

There is not one dispute of the evidence in the case. Decristoforo has quoted everyone except flipper and he still has not been able to lie his way away from the forgery he submitted to this court.

The plaintiff is a crime victim and any crime victim has a right to sue and file a complaint against the person or organization who committed the crime.

I have committed no crime all I have done is because I am not a lawyer and if the life I have seen from counsel who is not a lawyer but a liar, then I do not want to be one. I do know when I see wrong committed against me I will confront it.

This is not an FMLA complaint or related to employment.
This case is about criminal fraud committed against the US Federal Government where they were targeted by Ogltree Deakins as he dumping ground/depository of criminal fraud they conspired on behalf of their client Velocity.

They were so used to doing this behind the back of the plaintiff and gaps of months prevented discovery.  Now that he can defend himself and catch them in lies and fraud, they cry like babies claiming penmanship, and sentence structure are the means for dismissal because they cannot counter with any truth or evidence.
**The have been caught red handed.**

Somebody tell Ogltree Deakins and specifically attorney decristoforo the next time they want to **frame another black man for murder** or for **sending fabricated documents to the USDOL** or for **implicate and frame him for filing a FMLA**

complaint with the USDOL, make sure first **he has the same phone number** and it **verify it is not disconnected**, then make sure he is **actually in the same town** you claim he is in  and not on the other side of the country before you try to send him to prison and frame him for anything especially a crime or act he could not have **committed.**

Respectfully submitted,

Dated: October 25, 2021

**Garrison Jones Plaintiff (**Pro Se
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

# PLAINTIFF

# EXHIBITS

*10/18* [handwritten]

**U.S. Department of Labor**      Wage and Hour Division
Washington, DC 20210    

*FOIA RESPONSE* [handwritten]

*10/18/21* [handwritten]    *A* [handwritten]

October 18, 2021

Garrison Jones          Sent via email to *garrison.jones@outlook.com*
P O Box 188911
Sacramento, California 95818

*NO RECORD OF DERISTOTORO FALSE FMLA COMPLAINT LETTER* [handwritten]

RE:    Freedom of Information Act Response
Tracking Number 2021-F-12837

Dear Mr. Jones:

The Wage and Hour Division of the U.S. Department of Labor (WHD) is responding to your
request made under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, dated September
15, 2021. Specifically, you requested any WHD document entered or received from Ogltree
Deakins or Velocity technology Solutions.

In accordance with 29 CFR § 70.20(a), we include responsive documents in our possession as of
the date our search began.  The search began on October 15, 2021.  After performing an
electronic search of the Wage and Hour Investigative Support and Reporting Database, we did
not locate any documents responsive to your request. Consequently, we are providing a "no
records" response. You have not been assessed related fees as the processing costs incurred did
not exceed the chargeable minimum:

For further assistance, please contact June Wheeler by email at *wheeler.june.l@dol.gov* or call
678-237-0547. You may also call this office at 202-693-1004. If we cannot assist you in your
concerns, you may contact the Departmental FOIA Public Liaison, Thomas Hicks, at 202-693-
5427 or email at *hicks.thomas@dol.gov*. Alternatively, you may contact the Office of
Government Information Services National Archives and Records Administration regarding
available mediation services at Office of Government Information Services, National Archives
and Records Administration, 8601 Adelphi Road, College Park, MD 20740-6001. You can also
reach that office by email at *ogis@nara.gov*, by phone at 202-741-5770, by fax at 202-741-5769,
or by calling toll-free at 877-684-6448.

Finally, if you are not satisfied with the response to this request, you may administratively appeal
by writing to the Solicitor of Labor within 90 days from the date of this letter. The appeal must
state in writing the grounds for the appeal, and it may include any supporting statements or
arguments, but such statements are not required. In order to facilitate processing of the appeal,
please include your mailing address and daytime telephone number, as well as a copy of the
initial request and copy of this letter. The envelope and letter of the appeal should be clearly
marked "Freedom of Information Act Appeal." Any amendment to the appeal must be made in
writing and received prior to a decision.

The appeal should be addressed to the Solicitor of submitted by email to *foiaappeal@dol.gov*. Appeals submitted to any other email address will not be accepted.

Sincerely,

OKECHI CHIGEWE
Digitally signed by OKECHI CHIGEWE
Date: 2021.10.18 16:21:19 -04'00'

Okechi Chigewe
Acting Chief, Branch of Document Management

**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | Garrison Jones |
| **Sent:** | Monday, September 13, 2021 3:43 PM |
| **To:** | foiarequests@dol.gov |
| **Subject:** | FOIA REQUEST DOCUMENTS SENT TO velocity TECHNOLOGY SOLUTIONS OR Ogltree DEAKINS- Garrison Jones |
| **Attachments:** | DOCUMENT 94 MAIN DECLARATION OF ANTHONY DECRISTOFORO 09_09_2021.pdf; 2021-F-09036 Responsive Documents.pdf; 2021-F-09036 Request.pdf; 2021-F-09036 Response.pdf |
| **Importance:** | High |

I am hereby submitting a FOIA request for any and all documents sent to Velocity Technology Solutions and Ogltree Deakins that was dated May 22, 2018 from 2017 until the current date.

On September 9 , 2021 Ogltree Deakins attorney submitted a document to the eastern District of California I case number 2:19-cv-02374 Document 94 where he included a document that he claims was sent to the US Department of Labor on May 22, 2018.

I have from a previous FOIA request received a document from that date that does not match in anyway the document he included.
I know it is a forgery and that it was the attorneys at Ogltree Deakins who created this forgery from the beginning.

They are claiming that I sent this document to the US Department of Labor in Chicago and I know I did not.
I just learned of its existence in on June 8, 2021 from the FOIA response I received from the US Department of labor.

I am including in this request his document from September 9 Document 94 and I am also including the FOIA response I received on June 8, 2021 to illustrate that  this is a forgery created by Ogltree Deakins .

I simply need to know if this document exist in your system the date it was entered/received and if and when it was sent to anyone from Ogltree Deakins or

Velocity technology Solutions or anyone else from the year 2017 to the current
date

As you can see on Page 5 of FOIA response 2021-F-09036 the response I received
on June 8, 2021 has my signature on page 5.

---

In other emails sent, I am demonstrating the web of lies being told in regards to the reference to May 20
alleged dr. appoint that VTS claim that I had and the reason why they extended the date from May 15, 20, 2018.

I want to state again,

1. I never made such a statement or request for any extension VTS mentioned this in a previous e

2. message (also included) back in February 2018; I was still in Outpatient rehab at the time.

3. Message was sent proactively by VTS without my knowledge.

4. Email to VTS dated May 17, 2018 in response to Shauna Coleman's' email where I told them tha
   a weak attempt at trying to manufacture a reason to use FMLA as a disciplinary tool and create a
   trail, as May 20, 2018 was a Sunday and that I would have never made such an appointment no
   any dr scheduled me for an appointment on a Sunday 5 months ago.

5. Also included is an email to Shauna Coleman, Human Resource director, that I informed her thr
   and the EEOC investigator were awaiting on proof of my request, i.e. email or phone records to s
   her message in regards to the May 20, 2018 date as of today, May 23, 2018 no response has beer
   and none will be as there is no such proof that they can submit. It never happened, as I never di
   they are claiming.

Please be so kind and send any further communication to the mail address on file along with rep
number assigned to this complaint

Thanking you in advance for your attention to this matter

Rating

Sincerely

Garrison Jones

Enclosures

Nine email messages

---

However on the copy he attached which I think is a forgery created by Anthony
Decristoforo the page does not have my signature and is completely different.

2


**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | Garrison Jones |
| **Sent:** | Monday, September 13, 2021 3:43 PM |
| **To:** | foiarequests@dol.gov |
| **Subject:** | FOIA REQUEST DOCUMENTS SENT TO velocity TECHNOLOGY SOLUTIONS OR Ogltree DEAKINS- Garrison Jones |
| **Attachments:** | DOCUMENT 94 MAIN DECLARATION OF ANTHONY DECRISTOFORO 09_09_2021.pdf; 2021-F-09036 Responsive Documents.pdf; 2021-F-09036 Request.pdf; 2021-F-09036 Response.pdf |
| **Importance:** | High |

I am hereby submitting a FOIA request for any and all documents sent to Velocity Technology Solutions and Ogltree Deakins that was dated May 22, 2018 from 2017 until the current date.

On September 9 , 2021 Ogltree Deakins attorney submitted a document to the eastern District of California I case number 2:19-cv-02374 Document 94 where he included a document that he claims was sent to the US Department of Labor on May 22, 2018.

I have from a previous FOIA request received a document from that date that does not match in anyway the document he included.
I know it is a forgery and that it was the attorneys at Ogltree Deakins who created this forgery from the beginning.

They are claiming that I sent this document to the US Department of Labor in Chicago and I know I did not.
I just learned of its existence in on June 8, 2021 from the FOIA response I received from the US Department of labor.

I am including in this request his document from September 9 Document 94 and I am also including the FOIA response I received on June 8, 2021 to illustrate that  this is a forgery created by Ogltree Deakins .

I simply need to know if this document exist in your system the date it was entered/received and if and when it was sent to anyone from Ogltree Deakins or

1

Velocity technology Solutions or anyone else from the year 2017 to the current date

As you can see on Page 5 of FOIA response 2021-F-09036 the response I received on June 8, 2021 has my signature on page 5.

---

In other emails sent, I am demonstrating the web of lies being told in regards to the reference to May 20 alleged dr. appoint that VTS claim that I had and the reason why they extended the date from May 15, 20 20, 2018.

I want to state again,

1. I never made such a statement or request for any extension VTS mentioned this in a previous e

2. message (also included) back in February 2018; I was still in Outpatient rehab at the time.

3. Message was sent proactively by VTS without my knowledge.

4. Email to VTS dated May 17, 2018 in response to Shauna Coleman's' email where I told them tha a weak attempt at trying to manufacture a reason to use FMLA as a disciplinary tool and create a trail, as May 20, 2018 was a Sunday and that I would have never made such an appointment no any dr scheduled me for an appointment on a Sunday 5 months ago.

5. Also included is an email to Shauna Coleman, Human Resource director, that I informed her thr and the EEOC investigator were awaiting on proof of my request, i.e. email or phone records to s her message in regards to the May 20, 2018 date as of today, May 23, 2018 no response has beer and none will be as there is no such proof that they can submit. It never happened, as I never di they are claiming.

Please be so kind and send any further communication to the mail address on file along with rep number assigned to this complaint

Thanking you in advance for your attention to this matter

Rating

Sincerely

Garrison Jones

Enclosures

Nine email messages

---

However on the copy he attached which I think is a forgery created by Anthony Decristoforo the page does not have my signature and is completely different.

In other emails sent, I am demonstrating the web of lies being told in regards to the reference to May 20, 2018 and alleged dr. appoint that Velocity Technology Solutions claim that I had and the reason why they extended the date from May 15, 2018 to May 20, 2018

I want to state again,

1. I never made such a statement or request for any extension Velocity Technology Solutions mentioned this in a previous email

2. message (also included) back in February 2018; I was still in Outpatient rehab at the time.

3. Message was sent proactively by Velocity Technology Solutions without my knowledge.

4. Email to Velocity Technology Solutions dated May 17, 2018 in response to Shauna Coleman's' email where I told them that this was a weak attempt at trying to manufacture a reason to use FMLA as a disciplinary tool and create an audit trail, as May 20, 2018 was a Sunday and that I would have never made such an appointment nor would any dr scheduled me for an appointment on a Sunday 5 months ago.

5. Also included is an email to Shauna Coleman, Human Resource director, that I informed her that both me and the EEOC investigator were awaiting on proof of my request, i.e. email or phone records to support her message in regards to the May 20, 2018 date as of today, May 23, 2018 no response has been received and none will be as there is no such proof that they can submit. It never happened, as I never did what they are claiming.

Please be so kind and send any further communication to the mail address on file along with report/case number assigned to this complaint

Thanking you in advance for your attention to this matter

Rating

Sincerely

Garrison Jones

**Company address**

1901 Roxborough Rd
Floor 4
Charlotte, North Carolina 28211

- CEO Keith Angell   Coleman   keith.angell@velocitycloud.com

- Director of HR, Shauna Coleman   shauna.coleman@velocitycloud.com
  o 704.357.7721 | m 845.282.6955 | l 703.935.1269

3

I did not create this document and I need to know if it came from your organization or as I suspect it is a forgery.

I have attached full copies of each of these documents for your investigation.

I have included the request and the responses from your agency received on June 8, 2021 and his document 94 from September 9, 2021

Please see Exhibit A he has attached which I know is a forgery.

I have a hearing for fraud upon the court where it will be crucial if I had your response ASAP, Thank you

Please send any documents that match any release to my email address garrison.jones@outlook.com

Thank you

*Cohin Version*

May 22, 2018

Mr. Garrison Jones
705 West Liberty Drive
Wheaton, Illinois 60187

U.S. Department of Labor
Wage and Hour Division
219 S Dearborn
Chicago, Illinois 60607

Re: Formal FMLA Complaint against Velocity Technology solutions

Dear Sir

Thank you for your direction in handling this complaint. I understand that I do not need to file a formal compliant and can proceed directly to addressing this issue in federal court, however I want to have this on record with your agency as my initial starting point

Separately will be bullet points of my complaint against Velocity. My biggest concern is I sense they are going to try to use FMLA to terminate me for the second time with false claims of non-compliance with FMLA.

I have included as attachments with this letter several emails to support my complaint. One email in particular shows the two dates we discussed related to acknowledgement of the medical condition and my email to Velocity in Jan 2018 showing that they were too busy retaliating against me for filing the discrimination complaint that they dropped the ball on FMLA . Again, I never had a conversation with anyone from VTS or an email that remotely explained the provisions of FMLA. In addition despite what she claims in the email, Shauna Coleman, Human Resource Director, never mailed anything to my home regarding FMLA.

As the same in my email, this letter and my upcoming lawsuit against Velocity, from the time of my illness to the time they provided me with any FMLA information (incorrect on all counts) 66 (sixty – Six) days had elapsed. Per the notifications and requirements, this was supposed to occur in five business days and it did not.

There were no extenuating circumstances on why they did not do it except as I stated in my email they were busy fiercely retaliating against me,

In addition to the emails is the actual Notice of eligibility form filled out by Shauna Coleman, Human Resource director that clearly shows 2 dates

1. February 20, 2018 ( my one year anniversary of my hire)
2. The original date of my injury November 18, 2017) please note the actual date was Nov. 17, 2017 I was admitted to hospital on Nov. 18, 2018.

In this document, she again states that I "requested FMLA" and per the 3rd email sent to you "I clearly say, "I did not "

In other emails sent, I am demonstrating the web of lies being told in regards to the reference to May 20, 2018 and alleged dr. appoint that VTS claim that I had and the reason why they extended the date from May 15, 2018 to May 20, 2018.

I want to state again,

1. I never made such a statement or request for any extension VTS mentioned this in a previous email

2. message (also included) back in February 2018; I was still in Outpatient rehab at the time.

3. Message was sent proactively by VTS without my knowledge.

4. Email to VTS dated May 17, 2018 in response to Shauna Coleman's' email where I told them that this was a weak attempt at trying to manufacture a reason to use FMLA as a disciplinary tool and create an audit trail, as May 20, 2018 was a Sunday and that I would have never made such an appointment nor would any dr scheduled me for an appointment on a Sunday 5 months ago.

5. Also included is an email to Shauna Coleman, Human Resource director, that I informed her that both me and the EEOC investigator were awaiting on proof of my request, i.e. email or phone records to support her message in regards to the May 20, 2018 date as of today, May 23, 2018 no response has been received and none will be as there is no such proof that they can submit. It never happened, as I never did what they are claiming.

   Please be so kind and send any further communication to the mail address on file along with report/case number assigned to this complaint

   Thanking you in advance for your attention to this matter

Rating

                                        Sincerely

                                        Garrison Jones

Enclosures

Nine email messages

contact Phone 916-820-4960

Email-garrison.jones@outlook.com

~~ELENA~~ dEcRisToFoRO VERsiON

May 22, 2018

Mr. Garrison Jones
705 West Liberty Drive
Wheaton, Illinois 60187

U.S. Department of Labor
Wage and Hour Division
219 S Dearborn
Wheaton, Illinois 60187

Re: Formal FMLA Complaint against Velocity Technology solutions

Dear Sir

Thank you for your direction in handling this complaint.  I understand that I do not need to file a formal
compliant and can proceed directly to addressing this issue in federal court, however I want to have this on record
with your agency as my initial starting point

Separately will be bullet points of my complaint against Velocity.  My biggest concern is I sense they are going to
try to use FMLA to terminate me for the second time with false claims of non-compliance with FMLA.

I have included as attachments with this letter several emails to support my complaint.  One email in particular
shows the two dates we discussed related to acknowledgement of the medical condition and my email to Velocity
in Jan 2018 showing that they were too busy retaliating against me for filing the discrimination complaint that
they dropped the ball on FMLA .  Again, I never had a conversation with anyone from Velocity Technology
Solutions or an email that remotely explained the provisions of FMLA.  In addition despite what she claims in the
email, Shauna Coleman, Human Resource Director, never mailed anything to my home regarding FMLA.

As the same in my email, this letter and my upcoming lawsuit against Velocity, from the time of my illness to the
time they provided me with any FMLA Information (Incorrect on all counts) 66 (sixty – Six) days had elapsed.
Per the notifications and requirements, this was supposed to occur in five business days and it did not.

There were no extenuating circumstances on why they did not do it except as I stated in my email they were busy
fiercely retaliating against me.

In addition to the emails is the actual Notice of eligibility form filled out by Shauna Coleman, Human Resource
director that clearly shows 2 dates

1.  February 20, 2018 ( my one year anniversary of my hire)
2.  The original date of my injury November 18, 2017) please note the actual date was Nov. 17, 2017 I was
    admitted to hospital on Nov. 18, 2018.

In this document, she again states that I "requested FMLA" and per the 3rd email sent to you "I clearly say, "I did
not "

In other emails sent, I am demonstrating the web of lies being told in regards to the reference to May 20, 2018 and alleged dr. appoint that Velocity Technology Solutions claim that I had and the reason why they extended the date from May 15, 2018 to May 20, 2018.

I want to state again,

1.  I never made such a statement or request for any extension Velocity Technology Solutions mentioned this in a previous email

2.  message (also included) back in February 2018; I was still in Outpatient rehab at the time.

3.  Message was sent proactively by Velocity Technology Solutions without my knowledge.

4.  Email to Velocity Technology Solutions dated May 17, 2018 in response to Shauna Coleman's' email where I told them that this was a weak attempt at trying to manufacture a reason to use FMLA as a disciplinary tool and create an audit trail, as May 20, 2018 was a Sunday and that I would have never made such an appointment nor would any dr scheduled me for an appointment on a Sunday 5 months ago.

5.  Also included is an email to Shauna Coleman, Human Resource director, that I informed her that both me and the EEOC investigator were awaiting on proof of my request, i.e. email or phone records to support her message in regards to the May 20, 2018 date as of today, May 23, 2018 no response has been received and none will be as there is no such proof that they can submit.  It never happened, as I never did what they are claiming.

    Please be so kind and send any further communication to the mail address on file along with report/case number assigned to this complaint

    Thanking you in advance for your attention to this matter

Rating

Sincerely

Garrison Jones

**Company address**

1901 Roxborough Rd
Floor 4
Charlotte, North Carolina 28211

- CEO Keith Angell   Coleman   keith.angell@velocitycloud.com

- Director of HR, Shauna Coleman   shauna.coleman@velocitycloud.com

o 704.357.7721 | m 845.282.6955 | f 703.935.1269

## FRAUD / FORGREY COMPARISION

| Decristoforo version<br>Colvin Version |
| --- |
| U.S. Department of Labor<br>Wage and Hour Division<br>219 S Dearborn<br>Wheaton, Illinois 60187<br><br>**Decristoforo Version**<br>**Wheaton, Illinois 60187 (wrong) Office in Federal building downtown Chicago** |
| U.S. Department of Labor<br>Wage and Hour Division<br>219 S Dearborn<br>Chicago, Illinois 60607<br><br>**Colvin Version address in Chicago, Illinois  60607 the actual address of federal building** |
| 3.  Message was sent proactively by Velocity Technology Solutions without my knowledge.<br>D<br>**Decristoforo Version**<br>**Does not contain same as Colvin (VTS) is spelled out in Decristoforo Version** |



51

Search

Home My Network Jobs

**Shauna Coleman** (She/Her)

Chief Human Resources Officer at 3Gtms

communicate and support Velocity's mission and strategic vision, through operational plan development.

- Develop HR plans and strategies to support the achievement of the overall business operational objectives.

- Function as a strategic business advisor to the executive/senior management of each business unit or specialty group regarding key organizational and management issues.

- Work with the executive management to establish a sound plan of management succession that corresponds to the strategy and objectives of VTS.

Shauna Coleman LinkedIn Profile 10_16_2021

Use of VTS abbreviation



## WHISARD Complaint Information Form

### U.S. Department of Labor
Wage And Hour Division

| | | | |
|---|---|---|---|
| Complaint ID: | *3850645* | Receiving *Chicago IL District Office* | Last updated by *Diane Wright* |
| Date of Contact: | *7/19/2018* | Contact Priority: | Last updated *8/24/2018* |
| Complaint Status: | *FILED-NO ACTION* | Contact Type: | See customer history log for Contact type(s) |

### Establishment Information

| | | | |
|---|---|---|---|
| Name: | *Velocity Technology* | Primary Phone: *704-357-7705* | ext. |
| Address: | *1901 Roxborough RD.* | Other Phone: | ext. |
| | *Charlotte, NC 28211* | Fax: | ext. |
| | | Email: | |

| | | | |
|---|---|---|---|
| County: | *Mecklenburg* | NAIC | |
| Contact Name: | | Gov. Contract, Furnishes | *N* |
| Contact Title: | | Gov. Contract, Furnishes services: | *N* |
| Estimated # of locations: | | Gov. Contract, Performs construction: | *N* |
| Headquarters location: | | Gov. Contract, Other contract type: | *N* |
| Branch Name/Location 1: | | Gov. Contract, Unknown contract | *N* |
| Branch Name/location 2: | | Est. expiration date of gov. | |
| ER business status: | | Estimated EEs affected: | |
| Estimated $ADV: | | Special Coverage: | |
| Nature of Business: | | Franchise: *N* | |
| Interstate Commerce: | | Union Shop: *N* | |
| Number Of Employees: | | ER Exempt? *N* | |

### Person Submitting Information

| | | | |
|---|---|---|---|
| Name: | *Jones, Garrison* | Primary Phone: *916-870-4060* | ext. |
| Address: | *705 West Liberty Drive* | Other Phone: | ext. |
| | *Wheaton, IL, 60187* | Fax: | ext. |
| | | Email: | |
| | | If not complainant, EE Name: | |

| | | | |
|---|---|---|---|
| Is Customer complainant? | *Y* | | |
| Verbal permission to use name | *N* | Verbal notification of Private Right | |
| Written permission to use name | *N* | Action *N* | |
| Written permission to use name | *N* | Relationship: | |

| Alleged Act | Alleged Violation | From | To | Notes |
|---|---|---|---|---|
| *FMLA* | *Discrimination (e.g. disciplinary action)* | | | |

| | | |
|---|---|---|
| Date: 6/1/2021 2:08:38 PM | Customer ID: 3850645 | Page 1 |

## WHISARD Complaint Information Form

Most critical act:  *FMLA*

### Employment Information

Job title:
Description of duties:

Employed From:                    To:
Employee status:

Date of Birth:
Employee age at time of complaint:
Employee age at time of violation:

*VTS x 5*
*HER x 9*
*ShE x 8*

### Payroll Information

Pay rate:
Hours Worked:

Sun  Mon  Tue  Wed Thu  Fri   Sat

Avg. hrs per day:
Days worked per week:
Total hrs per week:
Pay period:
Time records kept:    *N*

### Complaint Notes

*CP Jones wishes to file complaint againt Velocity Technology.CP feels that the Company was busy against her for filing discrimination complaint regarding FMLA..*

*CP alleges that she did not received the notification in the required  five business days*
*CP alleges no  conversation was ever held with any Rep from Velocity.*

*No other documents(e-mail) were received to support provision that is offgered on FMLA.*

*CP Jones alleges that Human Resource Director Shauna Coleman never mailed anything to her home.*

*CP alleges never receiving any FMLA information in the required timeframe  that she did not receive any FmLA information in the required time frame.*

*CP feels that company is retaliating against her due to her filing a discriminaiton complaint against Velocity.*

*CP alleges that company is trying to cover there tracks concerning the documents that were lleges that based on the communicaitons withj Velocity Technology are covring tyheree tracks that they prov idced CP with the documents in regards to taking FMLA.*

*CP alleges that Human Resource Shauna Coleman alleges sent e-mail concerning issues of the injury date and year she was hire.*

*CP alleges that dates that VTS claims were in correct and are trying to cover themselm.*

*CP states in the letter that she never made any such statement.*

*CP wishes to file complaint against VTS alleging that company made false claims of her requesting FML.*

*CP wants it on recordsthat company might try to terminate her for false claim of non compliance with FMLA*

*CP stated that she attachment of email to support her complainbt. No attachement was included with this compla9int.*

*CP feels that VTS is retaliating against her for filing discriminaiton compklaint and feel they dropped the ball on providing the documents on FMLA.*

*Its CP words against VTS that they*

Date: 09/29/2020 3:47:49 PM                    Customer ID: 3850645                    Page 2

## WHISARD Complaint Information Form

CP alleges that the requested time she put in with VTS is incorrect to the time she was off on FML.
CP alleges tht she did not ask for certain off and know HR is trying to covers it tytrack.

Chicago DO received a withdrawal letter from attorney citing a settlement between CP and her ER.

JENNIFER
COLVIN

Contact Log:

*08/24/2018 1:43:46 PM*          *FILED-NO ACTION*

*07/19/2018 5:14:44 PM*          *INTAKE ONLY*

In other emails sent, I am demonstrating the web of lies being told in regards to the reference to May 20, 2018 and alleged dr. appoint that VTS claim that I had and the reason why they extended the date from May 15, 2018 to May 20, 2018.

I want to state again,

1.   I never made such a statement or request for any extension VTS mentioned this in a previous email

2.   message (also included) back in February 2018; I was still in Outpatient rehab at the time.

3.   Message was sent proactively by VTS without my knowledge.

4.   Email to VTS dated May 17, 2018 in response to Shauna Coleman's' email where I told them that this was a weak attempt at trying to manufacture a reason to use FMLA as a disciplinary tool and create an audit trail, as May 20, 2018 was a Sunday and that I would have never made such an appointment nor would any dr scheduled me for an appointment on a Sunday 5 months ago.

5.   Also included is an email to Shauna Coleman, Human Resource director, that I informed her that both me and the EEOC investigator were awaiting on proof of my request, i.e. email or phone records to support her message in regards to the May 20, 2018 date as of today, May 23, 2018 no response has been received and none will be as there is no such proof that they can submit. It never happened, as I never did what they are claiming.

Please be so kind and send any further communication to the mail address on file along with report/case number assigned to this complaint

Thanking you in advance for your attention to this matter

Rating

Sincerely

*Garrison Jones*

Garrison Jones

Enclosures

Nine email messages

Contact Phone 916-820-4960

Email g arrison.jones@outlook.com .

S 3

May 22, 2018

Mr. Garrison Jones
705 West Liberty Drive
Wheaton, Illinois 60187

U.S. Department of Labor
Wage and Hour Division
219 S Dearborn
Chicago, Illinois 60607

Re: Formal FMLA Complaint against Velocity Technology solutions

Dear Sir

Thank you for your direction in handling this complaint. I understand that I do not need to file a formal compliant and can proceed directly to addressing this issue in federal court, however I want to have this on record with your agency as my initial starting point

Separately will be bullet points of my complaint against Velocity. My biggest concern is I sense they are going to try to use FMLA to terminate me for the second time with false claims of non-compliance with FMLA.

I have included as attachments with this letter several emails to support my complaint. One email in particular shows the two dates we discussed related to acknowledgement of the medical condition and my email to Velocity in Jan 2018 showing that they were too busy retaliating against me for filing the discrimination complaint that they dropped the ball on FMLA . Again, I never had a conversation with anyone from VTS or an email that remotely explained the provisions of FMLA. In addition despite what she claims in the email, Shauna Coleman, Human Resource Director, never mailed anything to my home regarding FMLA.

As the same in my email, this letter and my upcoming lawsuit against Velocity, from the time of my illness to the time they provided me with any FMLA information (Incorrect on all counts) 66 (sixty – Six) days had elapsed. Per the notifications and requirements, this was supposed to occur in five business days and it did not.

There were no extenuating circumstances on why they did not do it except as I stated in my email they were busy fiercely retaliating against me.

In addition to the emails is the actual Notice of eligibility form filled out by Shauna Coleman, Human Resource director that clearly shows 2 dates

1. February 20, 2018 ( my one year anniversary of my hire)
2. The original date of my injury November 18, 2017) please note the actual date was Nov. 17, 2017 I was admitted to hospital on Nov. 18, 2018.

In this document, she again states that I "requested FMLA" and per the 3rd email sent to you "I clearly say, "I did not "

In other emails sent, I am demonstrating the web of lies being told in regards to the reference to May 20, 2018 and alleged dr. appoint that VTS claim that I had and the reason why they extended the date from May 15, 2018 to May 20, 2018.

I want to state again,

1.  I never made such a statement or request for any extension VTS mentioned this in a previous email

2.  message (also included) back in February 2018; I was still in Outpatient rehab at the time.

3.  Message was sent proactively by VTS without my knowledge.

4.  Email to VTS dated May 17, 2018 in response to Shauna Coleman's' email where I told them that this was a weak attempt at trying to manufacture a reason to use FMLA as a disciplinary tool and create an audit trail, as May 20, 2018 was a Sunday and that I would have never made such an appointment nor would any dr scheduled me for an appointment on a Sunday 5 months ago.

5.  Also included is an email to Shauna Coleman, Human Resource director, that I informed her that both me and the EEOC investigator were awaiting on proof of my request, i.e. email or phone records to support her message in regards to the May 20, 2018 date as of today, May 23, 2018 no response has been received and none will be as there is no such proof that they can submit. It never happened, as I never did what they are claiming.

Please be so kind and send any further communication to the mail address on file along with report/case number assigned to this complaint

Thanking you in advance for your attention to this matter

Rating

Sincerely

*Garrison Jones*
Garrison Jones

Enclosures

Nine email messages

Contact Phone 916-820-4960
Email garrison.jones@outlook.com

# USPS Tracking®

FAQs ›

## Track Another Package  +

**Tracking Number:** E̶█████████

Remove ✕

**Scheduled Delivery by**

## TUESDAY

# 28
SEPTEMBER
2021 ⓘ

by
**6:00pm** ⓘ

Feedback

## ✅ Delivered, Left with Individual

September 28, 2021 at 11:59 am
95800

**Get Updates** ⌄

---

**Text & Email Updates** ⌄

---

**Proof of Delivery** ⌄

---

**Tracking History** ⌄

---

**Product Information** ⌄

---

**See Less** ⌃

Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com



**FILED**

SEP 2 8 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

## U.S. DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

**GARRISON JONES**

     **Plaintiff,**

**v.**

**VELOCITY TECHNOLOGY SOLUTIONS /Navisite LLC et al**

     **Defendants.**

Case No
E 21  CV 1 7 7 2  JAM JDP PS

**JURY TRIAL DEMANDED**

Action filed:

Date set for trial: NONE

## Introduction

### I.  NATURE OF THE ACTION

This complaint is for the theft of personal identifying information of the plaintiff Garrison Jones that was used with the intent to impersonate the plaintiff Garrison Jones in contacting local, state and Federal agencies with the specific intent to make false statements, complaints as well as falsification of official records in these agencies on behalf of Velocity Technology Solutions that resulted in the falsification of official records and complaints with state and federal agencies, specifically the federal agency the USDOL to implicate the plaintiff Garrison Jones in addition to submitting known forged documents to also make them appear to be

- 1 -

## FRAUD / FORGREY COMPARISION

3.  Message was sent proactively by VTS without my knowledge.

## Colvin Version (VTS) is abbreviated (Shauna Coleman)

4.  Email to Velocity Technology Solutions dated May 17, 2018 in response to Shauna Coleman's' email where I told them that this was a weak attempt at trying to manufacture a reason to use FMLA as a disciplinary tool and create an audit trail, as May 20, 2018 was a Sunday and that I would have never made such an appointment nor would any dr scheduled me for an appointment on a Sunday 5 months ago.

## Decristoforo Version Velocity Technology Solutions spelled out

4.  Email to VTS dated May 17, 2018 in response to Shauna Coleman's' email where I told them that this was a weak attempt at trying to manufacture a reason to use FMLA as a disciplinary tool and create an audit trail, as May 20, 2018 was a Sunday and that I would have never made such an appointment nor would any dr scheduled me for an appointment on a Sunday 5 months ago.

## Colvin Version ( VTS) abbreviated)

Sincerely

Garrison Jones

## Decristoforo Version
## No Signature

2

Sincerely

Garrison Jones

**Colvin Version**
**Signature traced from another document**

BLANK

**FRAUD / FORGREY COMPARISION**

Enclosures

Nine email messages

Coated Phone  916-870-4960

Email-g orrison.jones@outlook.com .

**Decristoforo Version no signature.  (sloppy forgery**
**Colvin Version phone number from Velocity employee file and signature traced and it says**
**"enclosures nine email messages**


**Company address**

1901 Roxborough Rd
Floor 4
Charlotte, North Carolina 28211

- CEO Keith Angell   Coleman   keith.angell@velocitycloud.com

- Director of HR, Shauna Coleman   shauna.coleman@velocitycloud.com
o  704.357.7721 | m  845.282.6955 | f  703.935.1269


**Decristoforo Version  added more forgery info to make it look authentic**

4

# FRAUD / FORGREY COMPARISION

**Colvin Version**
Blank  none of Decristoforo version

# FRAUD / FORGREY COMPARISION

Sincerely

Garrison Jones

**Colvin Version**
**Signature traced from another document**

BLANK

## TOTAL DUE

# $202.15

Your bill is due by Sep 09, 2018.

Never worry about forgetting to pay, and save money too. With the AutoPay Discount, you save $5/line (up to $40) every month. Sign up for AutoPay at t-mo.co/autopay.

Thanks for paying your last bill of $328.72.

# Hi Jones,

### Here is your statement for August.

Enjoying your new Galaxy Note8 - Midnight Black - 64GB? Thanks for adding an Equipment Installment Plan with your NM32 2018 Q3 Samsung Galaxy with Add a Line. Details below.

---

## BALANCE FORWARD

# -$106.64

**This is what happened since your last bill:**

- Your last bill was $222.08
- You made payments totaling $328.72

---

## PLANS

# $226.23

3 VOICE LINES = $226.23

**This month's charges are $156.23 more**

- You have deactivated T-Mobile ONE Unlimited 55
- You have added T-Mobile ONE
- (916) 270-7650 has added a Voice line to their plan
- Enjoy your T-Mobile ONE Plan

**Your plan includes:**

- Unlimited entertainment streaming at DVD-quality, 480p.
- Mobile hotspot data to keep you connected at up to 3G speeds.

Details @ t-mo.co/Plans

---

## EQUIPMENT

# $8.62



1 HANDSET = $8.62

**This month's charges are $8.62 more**

- (916) 270-7650 added a Galaxy Note8 - Midnight Black - 64GB that will be fully paid off after 24 monthly payments
- (916) 270-7650 received NM32 2018 Q3 Samsung Galaxy with Add a Line of $13.38

**The T-Mobile® app lets you easily:**

- Pay your bill anytime/anywhere
- Upgrade your phone
- Get 24/7 support

Download the app @ t-mo.co/App

_DEACTIVATED_

---

## SERVICES

# $24.33

1 T-MOBILE ONE PLUS = $14.33  |  1 T-MOBILE SERVICE = $0.00  |  1 OTHER SERVICE = $10.00

**This month's charges are $14.33 more**

- You had multiple feature changes. See details on page 3

_CHANGES_

**Simple Global update:**

- We've added additional countries and destinations!
- Notice: We're updating our Simple Global international calling rate to $0.25/min.

Details/eligibility @ t-mo.co/SGCall

---

## ONE-TIME CHARGES

# $49.61

4 OTHER ONE-TIME CHARGES = $49.61

- 2 lines had Restore From Suspend of $44.56. See below for details.

August 16, 2018

U.S. Department of Labor
Wage and Hour Division
219 S Dearborn
Wheaton, Illinois 60187        *Wheaton, Illinois*

Re:    DOL Complaint

To Whom It May Concern:

Please accept this letter as my request to withdraw my DOL Complaint, dated May 22, 2018, which I have attached to this letter. The Parties have entered into a settlement agreement that fully resolves the concerns and allegations raised in my Complaint. Your prompt and responsible attention to processing this permanent withdrawal is greatly appreciated.

Sincerely,

Garrison Jones

34314971.1

Document Properties                                                                                X

Description  Security  Fonts   Custom  Advanced

Description

        File:  Garrison Jones Charge Withdrawal Letter (DOL) (003).pdf

       Title:

     Author:  Christopher Heller

    Subject:

   Keywords:

     Created:  8/15/2018 5:36:03 AM

    Modified:  8/15/2018 5:36:03 AM

  Application:  Microsoft® Word 2016

Advanced

  PDF Producer:  Microsoft® Word 2016

   PDF Version:  1.7 (Acrobat 8.x)

       Location:  C:\SETTLEMENT RELEASE DOCUMENTS\

      File Size:  9.26 KB (9,482 Bytes)

     Page Size:  8.50 x 11.00 in            Number of Pages:  1

   Tagged PDF:  Yes                        Fast Web View:  No

WRITTEN By VELOCITY GENERAl
COUNSEL Chris Heller
        Not Plaintiff

*Fabricated FMLA Complaint*

*Appeared same day*
*8/24/18*
*3 months after it was*
*Supposebly sent to DOL*

May 22, 2018

Mr. Garrison Jones
705 West Liberty Drive
Wheaton, Illinois 60187

*Fabricate withdrawl*
*letter Says Wheaton*
*Illinois*

U.S. Department of Labor
Wage and Hour Division
219 S Dearborn
Chicago, Illinois 60607

Re: Formal FMLA Complaint against Velocity Technology solutions

Dear Sir

Thank you for your direction in handling this complaint. I understand that I do not need to file a formal compliant and can proceed directly to addressing this issue in federal court, however I want to have this on record with your agency as my initial starting point

Separately will be bullet points of my complaint against Velocity. My biggest concern is I sense they are going to try to use FMLA to terminate me for the second time with false claims of non-compliance with FMLA.

I have included as attachments with this letter several emails to support my complaint. One email in particular shows the two dates we discussed related to acknowledgement of the medical condition and my email to Velocity in Jan 2018 showing that they were too busy retaliating against me for filing the discrimination complaint that they dropped the ball on FMLA . Again, I never had a conversation with anyone from VTS or an email that remotely explained the provisions of FMLA. In addition despite what she claims in the email, Shauna Coleman, Human Resource Director, never mailed anything to my home regarding FMLA.

As the same in my email, this letter and my upcoming lawsuit against Velocity, from the time of my illness to the time they provided me with any FMLA Information (Incorrect on all counts) 66 (sixty – Six) days had elapsed. Per the notifications and requirements, this was supposed to occur in five business days and it did not.

There were no extenuating circumstances on why they did not do it except as I stated in my email they were busy fiercely retaliating against me.

In addition to the emails is the actual Notice of eligibility form filled out by Shauna Coleman, Human Resource director that clearly shows 2 dates

1. February 20, 2018 ( my one year anniversary of my hire)
2. The original date of my injury November 18, 2017) please note the actual date was Nov. 17, 2017 I was admitted to hospital on Nov. 18, 2018.

In this document, she again states that I "requested FMLA" and per the 3rd email sent to you "I clearly say, "I did not "

In other emails sent, I am demonstrating the web of lies being told in regards to the reference to May 20, 2018 and alleged dr. appoint that VTS claim that I had and the reason why they extended the date from May 15, 2018 to May 20, 2018.

I want to state again,

1. I never made such a statement or request for any extension VTS mentioned this in a previous email

2. message (also included) back in February 2018; I was still in Outpatient rehab at the time.

3. Message was sent proactively by VTS without my knowledge.

4. Email to VTS dated May 17, 2018 in response to Shauna Coleman's' email where I told them that this was a weak attempt at trying to manufacture a reason to use FMLA as a disciplinary tool and create an audit trail, as May 20, 2018 was a Sunday and that I would have never made such an appointment nor would any dr scheduled me for an appointment on a Sunday 5 months ago.

5. Also included is an email to Shauna Coleman, Human Resource director, that I informed her that both me and the EEOC investigator were awaiting on proof of my request, i.e. email or phone records to support her message in regards to the May 20, 2018 date as of today, May 23, 2018 no response has been received and none will be as there is no such proof that they can submit. It never happened, as I never did what they are claiming.

Please be so kind and send any further communication to the mail address on file along with report/case number assigned to this complaint

Thanking you in advance for your attention to this matter

Rating

Sincerely

*Garrison Jones*

Garrison Jones

Enclosures

Nine email messages

contact Phone 916-820-4960

Email Eg arrison.jones@outlook.com .

*PRIME 10*

# Flight to CALIFORNIA

## Ready for takeoff!



Thanks for choosing Southwest® for your trip. You'll find everything you need to know about your reservation below. Happy travels!

---

✈ **Air itinerary**

### AIR CONFIRMATION: ULBIBP

Confirmation Date: 05/15/2018

| Passenger(s) | Rapid Rewards # | Ticket # | Expiration | Est. Points Earned |
|---|---|---|---|---|
| JONES/GARRISON | Join or Add # | 5261449838539 | May 25, 2019 | 4136 |

Rapid Rewards points earned are only estimates. Not a member - visit Southwest.com/rapidrewards and sign up today!

| Date | Flight | Departure/Arrival |
|---|---|---|
| Sun May 19 | 312 | Depart **CHICAGO (MIDWAY), IL** (MDW) on Southwest Airlines at **07:40 PM**<br>Arrive in **ONTARIO/LA, CA** (ONT) at **09:55 PM**<br>Travel Time 4 hrs 15 mins<br>Wanna Get Away |

| Date | Flight | Departure/Arrival |
|---|---|---|
| Thu May 24 | 5422 | Depart **ONTARIO/LA, CA** (ONT) on Southwest Airlines at **05:15 PM**<br>Arrive in PHOENIX, AZ (PHX) at 06:25 PM<br>Wanna Get Away |
| | 492 | Change planes to Southwest Airlines in PHOENIX, AZ (PHX) at 08:35 PM<br>Arrive in **CHICAGO (MIDWAY), IL** (MDW) at **01:55 AM**, Next Day<br>Travel Time 6 hrs 40 mins<br>Wanna Get Away |



**EarlyBird Check-In**

Let us take care of check-in for you.

**Get it now**

Earn up to 10,000 Rapid Rewards® points per night.

Select your room ›

---

✓ **Check in for your flight(s):** 24 hours before your trip on Southwest.com or your mobile device to secure your boarding position. You'll be assigned a boarding position based on your check-in time. The earlier you check in within 24 hours of your flight, the earlier you get to board.

🧳 **Bags fly free®:** First and second checked bags. Weight and size limits apply. One small bag and one personal item are permitted as carryon items, free of charge.

🕐 **30 minutes before departure:** We encourage you to arrive in the gate area no later than 30 minutes prior to your flight's scheduled departure as we may begin boarding as early as 30 minutes before your flight.

🕐 **10 minutes before departure:** You must obtain your boarding pass(es) and be in the gate area for boarding at least 10 minutes prior to your flight's scheduled departure time. If not, Southwest may cancel your reserved space and you will not be eligible for denied boarding compensation.

**If you do not plan to travel on your flight:** In accordance with Southwest's No Show Policy, you must notify Southwest at least 10 minutes prior to your flight's scheduled departure if you do not plan to travel on your flight. Customers who fail to cancel reservations for a Wanna Get Away fare segment at least ten (10) minutes prior to travel and who do not board the flight will be considered a no show, and all remaining unused Wanna Get Away funds will be forfeited. All remaining unused Business Select and Anytime funds will be converted to reusable travel funds. If you no show your reward travel reservation, the points will be redeposited to the purchaser's Rapid Rewards account. Any taxes and fees associated with your reward travel reservation will be held for future use in the form of reusable travel funds under the name of the traveler(s).

Need to make a change? Keep your confirmation number on record. It will be used to retrieve your reservation and apply funds to future travel.

**Air Cost:** 777.78

Fare Rule(s): 5261449838539: NONREFUNDABLE/NONTRANSFERABLE STANDBY REQ UPGRADE TO Y -BG WN
Valid only on Southwest Airlines. All travel involving funds from this Confirmation Number must be completed by the expiration date. Unused travel funds may only be applied toward the purchase of future travel for the individual named on the ticket. Any changes to this itinerary may result in a fare increase. Failure to cancel reservations for a Wanna Get Away fare segment at least 10 minutes prior to travel will result in the forfeiture of all remaining unused funds.

CHI WN ONT344.91WN X/PHX WN CHI344.19USD689.10END ZP MDW4.10ONT4.10PHX4.10 XF MDW4.5ONT4.5PHX4.5

LLN3PNR
BLA3PNRO
BLA3PNRO

 Learn about our boarding process

 Learn about inflight WiFi & entertainment

## Cost and Payment Summary

AIR - **ULBIBP**

| | | Payment Information |
|---|---|---|
| Base Fare | $689.10 | Payment Type: Visa XXXXXXXXXXXX0580 |
| U.S. Transportation Tax | $ 51.68 | Date: May 15, 2018 |
| U.S. 9/11 Security Fee | $ 11.20 | Payment Amount: $777.78 |
| U.S. Flight Segment Tax | $ 12.30 | |
| U.S. Passenger Facility Chg | $ 13.50 | |
| **Total Air Cost** | **$777.78** | |



**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | Southwest Airlines <SouthwestAirlines@luv.southwest.com> |
| **Sent:** | Wednesday, July 11, 2018 11:54 AM |
| **To:** | Yvonne Silva (PHS) |
| **Subject:** | Flight reservation (LNRDV6) \| 22JUL18 \| IND-ONT \| Jones/Garrison |

**WARNING:** This email originated outside the Prime Healthcare email system! **Do Not Click** links if this user is unknown.

Thanks for choosing Southwest® for your trip.

**Southwest** 🧡                                      👤 **Log in** \| **View my itinerary**

| Check In Online | Check Flight Status | Change Flight | Special Offers | Hotel Offers | Car Offers |
|---|---|---|---|---|---|

## Ready for takeoff!



Thanks for choosing Southwest® for your trip. You'll find everything you need to know about your reservation below. Happy travels!

✈ **Air itinerary**

### AIR Confirmation: LNRDV6                     Confirmation Date: 07/11/2018

| Passenger(s) | Rapid Rewards # | Ticket # | Expiration | Est. Points Earned |
|---|---|---|---|---|
| JONES/GARRISON | Join or Add # | 5261466213663 | Jul 11, 2019 | 10340 |

Rapid Rewards points earned are only estimates. Not a member - visit **Southwest.com/rapidrewards** and sign up today!

| Date | Flight | Departure/Arrival |
|---|---|---|
| Sun Jul 22 | 1563 | Depart **INDIANAPOLIS, IN** (IND) on Southwest Airlines at **07:45 PM** Arrive in PHOENIX, AZ (PHX) at 08:25 PM Anytime |
| | 4702 | Change planes to Southwest Airlines in PHOENIX, AZ (PHX) at 09:45 PM Arrive in **ONTARIO/LA, CA** (ONT) at **10:50 PM** Travel Time 6 hrs 5 mins Anytime |

| Date | Flight | Departure/Arrival |
|---|---|---|
| Sat Jul 28 | 5890 | Depart **ONTARIO/LA, CA** (ONT) on Southwest Airlines at **09:15 AM** Arrive in PHOENIX, AZ (PHX) at 10:20 AM Anytime |
| | 4332 | Change planes to Southwest Airlines in PHOENIX, AZ (PHX) at 11:20 AM Arrive in **INDIANAPOLIS, IN** (IND) at **05:45 PM** Travel Time 5 hrs 30 mins |



**EarlyBird Check-In**

Let us take care of check-in for you.

**Get it now**



**Earn up to 10,000** Rapid Rewards® points per night.

**Select your room >**

1

**Cost and Payment Summary**

✈ **AIR** - **LNRDV6**

| | | |
|---|---|---|
| Base Fare | $1034.00 | **Payment Information** |
| U.S. Transportation Tax | $ 77.56 | Payment Type: Visa XXXXXXXXXXXX0020 |
| U.S. 9/11 Security Fee | $ 11.20 | Date: Jul 11, 2018 |
| U.S. Flight Segment Tax | $ 16.40 | Payment Amount: $1157.16 |
| U.S. Passenger Facility Chg | $ 18.00 | |
| **Total Air Cost** | **$1157.16** | |

| Useful Tools | Know Before You Go | Special Travel Needs |
|---|---|---|
| Check In Online | In the Airport | Traveling with Children |
| Early Bird Check-In | Baggage Policies | Traveling with Pets |
| View/Share Itinerary | Suggested Airport Arrival Times | Unaccompanied Minors |
| Change Air Reservation | Security Procedures | Baby on Board |
| Cancel Air Reservation | Customers of Size | Customers with Disabilities |
| Check Flight Status | In the Air | |
| Flight Status Notification | Purchasing and Refunds | |
| Book a Car | | |
| Book a Hotel | | |

**Legal Policies & Helpful Information**

| | | |
|---|---|---|
| Privacy Policy | Customer Service Commitment | Contact Us |
| Notice of Incorporated Terms | FAQs | |

Book Air | Book Hotel | Book Car | Book Vacation Packages | See Special Offers | Manage My Account

This is a post-only mailing from Southwest Airlines. Please do not attempt to respond to this message. Your privacy is important to us, Please read our Privacy Policy.

[1] All travel involving funds from this Confirmation Number must be completed by the expiration date.
[2] Security Fee is the government-imposed September 11th Security Fee.

Prohibition on Multiple/Conflicting Reservations. To promote seat availability for our Customers, Southwest prohibits multiple reservations for the same Passenger departing from the same city on the same date, or any multiple reservations containing conflicting or overlapping itineraries (such as departures for the same Customer from multiple cities at the same time). Furthermore, without advance notice to the Passenger or purchaser, Southwest may cancel such reservations, or any other reservations that it believes, in its sole discretion, were made without intent to travel. With the exception of Southwest gift cards, funds from proactively cancelled reservations by Southwest will be returned to the original form of payment. Reservations paid for with a Southwest gift card will have the amount applied from the gift card held as travel funds for use by the Customer on a future Southwest Airlines flight.

See Southwest Airlines Co. Notice of Incorporation
See Southwest Airlines Limit of Liability

Southwest Airlines
P.O. Box 36647-1CR

**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | reservations@nationalcar.com |
| **Sent:** | Wednesday, July 11, 2018 2:50 PM |
| **To:** | Yvonne Silva (PHS) |
| **Subject:** | National Reservation Confirmation 1601488645 for La Ontario Intl Airport (ONT) |



**WARNING:** This email originated outside the Prime Healthcare email system! **Do Not Click** links if this user is unknown.

Confirmation #

# 1601488645

# Thank you for choosing National.

Your confirmation number is: **1601488645**.

Upon arrival, please proceed to the National Car Rental counter.

**Directions to our location:**
- The Rental Car Center shuttle is located outside baggage claim at the center aisle.
- Please proceed to the counter to obtain your rental agreement.

## Your Information

| | |
|---|---|
| **Driver Name** | GARRISON JONES |
| **Email** | ysilva@primehealthcare.com |
| **Contract** | PRIME HEALTHCARE SERVICES, INC. |
| **Flight Information** | |

## Your Vehicle

**Midsize** Hyundai Elantra
or similar



## Trip Details

**Pickup**

1