1 | ANTHONY J. DECRISTOFORO SBN 166171
anthony.decristoforo@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA  95814
Telephone:     916-840-3150
Facsimile:      916-840-3159

Attorneys for Defendants VELOCITY TECHNOLOGY SOLUTIONS, INC. and NAVASITE LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARRISON JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>VELOCITY TECHNOLOGY SOLUTIONS;<br>NAVASITE LLCE, et al.,<br><br>    Defendants. | Case No. 2:21-cv-01772-JAM-JDP<br><br>**DEFENDANTS VELOCITY TECHNOLOGY SOLUTIONS, INC. AND NAVASITE LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6) AND 41(B)**<br><br>Date:            Vacated [DKT 10]<br>Time:           10:00 a.m.<br>Place:           Courtroom 9, 13th Floor<br><br>Complaint Filed: September 28, 2021<br>Trial Date:          None Set<br>Magistrate Judge: Hon. Jeremy D. Peterson<br>District Judge:     Hon. John A. Mendez |

## I. INTRODUCTION

Defendants Velocity Technology Solutions' and Navasite LLC's (hereinafter collectively referred to as "Velocity") Motion to Dismiss should be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and 41(b). As explained in Velocity's moving papers, dismissal of this action is appropriate for two reasons. First, all of Plaintiff's claims are premised on alleged violations of state and federal criminal laws that do not provide for a private right of action. As such, none of Plaintiff's claims states a claim upon which relief may be granted. Plaintiff's Opposition does not provide any valid legal authority to the contrary. Pursuant to FRCP 12(b)(6), all of the claims must be dismissed with prejudice.

Second, allowing this lawsuit to proceed would enable Plaintiff to circumvent Judge Mueller's September 28, 2021, Order in Plaintiff's other pending lawsuit against Velocity (*Garrison Jones v. Velocity Technology Solutions, et al.,* Case No. 2:19-cv-02374-KJM-JDP, hereinafter "Jones II"). [Jones II DKT 98.] Federal Rule of Civil Procedure 41(b) provides that this Court may dismiss any action for a party's failure to comply with the Federal Rules of Civil Procedure or local rules of court, or any court order. Judge Mueller's Order would be circumvented if Plaintiff were allowed to file a new lawsuit asserting claims based on recycled allegations from Jones II.

## II. LEGAL ARGUMENT

### A. Plaintiff's Complaint Must be Dismissed Because it Fails to State Claims Upon Which Relief can be Granted.

As outlined in detail in Velocity's Motion to Dismiss, all of Plaintiff's claims fail to state a claim upon which relief can be granted because they are all premised on alleged violation of state and federal law that provide no private right of action. In his Opposition, Plaintiff does not address any of his claims, and he does not provide any valid argument or legal authority in support of his position that his claims do provide a private right of action. Instead, Plaintiff's Opposition consists of incoherent, disorganized, inflammatory, and confusing allegations that Velocity somehow impersonated Plaintiff to the U.S. Department of Labor. It is undisputed that the law does not provide a private right of action for the claims asserted in the Complaint. As such, Plaintiff's claims must be dismissed without leave to amend.

**B.    This Action Should be Dismissed Pursuant Federal Rule of Civil Procedure 41(b).**

    **1.    Allowing Plaintiff's Lawsuit to Proceed Would Effectively Permit Plaintiff to Circumvent Judge Mueller's September 28, 2021 Order in Jones II.**

Plaintiff failed to counter Velocity's argument that allowing this lawsuit to proceed would be an end run around Judge Mueller's September 28, 2021 Order in Jones II [Jones II DKT 98]. In this lawsuit, Plaintiff makes bizarre and scattershot allegations that somehow Velocity impersonated him by filing a "false FMLA complaint" with the U.S. Department of Labor [DKT 1], allegations which Plaintiff had previously raised in pleadings in Jones II.  As detailed in Velocity's Motion to Dismiss in this matter, if Plaintiff were to amend his Complaint in Jones II to include these allegations, his claims would likely be subject to dismissal, as Judge Mueller cautioned in her September 28, 2021 Order limiting the scope of permissible claims in that case. [Jones II DKT 98.] Thereafter, in direct violation of Judge Mueller's Order [Jones II DKT 98] in Jones II, Plaintiff filed a Second Amended Complaint [Jones II DKT 105], and then, a "Revised" Second Amended Complaint [Jones II DKT 108], both of which reassert the same bizarre "false FMLA complaint" allegations asserted in this instant lawsuit. [Jones IIDKT 105 at 28, 34, 37; DKT 108 at 55.] Velocity filed a Motion to Dismiss Plaintiff's Second Amended Complaint and/or "Revised" Second Amended Complaint in Jones II [Jones II DKT 109], arguing, *inter alia*, that the operative Second Amended Complaint should be dismissed because it contains allegations and/or claims, including the "false FMLA complaint" allegations at issue in this case, which Judge Mueller precluded Plaintiff from asserting [Jones II DKT 98].

Allowing this lawsuit to proceed with the same "false FMLA complaint" claims would circumvent the Court's Order in Jones II. Accordingly, Plaintiff's Complaint should be dismissed under Rule 41(b).

    **2.    Plaintiff Has Violated Federal Rule of Civil Procedure 8.**

Plaintiff's Opposition does not counter Velocity's argument that he failed to comply with the pleading standards set forth in Federal Rule of Civil Procedure 8, both in Jones II and this lawsuit. As described in detail in Velocity's Motion to Dismiss, Plaintiff's pleadings, including the Complaint

in this case, consistently fail to comply with Rule 8. *Hearns v. San Bernadino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008); *Nasiou v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007). Rule 8(a) provides: "A pleading which sets forth a claim for relief…shall contain… (2) a short and plain statement of the claim showing that the pleader is entitled to relief…" Rule 8(e) similarly provides: "(1) Each averment of a pleading shall be simple, concise, and direct." *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (upholding dismissal with prejudice where complaint was "verbose, confusing, and almost entirely conclusory.") Plaintiff's Opposition, which itself fails to convey information in a simple, concise and direct manner, does not counter Velocity's argument that the Complaint fails to meet Rule 8's pleading requirements.

### 3. The Factors for Dismissing This Case Under Rule 41(b) Weigh in Favor of Dismissal.

Plaintiff failed to counter Velocity's argument that his case should be dismissed under Rule 41(b). In deciding whether to dismiss this case under Rule 41(b), the court must weigh the following five factors: "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-1261 (9th Cir. 1992). As explained in Velocity's Motion to Dismiss, all five factors weigh in favor of dismissal. Plaintiff's Opposition does not provide any valid argument or legal authority to counter the fact that his case should be dismissed under Rule 41(b). Accordingly, Plaintiff's Complaint must be dismissed.

## III. CONCLUSION

For the reasons asserted above, this Court should dismiss this action in its entirety.

DATED: November 24, 2021            OGLETREE, DEAKINS, NASH,
                                    SMOAK & STEWART, P.C.

                                    By: */s/ Anthony J. DeCristoforo*
                                        Anthony J. DeCristoforo

                                    Attorneys for Defendant VELOCITY
                                    TECHNOLOGY SOLUTIONS, INC.