1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GARRISON JONES,                        Case No.  2:21-cv-01772-TLN-JDP (PS)

12              Plaintiff,                   FINDINGS AND RECOMMENDATIONS
                                            THAT DEFENDANTS' MOTION TO
13        v.                                 DISMISS BE GRANTED

14   VELOCITY TECHNOLOGY                     ECF No. 6
     SOLUTIONS, *et al.*,
15                                           OBJECTIONS DUE WITHIN FOURTEEN
                Defendants.                  DAYS
16

17

18        Plaintiff brings this action against defendants Velocity Technology Solutions, Inc. and

19   Navisite LLC, purporting to assert claims under criminal provisions of both Title 18 of the U.S.

20   Code and California's Penal Code.  Defendants move to dismiss the complaint under Rules

21   12(b)(6) and 41(b).  I recommend that defendants' motion be granted.

22                                    **Legal Standard**

23        "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable

24   legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v.*

25   *Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  Rule 8 of the Federal Rules of Civil Procedure

26   requires a complaint to contain "a short and plain statement of the claim showing that the pleader

27   is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must

28   contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

                                            1

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 679.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683.  Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

Where a plaintiff appears without counsel in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

When a complaint or claim is dismissed, "[l]eave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other

2

facts." *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).  Leave to amend is not required where permitting further amendment to the pleadings would be futile.  *See Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1049-1050 (9th Cir. 2006).

## Discussion

The instant action is the second that plaintiff has filed in this district against defendant Velocity Technology Solutions, Inc. ("Velocity"), plaintiff's former employer.  *See Jones v. Velocity Tech. Solutions, Inc.*, No. 2:19-cv-02374-KJM-JDP (E.D. Cal.) ("*Jones I*").  Consistent with his filings in *Jones I*, the complaint in the instant case is unnecessarily long—spanning twenty-eight pages plus an additional twenty-seven pages of exhibits—and consists of vague and conclusory allegations that are difficult to understand.  *See generally* ECF No. 1.  Liberally construing the complaint, the crux of the allegations is that defendants stole plaintiff's personal information, which they used to impersonate him by filing false and fraudulent complaints with the U.S. Department of Labor.  He alleges that defendants' conduct violated 18 U.S.C. §§ 371, 1001, 1028, and 1028A, and California Penal Code section 530.

As a threshold matter, plaintiff's complaint fails to comply with Rule 8(a), which requires "a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 554-55 (internal quotations omitted).  Despite its length, plaintiff's complaint contains virtually no specific factual allegations, and instead is made up almost entirely of vague and conclusory allegations that fail to provide notice of the grounds on which each claim rests.

More fundamentally, none of the federal criminal provisions cited in plaintiff's complaint provide a private right of action.  *See, e.g.*, *Iegorova v. Clinton*, No. 2:19-cv-0037-MCE-EFB-PS, 2019 WL 5091152, *2 (E.D. Cal. July 17, 2019) ("18 U.S.C. § 371 is a criminal statute that does not provide a private right of action."); *Willems v. Apartment Inv. And Mgmt. Co. AIMCO*, 72 F. App'x 700 (2003) ("18 U.S.C. § 1001 does not provide a private right of action."); *Szanto v. Persolve, LLC*, No. SACV 15-0241 AG (DFMx), 2015 WL 8297001, *3 (C.D. Cal. Dec. 2, 2015) ("Courts have repeated held that there is no private right of action under [18 U.S.C. §] 1028.");

1   *Johnson v. Cap. One Bank (USA) N.A.*, 2022 WL 1091226, *1 (D.D.C. Apr. 12, 2022) (finding

2   that 18 U.S.C. § 1028A does not create a private right of action); *Ellis v. City of San Diego*, 176

3   F.3d 1183, 1189 (9th Cir. 1999) (finding that the court properly dismissed claims under various

4   provisions of California's Penal Code because the "code sections do not create enforceable

5   individual rights").  Accordingly, plaintiff's complaint should be dismissed for failure to state a

6   claim.

7          I recommend that the dismissal be without leave to amend.  The allegations in the instant

8   case are substantially similar to the vague and conclusory arguments that plaintiff raised in *Jones*

9   *I*.  The undersigned notes the possibility that this action was filed as a means of harassing

10  defendants, rather than in good faith.  *See Jones I,* No. 2:19-cv-02374-KJM-JDP (E.D. Cal.), ECF

11  No. 88 (alleging that Velocity has filed several false and fraudulent claims with U.S Department

12  of Labor); *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472

13  (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith,

14  prejudice, and futility.").  Furthermore, because plaintiff only seeks to hold defendants liable for

15  violations of criminal statutes—none of which provide a private right of action—allowing leave

16  to provide more detailed factual allegations would not cure the complaint's deficiencies.

17         Accordingly, it is hereby RECOMMENDED that:

18         1.  Defendants' motion to dismiss, ECF No. 6, be granted.

19         2.  Plaintiff's complaint, ECF No. 1, be dismissed without leave to amend.

20         3.  The Clerk of Court be directed to close this case.

21         I submit these findings and recommendations to the U.S. district judge presiding over the

22  case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of

23  the findings and recommendations, the parties may file written objections to the findings and

24  recommendations with the court and serve a copy on all parties.  The document containing the

25  objections must be captioned "Objections to Magistrate Judge's Findings and

26  Recommendations."  The presiding district judge will then review the findings and

27  recommendations under 28 U.S.C. § 636(b)(1)(C).

28

IT IS SO ORDERED.

Dated:   September 12, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE